1   CREGGER & CHALFANT LLP
    ROBERT L. CHALFANT, SBN 203051
2   rlc@creggerlaw.com
    WENDY MOTOOKA, SBN 233589
3   wm@creggerlaw.com
    701 University Avenue, Suite 110
4   Sacramento, CA 95825
    Phone: 916.443-4443
5   Fax:  916.443-2124

6   Attorneys for Defendants COUNTY OF
    SACRAMENTO, SCOTT JONES, JESSE
7   BRUCKER

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an 11  individual, | Case No.: 2:16-cv-00523 TLN KJN |
| 12                Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SACRAMENTO, SCOTT JONES, AND JESSE BRUCKER'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO SEVER** |
| 13        vs. | |
| 14  KAMALA D. HARRIS, Attorney General of the State of California, in her official 15  capacity only; CITY OF CITRUS HEIGHTS; Citrus Heights Police 16  Department Chief CHRISTOPHER W. BOYD, in both his individual and official 17  capacity; Citrus Heights Police Officer CHIRSTIAN BAERRESEN, #371; Citrus 18  Heights Police Officer THOMAS LAMB,#315; UNKNOWN CITRUS 19  HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS 20  HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 21  03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS 22  HEIGHTS POLICE DEPARTMENT; COUNTY OF SACRAMENTO; SCOTT 23  JONES in  his official capacity as Sheriff of County of Sacramento; Sacramento 24  Deputy Sheriff JESSE BRUCKER, #512; COUNTY OF PLACER; EDWARD N. 25  BONNER, #181, in his official capacity as Sheriff of Placer County; Placer County 26  Deputy MASON, #101 | **[F.R.C.P. 12(b)(6)]**  Date:  November 3, 2016 Time: 2:00 P.M. Courtroom:  2, 15th Flr. Judge:  Hon. Troy L. Nunley |
| 27                Defendants. | |

28

CREGGER & CHALFANT LLP
701 University Ave. #110
Sacramento, CA  95825
(916) 443-4443

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL HISTORY ................................................................................... 1

III.    FACTUAL ALLEGATIONS................................................................................. 2

   A.   Plaintiffs' Claims Against The State Attorney General ..................................... 2

   B.   Haven's Claims Against The Sacramento County Defendants............................ 2

IV.     LEGAL STANDARD ........................................................................................... 2

   A.   Motion To Dismiss.............................................................................................. 2

   B.   Motion To Sever ................................................................................................. 3

V.      ARGUMENT ........................................................................................................ 3

   A.   Cupp Alleges No Claims Against The County ................................................... 3

   B.   Havens' Claims Against The Sacramento County Defendants Under The Second
        Amendment Should Be Dismissed For Failure To State A Claim (Sixth Cause Of Action)
        ............................................................................................................................ 3

        1.   Haven Fails To State A Claim Against The County For Enforcing State Gun Laws ... 3

             i.   The County May Be Held Liable Only For County Policy ......................... 3

             ii.  Sheriff Jones Acts On Behalf Of The State Of California, Not Sacramento County,
                  When Enforcing The State's Gun Laws..................................................... 4

             iii. State Actors May Not Be Sued Under Section 1983 ................................... 5

        2.   Haven Fails To State A Second Amendment Claim Against Deputy Brucker ............. 5

             i.   The Qualified Immunity Standard .............................................................. 5

             ii.  Brucker Has Qualified Immunity From Haven's Second Amendment Claims............ 6

   C.   Haven Fails To State A Claim Against The Sacramento County Defendants Under The
        Fourth Amendment (Seventh Cause Of Action).................................................. 6

        1.   The SAC Pleads Insufficient Factual Material To State An Unlawful Search Claim
             Against Deputy Brucker ............................................................................ 6

        2.   The SAC Pleads Insufficient Factual Material To State A Fourth Amendment Claim
             Against Sacramento County/Sheriff Jones In His Official Capacity........................... 7

             i.   Because The Official Capacity Suit Against Jones Is No Different Than The Suit
                  Against The County, Jones Should Be Dismissed ..................................... 7

             ii.  The SAC Fails To Allege Facts Showing That The County Violated Haven's Fourth
                  Amendment Rights ................................................................................... 7

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D.   Haven Fails To State A Claim Against The Sacramento County Defendants Under The Fifth Amendment (Eighth Cause Of Action) ........................................................................ 8

  1.   The Fifth Amendment Is In Applicable To The Facts Alleged .................................... 8

  2.   In The Alternative, The Allegations In The SAC Show The Takings Claim To Be Premature ................................................................................................................... 9

  3.   The Taking Claim Fails Against Deputy Brucker, Because An Individual Cannot Commit A Taking .......................................................................................................... 9

E.   Haven's Claims Against The Sacramento County Defendants Should Be Severed From The Instant Case ................................................................................................................ 10

VI.   CONCLUSION ........................................................................................................... 11

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

**TABLE OF AUTHORITIES**

**CASES**

*Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796 (S.D. Cal. 2012) .......................................... 10

*Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074 (2011) ...................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 2, 3, 6

*Bd. of Bryan County v. Brown*, 520 U.S. 397 (1997) ............................................................ 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................... 2, 6

*Brandon v. Holt*, 469 U.S. 464 (1985) ....................................................................... 5, 7

*Brosseau v. Haugen*, 543 U.S. 194 (2004) ..................................................................... 6

*City of Canton v. Harris*, 489 U.S. 378 (1989) ................................................................ 8

*City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985) ............................................................. 8

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000) ................................................ 3

*Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997) .......................................................... 3

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ...................................................... 9

*Davis v. Scherer*, 468 U.S. 183 (1984) ...................................................................... 6

*Edelman v. Jordan*, 415 U.S. 651 (1974) .................................................................... 5

*Graham v. Connor*, 490 U.S. 386 (1989) ................................................................... 8

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ................................................................. 5

*Hensler v. City of Glendale*, 8 Cal. 4th 1 (Cal. 1994) ...................................................... 9

*In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108

    (9th Cir. 2013) ........................................................................................ 7

*Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982) ....................................................... 3

*Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993) ........................................ 9

*Luke v. Abbott*, 954 F. Supp. 202 (C.D. Cal. 1997) ......................................................... 7

*Malley v. Briggs*, 475 U.S. 335 (1986) ...................................................................... 6

*McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997) .............................................. 4

*Monell v. Dep't of Social Servs. of City of New York*, 435 U.S. 658 (1978) ........................... 4, 8

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

iii

*Oviatt by and through Waugh v. Pearce*, 954 F.2d 1470 (9th Cir. 1992)....................................8

*Papasan v. Allain*, 478 U.S. 265 (1986) ..........................................................................................2

*Pearson v. Callahan*, 555 U.S. 223 (2009)......................................................................................5

*Romero v. Kitsap County*, 931 F.2d 624 (9th Cir. 1991) ................................................................6

*Saucier v. Katz*, 533 U.S. 194 (2001).............................................................................................5

*Taylor v. Barkes*, 575 U.S. ___, 135 S. Ct. 2042 (2015) ...............................................................5

*Thompson v. City of Los Angele*s, 885 F.2d 1439 (1989) ................................................................8

*United States v. Lanier*, 520 U.S. 259 (1997) .................................................................................9

*Vance v. County of Santa Clara,* 928 F. Supp. 993 (N.D. Cal. 1996) ...........................................7

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)...........................................................5

*Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,*

    473 U.S. 172 (1985) .................................................................................................................9

### STATUTES

42 U.S.C. § 1983 ...............................................................................................................................1

Cal. Penal Code § 18250....................................................................................................................6

### RULES

Fed. R. Civ. P. 21 ..............................................................................................................................3

Fed. R. Civ. P. 8 ................................................................................................................................3

Fed. R. Civ. P. 12(b)(6).................................................................................................................1, 2

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiffs JAMES EDWARD CUPP ("Cupp") and LAWRENCE "WOLF" HAVEN sue defendants KAMALA D. HARRIS, the California State Attorney General, in her official capacity, in a challenge to numerous state gun laws.  Cupp also sues defendants CITY OF CITRUS HEIGHTS, Police Chief CHRISTOPER W. BOYD, and several City Heights police officers (collectively the "Citrus Heights defendants") for constitutional violations under 42 U.S.C. § 1983.  Haven also sues defendants COUNTY OF SACRAMENTO, its Sheriff SCOTT JONES in his official capacity, and Deputy JESSE BRUCKER (collectively the "Sacramento County defendants"), and also sues defendants COUNTY OF PLACER, its Sheriff EDWARD N. BONNER in his official capacity, and several deputies (collectively the "Placer County defendants") for constitutional violations under 42 U.S.C. § 1983.

The Sacramento County defendants now move to dismiss plaintiffs' Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), and move to sever Haven's claims against the Sacramento County defendants from the instant case.

## II.    PROCEDURAL HISTORY

Cupp initially filed suit on March 11, 2016, asserting various constitutional challenges to California's gun regulations and their enforcement, and naming as defendants the State Attorney General and the Citrus Heights defendants.  *See* Court's Docket ("Dkt.") No. 1.  On June 3, 2016, the complaint was amended to add Haven as a plaintiff seeking monetary damages under Section 1983, and to add the Sacramento County defendants and the Placer County defendants.  *See* Dkt. No. 5.

The parties met and conferred about the pleadings, and ultimately agreed that plaintiffs should have leave to the file the instant SAC.  In the SAC, Cupp alleges no claims against the Sacramento County defendants, and Haven alleges just three claims against the Sacramento County defendants: the Sixth Cause of Action (Second Amendment violation), the Seventh Cause of Action (Fourth Amendment violation), and the Eighth Cause of Action (Fifth Amendment violation).  Declaration of Wendy Motooka in Support of County Def.s' Motion to Dismiss SAC And Motion To Sever, Exh. A: SAC.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

1

### III.   FACTUAL ALLEGATIONS

**A.     *Plaintiffs' Claims Against The State Attorney General***

Cupp and Haven sue the California Attorney General in her official capacity seeking injunctive and declaratory relief in challenge to numerous California state gun laws.  Cupp alleges no claims against the Sacramento County defendants.

**B.     *Haven's Claims Against The Sacramento County Defendants***

Haven alleges that on February 14, 2016, Sacramento County Sheriff's Deputy Brucker entered Haven's residence without a warrant and seized "three firearms, including an AR-7 semi-automatic rifle and a standard issue military semi-automatic 1911."  SAC at ¶¶ 185, 187.  Haven was not present to consent to the search and was unaware of Brucker's entry.  SAC at ¶ 186.  Haven was not charged in connection with the confiscation of his firearms, and his firearms have not been returned.  SAC at ¶ 188.  The firearms were confiscated at the direction of defendant Harris, pursuant to state law.  SAC at ¶ 189.

Haven makes no allegations against any other Sacramento County defendant, other than the allegation that Sheriff Jones in his official capacity enforces State law.  SAC at ¶ 49.

### IV.   LEGAL STANDARD

**A.     *Motion To Dismiss***

A claim may be dismissed if it does not "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  While the court must accept as true all of the factual allegations in the complaint, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice.  *Id.*  The court does not accept as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

2

1  plaintiff is entitled to relief," it does not unlock the doors of discovery for a plaintiff armed with

2  nothing more than conclusions.  Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678-79.  Where the facts

3  alleged in the complaint permit the court to infer no more than the mere possibility of misconduct,

4  the complaint has failed to satisfy Rule 8, for it has failed to show that the pleader is entitled to

5  relief.  *Iqbal*, 556 U.S. at 679.  "Vague and conclusory allegations of official participation in civil

6  rights violations are not sufficient to withstand a motion to dismiss."  *Ivey v. Bd. of Regents*, 673

7  F.2d 266, 268 (9th Cir. 1982).

8  ### B.      Motion To Sever

9       Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in one action if 1)

10  the plaintiffs assert a right to relief arising out of the same transaction, occurrence, or series of

11  transactions and occurrences, and 2) there are common questions of law of fact.  *Coughlin v.*

12  *Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  If the test for permissive joinder is not satisfied, the

13  court has broad discretion to sever the misjoined parties, so long as no substantial right will be

14  prejudiced by the severance.  Fed. R. Civ. P. 21; *Coughlin*, 130 F.3d at 1350; *Coleman v. Quaker*

15  *Oats Co*., 232 F.3d 1271, 1297 (9th Cir. 2000).  In such a case, the court can generally dismiss all

16  but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the

17  dropped plaintiffs against some or all of the present defendants based on the claim or claims

18  attempted to be set forth in the complaint at issue.  *Coughlin*, 130 F.3d at 1350.

19  ### V.      ARGUMENT

20  ### A.      Cupp Alleges No Claims Against The County

21       Plaintiff Cupp alleges no causes of action against any of the Sacramento County

22  defendants.

23

24  ### B.      Havens' Claims Against The Sacramento County Defendants Under The Second Amendment Should Be Dismissed For Failure To State A Claim (Sixth Cause Of Action)

25

26  #### 1.      Haven Fails To State A Claim Against The County For Enforcing State Gun Laws

27  ##### i.      The County May Be Held Liable Only For County Policy

28  A local government may be held liable under Section 1983 for its own policies that cause

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

3

1   constitutional torts. *Monell v. Dep't of Social Servs. of City of New York*, 435 U.S. 658, 694

2   (1978). In determining whether a local government can be held liable, a court must identify those

3   officials or governmental bodies who have final policymaking authority over the action that

4   allegedly caused the constitutional violation. *McMillian v. Monroe County, Alabama*, 520 U.S.

5   781, 784-85 (1997). No liability may be imposed where the local officials act as policymakers

6   for the state. *Id.* at 783-84 (affirming dismissal where county sheriff represented the state, not the

7   county, in the area of law enforcement).

8       In determining whether a municipality is acting on behalf of a state, the court should

9   follow a two-step test. First, the court should identify the particular area or issue for which the

10  local government official is asserted to be the final policymaker. *McMillian*, 520 U.S. at 785.

11  Second, the court should look to state law to determine whether the local official functions as the

12  final policymaker, for the local entity, in that particular area. *Id*. at 786. In *McMillian*, the issue

13  before the high court was whether a county sheriff in Alabama represents the state or the county

14  when he acts to enforce state law. *Id*. The Supreme Court found, based on the official duties and

15  responsibilities of county sheriffs created under Alabama law, that the county sheriff acted on

16  behalf of the state, and not on behalf of the county, when enforcing state law. *Id*. at 789.

17

18          ii.     **Sheriff Jones Acts On Behalf Of The State Of California, Not Sacramento County, When Enforcing The State's Gun Laws**

19      The SAC's allegations concede that Sheriff Jones/Sacramento County are being sued as

20  state actors when enforcing state gun laws. The SAC expressly alleges that Jones is named in his

21  official capacity as County Sheriff, because he is responsible for executing state law, specifically

22  firearms regulations. SAC at ¶¶ 49, 189. Jones and the County of Sacramento are not being sued

23  for County policy, but rather for state policy. All of the laws challenged by the SAC are

24  California Penal Code sections. The SAC identifies no Sacramento County policy that caused

25  any alleged constitutional deprivation. On the contrary, the SAC alleges that the Sacramento

26  County defendants seized Haven's guns at the direction of state law and the State Attorney

27  General. SAC at ¶ 201.

28  //

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No. 2:16-cv-00523 TLN KJN                4

### iii.      State Actors May Not Be Sued Under Section 1983

An official capacity suit is a suit against the public entity that the official represents. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).  Sheriff Jones cannot be sued for damages in his official capacity as a policymaker for the state, because the state cannot be sued under Section 1983.  States are not persons subject to liability under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In addition, the Eleventh Amendment's guarantee of sovereign immunity would also bar a suit against the state.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Haven's Section 1983 claims against Sacramento County/Sheriff Jones, based on enforcement of gun laws, fails as a matter of law and should be dismissed <u>without leave to amend</u>.

### 2.      Haven Fails To State A Second Amendment Claim Against Deputy Brucker

Deputy Brucker has qualified immunity from suit for enforcement of California's gun laws.

### i.      The Qualified Immunity Standard

Qualified immunity shield government officials from liability for money damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In analyzing whether qualified immunity applies, a court must address two questions: 1) did the defendant's conduct violate a constitutional right, and 2) was the right at issue clearly established, such that a reasonable officer would have understood his conduct to be unlawful in the situation that he confronted.  *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  Courts have discretion to decide which of these two questions to address first.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To be clearly established, a right must be sufficiently clear that every reasonable official who violates that right would have understood that his conduct was unlawful. *Taylor v. Barkes*, 575 U.S. ___, 135 S. Ct. 2042, 2044 (2015).  There need not be a case directly on point, but existing precedent must place the statutory or constitutional question "beyond debate." *Ashcroft*

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

5

1  *v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083 (2011).  The relevant, dispositive inquiry on

2  qualified immunity is whether it would have been clear to a reasonable officer that his conduct

3  was unlawful in the situation that he confronted.  *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004).

4  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the

5  law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  It is plaintiff's burden to prove that the right

6  allegedly violated was clearly established at the time of the alleged misconduct.  *Davis v. Scherer*,

7  468 U.S. 183, 197 (1984); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

8

9          **ii.**     **Brucker Has Qualified Immunity From Haven's Second Amendment Claims**

10      Brucker has qualified immunity for enforcing California's gun laws, because the right to

11  be free of the state's gun laws was not clearly established at any time referenced in the SAC.  The

12  illegality of California's gun laws is not "beyond debate."  On the contrary, the SAC itself seeks

13  declaratory relief as to lawfulness of California's gun laws, which indicates that the matter is

14  debatable.  Because Haven fails to show that Brucker violated a clearly established Second

15  Amendment right, Brucker is entitled to qualified immunity.

16  **C.**   *Haven Fails To State A Claim Against The Sacramento County Defendants Under The Fourth Amendment (Seventh Cause Of Action)*

17

18         **1.**     **The SAC Pleads Insufficient Factual Material To State An Unlawful Search Claim Against Deputy Brucker**

19      The SAC alleges the legal conclusion that Deputy Brucker entered Haven's home without

20  probable cause, but pleads no factual content regarding the search.  SAC at ¶ 197.  The factual

21  material pled establishes only that Brucker entered Haven's residence and seized three firearms.

22  SAC at ¶ 199.  The court does not accept as true a legal conclusion couched as a factual

23  allegation.  *Twombly*, 550 U.S. at 555.  The SAC's allegations fail to establish a plausible claim

24  against Brucker, because the factual content alleged raises no more than the mere possibility of

25  misconduct.  *Iqbal*, 556 U.S. at 678-79.  While the SAC's factual allegations may be consistent

26  with an unlawful seizure, they are also consistent with a lawful seizure.  *See, e.g*., Cal. Penal

27  Code § 18250 (requiring guns to be taken for safekeeping in certain circumstances).

28      When faced with two possible explanations for a defendant's alleged actions, only one of

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

6

1  which results in liability, a plaintiff cannot just offer allegations that are "merely consistent with"

2  his favored explanation, but which are also consistent with an alternative explanation that does

3  not result in liability. *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108

4  (9th Cir. 2013). To render an explanation plausible, a plaintiff must do more than allege facts that

5  are merely consistent with both his explanation and a competing explanation. Something more is

6  needed, such as facts tending to exclude the possibility that the alternative explanation is true. *Id*.

7  Here, the SAC fails to plead factual content sufficient to raise the inference that Deputy Brucker's

8  alleged conduct was unlawful.

9        To the extent that Haven challenges the lawfulness of California's Penal Code provisions

10  regulating guns, Brucker has qualified immunity. *See* Part V.B.2, *supra*.

11      **2.**    **The SAC Pleads Insufficient Factual Material To State A Fourth Amendment**

12              **Claim Against Sacramento County/Sheriff Jones In His Official Capacity**

13        **i.**    **Because The Official Capacity Suit Against Jones Is No Different Than**
             **The Suit Against The County, Jones Should Be Dismissed**

14        Haven's official capacity claims against Sheriff Jones and his claims against the County of

15  Sacramento are duplicative, for an official capacity claim against Jones is the same as a claim

16  against the County. *Brandon*, 469 U.S. at 471-72. When both an individual in his official

17  capacity and a local government entity are named in a lawsuit, the individual is a duplicative

18  defendant and should be dismissed. *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997)

19  (*citing Vance v. County of Santa Clara,* 928 F. Supp. 993, 996 (N.D. Cal. 1996)). The SAC sues

20  both Sacramento County and Sheriff Jones in his official capacity, based on the same allegations.

21  Sheriff Jones should be dismissed as a duplicative and unnecessary defendant.

22
23        **ii.**    **The SAC Fails To Allege Facts Showing That The County Violated**
             **Haven's Fourth Amendment Rights**

24        The SAC fails to plead factual content sufficient to state a claim against the municipal

25  entity, County of Sacramento/Sheriff Jones in his official capacity. There is no *respondeat*

26  *superior* liability for municipalities under Section 1983. *Bd. of Bryan County v. Brown*, 520 U.S.

27  397, 403 (1997). A local government may be held liable under Section 1983 only for

28  constitutional injuries inflicted by edicts or acts that may be fairly said to represent official policy

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

7

1   or custom. *Monell,* 436 U.S. at 694.

2       To establish liability against Sacramento County/Jones, plaintiff must demonstrate: 1) that

3   he possessed a constitutional right of which he was deprived; 2) that Sacramento County had a

4   policy; 3) that this policy amounted to deliberate indifference to plaintiff's constitutional rights;

5   and 4) that the policy was the moving force behind the constitutional violation. *Oviatt by and*

6   *through Waugh v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992) (*citing City of Canton v. Harris*,

7   489 U.S. 378, 389-91 (1989).)   Where the relevant policy is not unconstitutional on its face,

8   plaintiff must prove more than a single incident involving a constitutional violation in order to

9   establish the requisite fault on the part of the municipality and the causal connection between the

10  policy and the constitutional deprivation. *City of Oklahoma v. Tuttle,* 471 U.S. 808, 824 (1985);

11  *Thompson v. City of Los Angele*s, 885 F.2d 1439, 1444 (1989) (stating that "random acts or

12  isolated events are insufficient to establish custom").

13      The SAC fails to plead facts sufficient to meet this standard.   The SAC identifies no

14  Sacramento County policy that amounts to deliberate indifference to Haven's Fourth Amendment

15  rights.  The SAC fails to reference any Sacramento County policies whatsoever.  The SAC fails to

16  state a Fourth Amendment claim against Sacramento County/Sheriff Jones.

17

18  **D.   *Haven Fails To State A Claim Against The Sacramento County Defendants Under The Fifth Amendment (Eighth Cause Of Action)***

19      **1.   The Fifth Amendment Is In Applicable To The Facts Alleged**

20      The SAC alleges only one transaction and occurrence giving rise to Haven's claims,

21  which is Deputy Brucker's alleged unlawful search and seizure.  Because the Fifth Amendment is

22  inapplicable to these allegations, the Fifth Amendment claim should be dismissed.

23      In *Graham v. Connor*, 490 U.S. 386, 395 (1989), the Supreme Court instructed that where

24  there is an explicit textual source of constitutional protection against intrusive governmental

25  conduct, that Amendment, not the Fourteenth Amendment's more generalized notion of

26  "substantive due process," must be the guide for analyzing the claims.  The Court later explained

27  that the holding in *Graham* means that if there is a constitutional claim that is covered by a

28  specific constitutional provision, such as the Fourth Amendment, the claim must be analyzed

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

8

1    under the standard appropriate to that specific provision. *County of Sacramento v. Lewis*, 523

2    U.S. 833, 843 (1998) (*citing United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). If a claim is

3    "covered by" the Fourth Amendment, analysis under other constitutional provisions is

4    inappropriate. *Lewis*, 523 U.S. at 843.

5           In the SAC, Haven alleges that Deputy Brucker entered his residence while he was not at

6    home, and seized three firearms at the direction of state law and the State Attorney General. *See,

7    e.g.*, SAC at ¶¶ 199, 209-10. These allegations are "covered by" Haven's Second and Fourth

8    Amendment claims, making analysis under the Fifth Amendment inappropriate and unnecessary.

9    Haven's Fifth Amendment claim should be dismissed <u>without leave to amend.</u>

10

11          **2.     In The Alternative, The Allegations In The SAC Show The Takings Claim To
                     Be Premature**

12          Haven's Fifth Amendment takings claim is premature. The Fifth Amendment does not

13   proscribe the taking of property, only the taking of property without just compensation.

14   *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172,

15   194 (1985). Consequently, if a state provides an adequate procedure for seeking just

16   compensation, a property owner can have no federal takings claim until he has used the state's

17   procedures and been denied just compensation. *Id.* at 195. California has an adequate procedure

18   for seeking just compensation, in the form of an inverse condemnation action. *Hensler v. City of

19   Glendale*, 8 Cal. 4th 1, 13-14 (Cal. 1994). The SAC fails to allege that Haven took any steps

20   toward availing himself of this procedure.

21

22          **3.     The Taking Claim Fails Against Deputy Brucker, Because An Individual
                     Cannot Commit A Taking**

23          Takings claims are divided into two classes: physical occupation claims and regulatory

24   takings. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 684 (9th Cir. 1993). A physical

25   taking occurs when the government physically intrudes upon private property, while a regulatory

26   taking occurs when the value or usefulness of private property is diminished by a regulatory

27   action that does not involve a physical taking. *Id.* A taking, in other words, must be committed

28   by a government. Plaintiff cannot hold Deputy Brucker liable for a taking, because Brucker is an

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN                                    9

individual, not a government.

### E.  *Haven's Claims Against The Sacramento County Defendants Should Be Severed From The Instant Case*

Haven's claims against the Sacramento County defendants have been misjoined in the instant case.  In considering whether to sever a claim under Rule 21, a court considers the following factors: 1) whether the claims arise out of the same transaction or occurrence; 2) whether the claims present some common questions of fact or law; 3) whether settlement of the claims or judicial economy would be facilitated; 4) whether prejudice would be avoided if severance were granted; and 5) whether different witnesses and documentary proof are required for the separate claims. *Anticancer, Inc. v. Pfizer Inc*., 2012 WL 1019796 at *1 (S.D. Cal. 2012).

Here, Haven's claims against the Sacramento County defendants arise from a different transaction or occurrence than Cupp's claims, and a different transaction and occurrence than Haven's claims against the Placer County defendants.  Cupp sues about his arrest by Citrus Heights police officers on or about March 25, 2014.  Haven sues the Sacramento County defendants about a seizure of his property by a Sacramento County sheriff's deputy on February 14, 2016.  Haven sues the Placer County defendants over a stop by a Placer County sheriff's deputy on February 8, 2016.  The incidents involve different events, different defendants, in different jurisdictions, spanning almost two years.  There are no common questions of fact, and no common questions of law, other than plaintiffs' broad desire to challenge state weapons laws.  Haven, however, can have no claim against the Sacramento County defendants arising from the state's weapons laws, for the reasons stated in Part V.B, *supra*.  Neither settlement nor judicial economy is better served by keeping Haven's claims against the Sacramento County defendants together with the other claims in the SAC.  The discovery needed for Cupp's claims and Haven's claims against the Placer County defendants would be completely different than that required for Haven's claims against the Sacramento County defendants.  Trying all of the claims together would prejudice the Sacramento County defendants' defenses by creating politicized jury confusion over the nature of Haven's Fourth Amendment claims.  Finally, all of the witnesses and all of the documentary evidence supporting Haven's claims against the Sacramento County

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

10

1  defendants are expected to be different than the witnesses and documents supporting Cupp's
2  claims, and supporting Haven's claims against the Placer County defendants.

3       Haven's claims against the Sacramento County defendants do not belong in this lawsuit.
4  His case against the Sacramento County defendants should be severed from the instant case,
5  without prejudice to his reinstituting the claims as a new and separate lawsuit against the
6  Sacramento County defendants.

7  ## VI.   CONCLUSION

8       The SAC fails to allege facts sufficient to state a claim against any of the Sacramento
9  County defendants.  The County of Sacramento and Sheriff Scott Jones, sued in his official
10  capacity, request:

11       1.    That all claims against the duplicative defendant Sheriff Scott Jones in his official
12  capacity be dismissed from the case _without leave to amend_;

13       2.    That all claims against the County of Sacramento/Jones based on the enforcement
14  of state law be dismissed _without leave the amend,_ because the County can be held liable only for
15  its own policies, and Jones as a state actor cannot be sued under Section 1983;

16       3.    That all claims against the County of Sacramento/Jones under the Fifth
17  Amendment be dismissed, _without leave to amend_, because Haven's constitutional claims against
18  the Sacramento County defendants must be brought under the Fourth Amendment, or in the
19  alternative, that the takings claim be dismissed because it is premature;

20       4.    That all claims against the County of Sacramento/Jones under the Fourth
21  Amendment be dismissed for failure to plead facts sufficient to state a claim.

22       Deputy Brucker requests:

23       5.    That all claims brought against him under the Second Amendment be dismissed
24  based on qualified immunity;

25       6.    That all claims brought against him under the Fifth Amendment be dismissed,
26  _without leave to amend_, because Haven's constitutional claims must be brought under the Fourth
27  Amendment, and because an individual cannot commit a taking; and

28       7.    That all claims brought against him under the Fourth Amendment be dismissed for

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN

11

1    failure to plead facts sufficient to state a claim.

2           The Sacramento County defendants further request:

3           8.     That Haven's claims against them be severed from the instant case, and that

4    Haven be ordered to file a new, separate lawsuit to pursue any claims for which he is granted

5    leave to amend against the Sacramento County defendants.

6

7    DATE:  September 29, 2016              CREGGER & CHALFANT LLP

8

9                                          /s/ Wendy Motooka
                                           ROBERT L. CHALFANT
10                                         WENDY MOTOOKA
                                           Attorneys    for    Defendants    COUNTY    OF
11                                         SACRAMENTO,      SCOTT     JONES,     JESSE
                                           BRUCKER
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

MPA iso SACRAMENTO COUNTY DEF.S MTD SAC
Case No.  2:16-cv-00523 TLN KJN                    12