LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
Amanda L. McDermott, CSB No.: 253651
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorney for Defendants
City of Citrus Heights,
Chief Christopher Boyd
Christian Baerresen,
and Thomas Lamb

# UNITED STATES DISTRICT COURT,

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual,<br>　　　　　Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; CITY OF CITRUS HEIGHTS; Citrus Heights Police Department Chief CHRISTOPHER W. BOYD, in both his individual and official capacity; Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371; Citrus Heights Police Officer THOMAS LAMB, # 315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT; COUNTY OF SACRAMENTO; SCOTT JONES, in his official capacity as Sheriff of County of Sacramento; Sacramento Deputy Sheriff JESSE BRUCKER, # 512; COUNTY OF PLACER; EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer; Placer County Deputy MASON, # 181; Placer County Deputy HINTZE, # 101.<br><br>　　　　　Defendants | Case No.: 2:16-CV-00523-TLN-KJN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITRUS HEIGHTS DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:　November 17, 2016<br>Time:　2:00 p.m.<br>CtRm:　2, 15th Floor<br>Judge:　Honorable Judge Nunley |

DEFENDANTS CITY OF CITRUS HEIGHTS and CHRISTOPHER W. BOYD (herein "Citrus Heights Defendants"), bring the above-enumerated motion in response to Plaintiffs' Second Amended Complaint (herein "SAC") on the grounds that Plaintiffs fail to state a claim upon which relief can be granted.

The third, fourth, and fifth claims for relief are the only claims asserted by Plaintiff James Edward Cupp (herein "Cupp") against the Citrus Heights Defendants. Therein Plaintiff Cupp alleges violations of his Second, Fourth, and Fifth Amendment rights. Plaintiff Lawrence "Wolf" Haven does not assert any claims against the Citrus Heights Defendants.

Plaintiff Cupp alleges that the Citrus Heights Defendants violated his Second Amendment right to bear arms by arresting him without probable cause for violation of California Penal Code section 21310, which makes it illegal to carry concealed on one's person any dirk or dagger, and for the search, seizure, and issuance of a temporary restraining order based upon that arrest. He asserts that PC section 21310 is unconstitutional and that the arrest was unlawful in that he was not actually in violation of the law. Cupp also alleges that Citrus Heights Defendants violated his Fifth Amendment Due Process rights by the arrest and confiscation of various firearms, ammunition, and knives that followed.

Plaintiff Cupp's Third Claim for Relief should be dismissed as he does not have a constitutional right pursuant to the Second Amendment to carry a knife concealed on his person, and, neither facially or as-applied in this case, does Penal Code section 21310 violate the Second Amendment. To the extent Plaintiff's Third Claim for Relief asserts a violation of his Fourth Amendment rights, it is duplicative of the Fourth Claim for Relief and should be dismissed on that basis. Plaintiff Cupp's Fifth Claim for Relief should be dismissed as the Citrus Heights Defendants are not proper defendants for such a claim and Plaintiff has failed to adequately plead such a claim against them.

**I.      PROCEDURAL BACKGROUND**

On March 11, 2016, Plaintiff Cupp filed a complaint for damages in the federal court against the State Attorney General and the City of Citrus Heights and various employees of the Citrus Heights Police Department alleging violations of his Second, Fourth, Fifth, and

Fourteenth Amendment rights. See ECF No. 1. On June 3, 2016, the complaint was amended to add claims on behalf of Plaintiff Lawrence "Wolf" Haven and to add as defendants the County of Sacramento, the County of Placer, and various employees thereof. See ECF No. 5.

Pursuant to stipulation of the parties, Plaintiffs Cupp and Haven filed the SAC on August 15, 2016. Therein, Plaintiff Cupp asserts three claims for relief against the Citrus Heights Defendants: the Third Claim for Relief alleging a Second Amendment Violation, the Fourth Claim for Relief alleging a Fourth Amendment violation, and the Fifth Claim for Relief alleging a Fifth Amendment violation. ECF No. 12. Plaintiff Haven does not assert any claims against the Citrus Heights Defendants. Id.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

When determining the sufficiency of a claim under Rule 12(b)(6), factual allegations in the complaint are accepted as true and the pleading is construed in the light most favorable to the non-moving party. Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Thus, "bare assertions … amount[ing] to nothing more than a 'formulaic recitation of the elements'… are not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951 (2009). A court should "dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required

elements of a cause of action." Student Loan Marketing Ass'n v. Hanes, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### III. ARGUMENTS

**A. PLAINTIFF CUPP FAILS TO STATE A CLAIM AGAINST THE CITY OF CITRUS HEIGHTS FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS**

Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality can only be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; See also Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

Plaintiff must prove two basic elements: (1) that a constitutional violation occurred; and (2) that the City of Citrus Heights is responsible for that violation. With respect to the second element, Plaintiff Cupp must identify the policy, connect the policy to the City of Citrus Heights itself and show that the particular injury was incurred because of the execution of that policy. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006); Monell, 436 U.S. at 691-694. In Plaintiff's third attempt at an operative complaint he fails to even mention a policy, practice or custom of the City that in any way contributed to his alleged constitutional violations. Instead, he argues that various officers employed by the Citrus Heights Police Department violated his constitutional rights by enforcing not the Department's policies, but state laws.

Based on the foregoing, Plaintiff Cupp's third, fourth, and fifth claims for relief asserted against Defendant City of Citrus Heights should be dismissed.

**B. PLAINTIFF CUPP FAILS TO STATE A CLAIM AGAINST THE CHIEF BOYD FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS**

Plaintiff Cupp asserts his third, fourth, and fifth claims for relief against Chief Boyd in his official and individual capacity.

The claims asserted against Chief Boyd in his official capacity are duplicative of the claims asserted against the City of Citrus Heights, and are thus erroneous. Suing a City employee

in his official capacity is the same as suing the City directly, which Plaintiff has already done. See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't, 533 F.3d 780,799 (9th Cir. 2008); Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") For this reason, the claims asserted against Chief Boyd in his official capacity should be dismissed.

Although Plaintiff Cupp asserts his claims for relief against Chief Boyd in his individual capacity, he fails to identify or plead any action taken by Chief Boyd that violated his constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009) ("[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see also Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (there can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.) Plaintiff Cupp does not allege any personal participation by Chief Boyd in the alleged violation of his rights. For this reason, the claims asserted against Chief Boyd in his individual capacity should be dismissed.

**C.   PLAINTIFF CUPP'S SECOND AMENDMENT CLAIM SHOULD BE DISMISSED AS HE HAS NO CONSTITUTIONAL RIGHT TO CARRY A CONCEALED DIRK OR DAGGER AND THE STATE STATUTE REGULATING SUCH CARRYING IS NOT UNCONSTITUTIONAL**

Plaintiffs' third claim for relief is based upon the Second Amendment right to bear arms. Plaintiff Cupp contends that California Penal Code section 21310 violates the Second Amendment and therefore his arrest by the Citrus Heights Police Department pursuant to that penal code section was in violation of his Second Amendment rights.

Section 21310 makes it a crime for a person to carry concealed upon his or her person any dirk or dagger. A knife carried in a sheath that is worn openly suspended from the waist of the wearer is not concealed within the meaning of this section. Cal. Penal Code § 20200. Attached to the SAC, Plaintiff included Exhibit A which he claims is a picture of the visible knife he carried on the outside part of his leather vest. (ECF Nos. 12 at ¶ 138, and 12-1.) It is

unclear from the picture alone whether the knife was located on Cupp's front, side, or back when wearing the vest, and no further information is provided in the SAC.

The United States Supreme Court has never held that a statute prohibiting carrying a concealed weapon violates the Second Amendment. In District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Court cautioned that the right to keep and bear arms is not without limits. In Heller, the Court stated:

> "[l]ike most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."

Heller, 554 U.S. at 625; see also McDonald v. City of Chi., 561 U.S. 742, 786, 130 S. Ct. 3020, 3047 (2010) ("[i]t is important to keep in mind that Heller, while striking down a law that prohibited possession of handguns in the home, recognized that the right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'") (internal citation omitted).

There is no clearly established federal law that a person has a right under the Second Amendment to carry a concealed dirk or dagger for self-defense. See Mitchell v. Warden Padrix, No. 13cv480-WQH (DHB), 2014 U.S. Dist. LEXIS 76369, at *22 (S.D. Cal. Feb. 3, 2014). To the contrary, "the United States Supreme Court unambiguously stated in 1897 that the protection of the Second Amendment does not extend to 'the carrying of concealed weapons.'" Peruta v. Cnty. of San Diego, 824 F.3d 919, 939 (9th Cir. 2016) (quoting Robertson v. Baldwin, 165 U.S. 275, 282, 17 S. Ct. 326, 41 L. Ed. 715 (1897)).

Addressing a similar claim, a California Appellate Court held that the state's statute prohibiting concealed carry of a dirk or dagger did not violate the Second Amendment. People v. Mitchell, 209 Cal. App. 4th 1364, 1375-76, 148 Cal. Rptr. 3d 33, 42 (2012). The court in Mitchell applied the intermediate scrutiny test in evaluating the constitutionality of the statute because the statute merely regulates the manner in which the weapon may be carried, but does not completely ban the possession of the weapon. Id. at 1374 (citing U.S. v. Marzzarella, 614 F.3d 85, 97 (3d Cir. 2010). Pursuant thereto, the Court held that the statute was "narrowly

tailored to serve the important governmental interest of preventing exposure to the risk of surprise attacks and does not burden the right to bear arms in self-defense beyond what is reasonably necessary to serve that interest." Id. at 1375-76. Although the Mitchell case evaluated the former state statute regarding concealed carry of a dirk or dagger (Pen. Code, former § 12020, repealed 2012), the current statute challenged by Plaintiff Cupp (Pen. Code § 21310) is for all intents and purposes the same, and thus the holding and rationale of Mitchell applies.

In evaluating a petition for writ of habeas corpus, the United States District Court for the Southern District of California held that the Mitchell court's application of federal law and ultimate determination that the state statute was not unconstitutional was reasonable. Mitchell v. Warden Padrix, at *23-24.

Based on the foregoing, Plaintiff Cupp's claims against the Citrus Heights Defendants based upon the Second Amendment should be dismissed with prejudice.

### D.   PLAINTIFF CUPP FAILS TO STATE A CLAIM PURSUANT TO THE SECOND AMENDMENT FOR UNLAWFUL ARREST, SEARCH, AND/OR SEIZURE

Plaintiff Cupp's third claim for relief also asserts that the arrest, search, and seizure by Citrus Heights Defendants violated his Second Amendment rights. The Fourth and not the Second Amendment protects the rights of individuals to be free from unreasonable search and seizure and unlawful arrest. U.S. Const. amend. IV; see also Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). "Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment,…, must be the guide in analyzing a plaintiff's claim. Albright v. Oliver, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion) (quoting Graham v. Connor, 490 U.S. at 395 (quotation marks, internal quotation marks and internal brackets omits)). The Supreme Court later clarified that the holding in Graham means that if there is a constitutional claim that is covered by a specific constitutional provision, such as the Fourth Amendment, the claim must be analyzed under the standard appropriate to that specific provision. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715 (1998) (citing United States v. Lanier, 520 U.S. 259, 272, n. 7, 1997 U.S. LEXIS 2079, *23, 137

Memorandum of Points and Authorities in Support of Citrus Heights Defendants'
Motion to Dismiss for Failure to State a Claim                                                                    Page- 7

L. Ed. 2d 432, 117 S. Ct. 1219, (1997)). If a claim is "covered by" the Fourth Amendment, analysis under other constitutional provisions is inappropriate. Lewis, 523 U.S. at 843.

There is no authority to support Plaintiff's contention that his arrest, the search of his temporary residence, or the seizure of his property are a violation of his Second Amendment rights. Moreover, these claims are duplicative of his fourth claim for relief pursuant to the Fourth Amendment and his fifth claim for relief pursuant to the Fifth Amendment wherein he challenges the same actions by Citrus Heights Defendants.

Based on the foregoing, Plaintiff Cupp's third claim for relief alleging unlawful arrest, search, and seizure, in violation of his Second Amendment rights should be dismissed with prejudice.

### E. PLAINTIFF CUPP FAILS TO STATE A CLAIM AGAINST CITRUS HEIGHTS DEFENDANTS FOR VIOLATION OF HIS DUE PROCESS RIGHTS

#### 1. Plaintiff Cupp Fails To Allege And There Is No Evidence To Support A Violation Of His Fifth Amendment Due Process Rights

Plaintiff Cupp alleges that he was arrested and his property confiscated by Citrus Heights Defendants without due process in violation of his Fifth Amendment rights. See SAC at ¶ 177. It is well established that Plaintiff Cupp cannot advance a Fifth Amendment due process claim against a local government entity or its employees, because the due process component of the Fifth Amendment applies only to the federal government. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (dismissing Fifth Amendment due process and equal protection claims brought against the City of Los Angeles because defendants were not federal actors); see also Low v. City of Sacramento, 2010 U.S. Dist. LEXIS 98328, 2010 WL 3714993 (E.D. Cal. Sept. 17, 2010).

Based on the foregoing, Plaintiff Cupp's fifth claim for relief as pled should be dismissed with prejudice.

#### 2. Plaintiff Cupp Fails To State A Claim Against Citrus Heights Defendants For Violation Of Procedural Due Process Pursuant To The Fourteenth Amendment

To the extent this Court will consider Plaintiff's fifth claim for relief to actually be a Fourteenth Amendment procedural due process claim, Plaintiff has still failed to properly state

such a claim.

Procedural due process questions are examined in two steps. First, the Court must determine whether the plaintiff was deprived of a protected property or liberty interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-72, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). Second, if the Court finds a deprivation of a protected interest, it must then decide whether the employed procedures were constitutionally sufficient. Hewitt v. Helms, 459 U.S. 460, 472, 74 L. Ed. 2d 675, 103 S. Ct. 864 (1983). What process is due is a question of law. Quick v. Jones, 754 F.2d 1521, 1523 (1984).

Under the heading for Plaintiff Cupp's third claim for relief, alleging violation of his Second Amendment Right to keep and bear arms, he asserts that he was arrested without probable cause, issued a temporary restraining order, that his temporary residence was searched, and that various weapons were seized. SAC at ¶ 139. He further asserts that an order was issued for return of his property, but that not all of his property was actually returned to him. Id. at ¶¶ 143-144. Additionally, he claims that the process for returning his allegedly unlawfully confiscated property is unconstitutional. Id. at ¶¶ 148-152. Again, Plaintiff Cupp argues that various officers employed by the Citrus Heights Police Department violated his constitutional rights by enforcing not the Department's policies, but state laws.

California Penal Code section 33850 et seq., provides a procedure for the return of firearms in police custody to persons who claim ownership of the firearms. Plaintiff Cupp claims that these state procedures are unconstitutional. SAC at ¶ 148. He does not provide any further claims as to how the state statutory scheme deprives him of due process or otherwise violates his constitutional rights. Further, he makes no allegation that the Citrus Heights Defendants applied and/or followed the state statutory scheme in an unconstitutional manner.

Based on the foregoing, Plaintiff Cupp's claims against Citrus Heights Defendants for violation of his due process rights should be dismissed.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff Cupp's Third, Fourth, and Fifth claims for relief against the City of Citrus Heights and Chief Boyd should be dismissed for

failure to state a claim upon which relief can be granted. Further, Plaintiff Cupp's claims for violation of his Second, Fifth, and Fourteenth Amendment rights by the Citrus Heights Defendants should be dismissed.

Dated:  September 30, 2016                    LONGYEAR, O'DEA & LAVRA, LLP

By:  */s/ Amanda L. McDermott*
JOHN A. LAVRA
AMANDA L. MCDERMOTT