Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>Defendants. | Case No.  16-CV-00523-TLN-KJN<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF CITRUS HEIGHTS, CHIEF CHRISTOPHER BOYD, CHRISTIAN BAERRESEN, AND THOMAS LAMB MOTION TO DISMISS SECOND AMENDED COMPLAINT (SAC)**<br><br>Date: November 17, 2016<br>Time: 2:00 p.m.<br>Dept: 2<br>Judge: Hon. Troy L. Nunley<br>Action Filed: March 11, 2016 |

<u>ARGUMENT</u>

**I.   PLAINTIFF CUPP HAS A VIABLE CLAIM AGAINST THE CITY OF CITRUS HEIGHTS DEFENDANTS FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS**

To exercise this right, it explicitly includes the right to have access to "arms" by way of purchase, gift or self manufacture.  Defendants presently employ and enforce a legal juggernaut of statutes, ordinances, and policies suppressing the Right to Keep and Bear Arms, in violation of the

- 1 -

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**

Second Amendment; in sum, defendant law enforcement agencies blatantly snub the United States Supreme Courts rulings in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, ––– U.S. ––––, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) and most recently *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

"Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." (quoting Monell ).  See *McMillian v. Monroe County*, 520 U.S. 781, 783 (1997); S*treit v. County of Los Angeles*, 236 F.3d 552, 564 (9th Cir.2001).

The custom of BOYD is to enforce state gun laws, and obviously this is a wide-spread policy. CUPP was first arrested for a knife openly carried. See SAC Exhibit "A".  Next, miles away, defendants illegally search his home and confiscated all his firearms, to never been seen again.  He was jailed but never prosecuted.  His firearms are still in defendants possession.  Ultimately, the CHIEF dictates whether those arms are to be returned.  The officers seize the property, and the policy maker keeps the property.  SAC ¶s 58-59, 139, 169, 177.

Municipal liability attaches "where - - and only where - - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Penbauer v. City of Cincinnati*, 479 U.S. 469, 483-4 (1986).

**II.     CUPP HAS A VIABLE ACTION UNDER THE SECOND AMENDMENT**

The Second Amendment is the only right which cannot be exercised without possession, access and ownership of a tool (i.e. gun, knife, taser, horse leash, dog leash, and even a pencil.).

Defendants seized CUPP's firearms, presumably pursuant to Penal Code Sections 18250-18275, by failing to immediately return plaintiffs firearms once it was determined that no crime had been committed, defendants had a duty to immediately return those firearms.

It is CUPP's position that just like individual, non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others. See *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir.

2012)("The requisite causal connection is satisfied if [the defendants] set in motion a series of events that [the defendants] knew or reasonably should have known would cause others to deprive [the plaintiffs] of [their] constitutional rights.")(quoting Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)).

BOYD clear policy of enforcing unconstitutional gun laws set the events in motion.

### III.  CUPP HAS VIABLE CLAIMS UNDER THE FOURTH AND FIFTH AMENDMENT

CUPP was arrested for a concealed knife, which was not concealed. SAC Exhibit "A". Therefore, probable cause for arrest is lacking, and all the following events as well.

There is no doubt defendants entered CUPP's home, confiscated his firearms, and till this day, they are still missing.  Defendants have made no effort to return them, the Fourth and Fifth Amendment are clear on these facts.  The search, seizure and taking of property violated CUPP's rights – there is no immunity or excuse as the law was clearly established when the illegal entry took place.

The Fifth Amendment guarantees that "due process of law" be part of any proceeding that denies a citizen "life, liberty or property".  In this case, there was never a proceeding.
f enforcing unconstitutional gun laws set the events in motion.

### IV.  CUPP DID NOT HAVE A CONCEALED DIRK OR DAGGER

There is no doubt CUPP's knives were visible, and not concealed.  See SAC Exhibit "A".

Besides, what arms are protected by the Second Amendment came before the Supreme Court by the blanket prohibition of Massachusetts against the possession of a stun gun.  The Massachusetts Supreme Court upheld the blanket banishment of stun guns as weapons that were not protected by the Second Amendment under three separate and distinct theories.  First Massachusetts asserted that since Stun Guns were not in common use at the time of the Second Amendment's enactment, they did not fall under its protections.  Second Massachusetts asserted Stun Guns are dangerous per se at common law and unusual, they fell out the protections of the Second Amendment.  Finally, Massachusetts argued that stun guns were not readily adaptable to use in the military and therefore were outside the scope of the Second Amendment.

In *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078), the Supreme

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**

Court of the United States summarily rejected all of Massachusetts arguments.  In vacating the judgment of the Supreme Judicial Court of Massachusetts in its unanimous per curiam opinion, the court has told us that a blanket prohibition of arms is *per se* unconstitutional.

## CONCLUSION

For the above stated reasons, defendants' motion is properly denied.  If granted, plaintiff requests leave to amend in accordance with this court's ruling.

Dated: November 3, 2016           THE LAW OFFICES OF GARY W. GORSKI
                                  Respectfully Submitted,
                                   /s/ Gary W. Gorski
                                  Gary W. Gorski
                                  Attorney for Plaintiffs

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**