Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>Defendants. | Case No.  16-CV-00523-TLN-KJN<br><br>**PLAINTIFFS' OPPOSITION TO Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JESSE BRUCKER MOTION TO DISMISS SECOND AMENDED COMPLAINT (SAC)**<br><br>Date: November 17, 2016<br>Time: 2:00 p.m.<br>Dept: 2<br>Judge: Hon. Troy L. Nunley<br>Action Filed: March 11, 2016 |

**ARGUMENT**

I.  **HAVEN AND CUPP HAVE RELATED CASES IN THAT BOTH HAD THERE FIREARMS CONFISCATED WITHOUT BEING RETURNED AND HARRIS IS THE COMMON PART TO BOTH PLAINTIFFS**

The case should not be severed since the SACRAMENTO is shifting the responsibility to

HARRIS.  HARRIS claims sovereign immunity but the COUNTY OF SACRAMENTO states that

"Sheriff Jones Acts On Behalf Of The State Of California, Not Sacramento County, When Enforcing

- 1 -

Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint

1  The State's Gun Laws".  COUNTY OF SACRAMENTO Motion to Dismiss 4:18.

2       In addition, since the same statute is involved relating to the seizure of firearms without any
3  criminal charges, and declaratory relief and injunctive relief would be the same in both cases, it only
4  makes sense that the cases be tried together to have consistent equitable relief.  (SAC ¶s 54, 122,
5  129-131)

6       SACRAMENTO confiscated the firearms, but SACRAMENTO states it was according to
7  state law.  For injunctive relief for return of the firearms, the injunction would go against
8  SACRAMENTO, assuming they still have possession.

9  **II.  HAVEN HAS A VIABLE ACTION UNDER THE SECOND AMENDMENT**

10      The Second Amendment is the only right which cannot be exercised without possession,
11 access and ownership of a tool (i.e. gun, knife, taser, horse leash, dog leash, and even a pencil.).

12      To exercise this right, it explicitly includes the right to have access to "arms" by way of
13 purchase, gift or self manufacture.  Defendants presently employ and enforce a legal juggernaut of
14 statutes, ordinances, and policies suppressing the Right to Keep and Bear Arms, in violation of the
15 Second Amendment; in sum, defendant law enforcement agencies blatantly snub the United States
16 Supreme Courts rulings in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of*
17 *Chicago*, ⸺ U.S. ⸺, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) and most recently *Caetano v.*
18 *Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

19      "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an
20 appropriate decision maker may fairly subject a municipality to liability on the theory that the
21 relevant practice is so widespread as to have the force of law." (quoting Monell ).  See *McMillian v.*
22 *Monroe County*, 520 U.S. 781, 783 (1997); S*treit v. County of Los Angeles*, 236 F.3d 552, 564 (9th
23 Cir.2001).

24      The custom of JONES is to enforce state gun laws, and obviously this is a wide-spread
25 policy.

26      SACRAMENTO seized HAVEN's firearms, presumably pursuant to Penal Code Sections
27 18250-18275, by failing to immediately return plaintiffs firearms once it was determined that no
28 crime had been committed, defendants had a duty to immediately return those firearms. By

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**

depriving plaintiff of his arms, defendants deprived plaintiff of his ability to exercise his Second Amendment right by taking the very instruments necessary for exercising such a right, akin to confiscating a paper and pen preventing the free exercise of speech.  SAC ¶s 122- 127, 130-131.

BRUCKER entered HAVEN's house without a warrant or probable cause, confiscated his firearms, and failed to return them.  Hence, he deprived HAVEN of his Second Amendment rights.

JONES admits that it was he who was just following state law, and therefore that was his own policy to do so.  But to do so, he had to exercise discretion – JONES had two distinct actions he could have taken: 1) enforce an unconstitutional law, 2) not enforce an unconstitutional law.

Municipal liability attaches "where - - and only where - - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Penbauer v. City of Cincinnati*, 479 U.S. 469, 483-4 (1986).

It is HAVEN's position that just like individual, non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others. See *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012)("The requisite causal connection is satisfied if [the defendants] set in motion a series of events that [the defendants] knew or reasonably should have known would cause others to deprive [the plaintiffs] of [their] constitutional rights.")(quoting Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)).

JONES clear policy of enforcing unconstitutional gun laws set the events in motion.

**III.   HAVEN HAS VIABLE CLAIMS UNDER THE FOURTH AND FIFTH AMENDMENT**

There is no doubt BRUCKER entered HAVEN's home, confiscated his firearms, and till this day, they are still missing.  Defendants have made no effort to return them, the Fourth and Fifth Amendment are clear on these facts.  The search, seizure and taking of property violated HAVEN's rights – there is <u>no immunity</u> or excuse as the law was clearly established when the illegal entry took place.

On February 14, 2016, Sacramento Deputy Sheriff JESSE BRUCKER, # 512, acting color of

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**

law and the authority of COUNTY OF SACRAMENTO and SCOTT JONES, in his official capacity as Sheriff of County of Sacramento, and acting without a warrant or probable cause, illegally entered the residence of HAVEN.  SAC ¶ 185   HAVEN was not present to give a consent and was unaware of the entry of BRUCKER.  SAC ¶ 186.  While in HAVEN's residence without informing HAVEN, BRUCKER seized the property of HAVEN consisting of three firearms, including an AR-7 semi-automatic rifle and a standard issue military semi-automatic 1911.  SAC ¶ 187.   No criminal charges were ever filed, and the government has failed to return HAVEN's three firearms and ammunition.  SAC ¶ 188.

The Fifth Amendment guarantees that "due process of law" be part of any proceeding that denies a citizen "life, liberty or property".  In this case, there was never a proceeding.

## CONCLUSION

For the above stated reasons, defendant's motion is properly denied.  If granted, plaintiff requests leave to amend in accordance with this court's ruling.

Dated: November 3, 2016            THE LAW OFFICES OF GARY W. GORSKI
                                   Respectfully Submitted,
                                    /s/ Gary W. Gorski
                                   Gary W. Gorski
                                   Attorney for Plaintiffs

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**