Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>Defendants. | Case No.  16-CV-00523-TLN-KJN<br><br>**PLAINTIFF'S OPPOSITION Defendants COUNTY OF PLACER; EDWARD N. BONNER; DEPUTY ERIC HINTZE; DEPUTY MICHAEL MASON MOTION TO DISMISS SECOND AMENDED COMPLAINT (SAC)**<br><br>**Date: November 17, 2016<br>Time: 2:00 p.m.<br>Dept: 2<br>Judge: Hon. Troy L. Nunley<br>Action Filed: March 11, 2016** |

## ARGUMENT

The Second Amendment is the only right which cannot be exercised without possession, access and ownership of a tool (i.e. gun, knife, taser, horse leash, dog leash, and even a pencil.).

*District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, —— U.S. ——, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) and most recently *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078) are controlling.

## I. QUALIFIED IMMUNITY DOES NOT APPLY

Since at least 2010, the law was clearly established that a horse leash is not a prohibited weapon and that no reasonable person could possibly believe an arrest could be lawful for possession of such an item. *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, ––– U.S. ––––, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) and most recently *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

The court can easily determine this issue just from the pictures. HAVEN SAC ¶s 58-59, 223-225; SAC Exhibit "B".

Secondly, a horse leash is not a slungshot. No reasonable officer or person could confuse the two. If that were the case, then all an officer would have to do is hang around horse stables and arrest everyone for possession of a deadly "slungshot".

## II. PLAINTIFFS HAVE PLED FACTS SUPPORTING DECLARATORY RELIEF AND INJUNCTIVE RELIEF PROHIBITING FURTHER ENFORCEMENT OF HORSE LEASHES ATTACHED TO PLAINTIFFS' MOTORCYCLES.

PLACER states "a physical taking occurs when the government injures private property. See *Levald, Inc. v. City of Palm Desert*, 998 F.2d 689, 684 (9th Cir. 1993). The claim for such <u>constitutional deprivation is against the government, not against individual government actors</u>." Municipal liability attaches "where - - and only where - - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Penbauer v. City of Cincinnati*, 479 U.S. 469, 483-4 (1986).

First, the horse leash would be considered an "arm" in "common use by law-abiding citizens." *Heller v. District of Columbia ("Heller II")*, 670 F.3d 1244, 1252 (D.C. Cir. 2011).

What arms are protected by the Second Amendment came before the Supreme Court by the blanket prohibition of Massachusetts against the possession of a stun gun. The Massachusetts Supreme Court upheld the blanket banishment of stun guns as weapons that were not protected by the Second Amendment under three separate and distinct theories. First Massachusetts asserted that since Stun Guns were not in common use at the time of the Second Amendment's enactment, they did not fall under its protections. Second Massachusetts asserted Stun Guns are dangerous per se at

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**

common law and unusual, they fell out the protections of the Second Amendment.  Finally, Massachusetts argued that stun guns were not readily adaptable to use in the military and therefore were outside the scope of the Second Amendment.

In *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078), the Supreme Court of the United States summarily rejected all of Massachusetts arguments.  In vacating the judgment of the Supreme Judicial Court of Massachusetts in its unanimous per curiam opinion, the court has told us that a blanket prohibition of arms is *per se* unconstitutional.

Therefore, the arrest for a horse leashes (offensively called "slungshot") (SAC ¶s 221-224, 227, 252) is per se a violation of HAVEN's rights.

Therefore, plaintiff has viable Second and Fourth Amendment claim against the Sheriffs and individual officers.

## **CONCLUSION**

For the above stated reasons, defendant's motion is properly denied.  If granted, plaintiffs request leave to amend in accordance with this court's ruling.


Dated: November 3, 2016            THE LAW OFFICES OF GARY W. GORSKI
                                   Respectfully Submitted,
                                    /s/ Gary W. Gorski
                                   Gary W. Gorski
                                   Attorney for Plaintiffs

**Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint**