1  LONGYEAR, O'DEA & LAVRA, LLP
   John A. Lavra, CSB No.: 114533
2  Amanda L. McDermott, CSB No.: 253651
   3620 American River Drive, Suite 230
3  Sacramento, CA 95864
   Phone: 916-974-8500
4  Facsimile: 916-974-8510

5  Attorney for Defendants
   City of Citrus Heights,
6  Chief Christopher Boyd
   Christian Baerresen,
7  and Thomas Lamb

8

9  **UNITED STATES DISTRICT COURT,**

10  **EASTERN DISTRICT OF CALIFORNIA**

11  JAMES EDWARD CUPP, an individual;    )   Case No.: 2:16-CV-00523-TLN-KJN
    LAWRENCE "WOLF" HAVEN, an             )
12  individual,                           )   **REPLY TO PLAINTIFF CUPP'S**
                    Plaintiff,            )   **OPPOSITION TO CITRUS HEIGHTS**
13                                        )   **DEFENDANTS' MOTION TO DISMISS**
            vs.                           )   **[Fed. R. Civ. P. 12(b)(6)]**
14                                        )
    KAMALA D. HARRIS Attorney General of  )
15  the State of California, in her official capacity )  Date:  November 17, 2016
    only; CITY OF CITRUS HEIGHTS; Citrus  )   Time:  2:00 p.m.
16  Heights Police Department Chief       )   CtRm:  2, 15th Floor
    CHRISTOPHER W. BOYD, in both his      )   Judge: Honorable Judge Nunley
17  individual and official capacity; Citrus Heights )
    Police Officer CHRISTIAN BAERRESEN, # )
18  371; Citrus Heights Police Officer THOMAS )
    LAMB, # 315; UNKNOWN CITRUS           )
19  HEIGHTS POLICE OFFICER Badge Number )
    323; UNKNOWN CITRUS HEIGHTS           )
20  POLICE OFFICER who prepared Report    )
    Number CH14-02589 on 03/26/2014; TWO  )
21  UNKNOWN NAMED PEACE OFFICERS          )
    OF THE CITRUS HEIGHTS POLICE          )
22  DEPARTMENT; COUNTY OF                 )
    SACRAMENTO; SCOTT JONES, in his       )
23  official capacity as Sheriff of County of )
    Sacramento; Sacramento Deputy Sheriff  )
24  JESSE BRUCKER, # 512; COUNTY OF       )
    PLACER; EDWARD N. BONNER, in his      )
25  official capacity as Sheriff of County of )
    Placer; Placer County Deputy MASON, # 181; )
26  Placer County Deputy HINTZE, # 101.    )
                                           )
27                  Defendants              )

28

**Reply to Plaintiff Cupp's Opposition to Citrus Heights Defendants' Motion to Dismiss**          Page- 1

Plaintiff Edward Cupp's response to the Citrus Heights Defendants' Motion to Dismiss fails to address the arguments made by Defendants or to establish that with yet another opportunity to amend he would be able to salvage the challenged claims for relief. He continues to assert conclusory statements unsupported by factual allegations or legal authority. Plaintiff Cupp has had the opportunity to properly plead and support his claims in three (3) separate attempts at an operative complaint and now in opposition to a motion to dismiss. He has failed to do so. Based thereon, Citrus Heights Defendants' respectfully request that this court grant its motion to dismiss without leave to amend.

## I. DISMISSAL OF PLAINTIFF CUPP'S CLAIMS FOR MUNICIPAL LIABILITY IS PROPER

In their motion to dismiss, the Citrus Heights Defendants argued that Plaintiff Cupp failed to state a claim for municipal liability because the only claims asserted are that individual employees of the Citrus Heights Police Department followed and enforced state gun laws. In opposition, Plaintiff confirms Defendants' position, adding only that Chief Boyd is employing a custom and wide-spread policy of enforcing state gun laws. This does not adequately assert a municipal liability claim and Plaintiff has not offered any further basis for maintaining or being able to prove liability by the City of Citrus Heights or Chief Boyd in his official capacity. Moreover, the Citrus Heights Defendants did not enact the legislation Plaintiff complains of, and cannot change that legislation. The City of Citrus Heights, its police department, and its Chief of Police must abide by the legislation, and according to Plaintiff, are doing exactly that.

Plaintiff's argument that the City and Chief Boyd have a "policy" of enforcing state law is an insufficient ground for municipal liability under section 1983. Wong v. City & County of Honolulu, 333 F. Supp. 2d 942, 951 (D. Hawaii 2004). Cupp confirms that his claims against the City of Citrus Heights and Chief Boyd are based on their policy and practice of enforcing state laws. He does not make any claim that the City or Chief Boyd have a policy that improperly applies or exceeds the state statute's provisions. "[M]ere enforcement of a state statute is not a sufficient basis for imposing § 1983 municipal liability." Nichols v. Brown, 859 F. Supp. 2d 1118, 1133-34 (C.D. Cal. 2012) (quoting Wong, 333 F. Supp. 2d at 951; see also Surplus Store

and Exchange, Inc. v. City of Delphi, 928 F.2d 788, 791 n.4 (7th Cir. 1991) (refusing to construe state law as a municipal policy in section 1983 claim on the ground that doing so "would allow municipalities to be nothing more than convenient receptacles of liability for violations caused entirely by state actors — here, the [state] legislature").

Moreover, Plaintiff Cupp's alleged injuries are not traceable to the City of Citrus Heights or Chief Boyd and his alleged injuries would not be redressed by a favorable decision against them. The various penal codes that he challenges are state laws, not municipal ordinances. Even if the Court construed enforcement of state law by the City as a municipal "policy," enjoining the City from implementing that "policy" would not provide any real relief if the provisions of those laws remain intact.

Based on the foregoing, Plaintiff Cupp's third, fourth, and fifth claims for relief against Defendant City of Citrus Heights and Chief Boyd in his official capacity should be dismissed with prejudice.

## II. DISMISSAL OF PLAINTIFF CUPP'S CLAIMS AGAINST CHIEF BOYD IS PROPER

Plaintiff's SAC and opposition brief are completely devoid of any allegations at all involving individual actions taken or personal participation in an alleged constitutional violation by Chief Boyd. To demonstrate a civil rights violation, a plaintiff must show that the defendant's conduct caused a deprivation of the plaintiff's constitutional or statutory rights. See 42 U.S.C. § 1983; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). A showing of "personal participation in the alleged rights deprivation" is required as there is "no respondeat superior liability under section 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff Cupp does not address, and thus concedes as to, Defendants' argument that the claims against Chief Boyd in his official capacity are duplicative of the claims against the City of Citrus Heights and should therefore be dismissed for the reasons stated above.

Based on the foregoing, the claims asserted against Chief Boyd in both his individual and official capacity should be dismissed with prejudice.

### III. DISMISSAL OF PLAINTIFF CUPP'S SECOND AMENDMENT CLAIMS IS PROPER

Plaintiff Cupp has presumably abandoned any claim against the Citrus Heights Defendants that California Penal Code section 21310, the law prohibiting the concealed carry of dirks and daggers, and enforcement thereof, violates his Second Amendment rights. He does not respond to Defendants' argument that PC 21310 is constitutional and not in violation of the Second Amendment, or in any way challenge Defendants' arguments or authority in support thereof. In fact, his opposition makes no mention of PC 21310.

Instead, Plaintiff claims that he was arrested for openly carrying a knife, which is not subject to the provisions of PC 21310. Therefore, even if Plaintiff Cupp did intend to maintain a Second Amendment claim related to that penal code, he would not have standing to do so. Further, any claim he may be asserting for wrongful arrest pursuant to PC 21310 is properly evaluated under the Fourth, and not the Second Amendment, as Plaintiff is claiming he was arrested despite not having violated the law.

Plaintiff Cupp now alleges that the Citrus Heights Defendants have violated his Second Amendment rights by enforcing Penal Codes 18250-18275, which deal with confiscation of weapons. In the SAC, this claim for relief is only asserted against Defendant Harris. SAC at 17:13-19. Regardless, Plaintiff again fails to make any claim that the City or Chief Boyd have a policy that improperly applies or exceeds the state statute's provisions. As stated above, "mere enforcement of a state statute is not a sufficient basis for imposing § 1983 municipal liability." Nichols v. Brown, 859 F. Supp. 2d at 1133-34 (quoting Wong v. City & County of Honolulu, 333 F. Supp. 2d at 951)).

Presumably Plaintiff is claiming that being deprived of his weapons for any period of time, for any reason, is a violation of the Second Amendment. He provides no authority for this proposition. Moreover, the right to keep and bear arms is not without limits. District of Columbia v. Heller, 554 U.S. 570, 625 (2008).

These allegations fail to state a claim under the Second Amendment as Plaintiff Cupp has not been prevented from "bearing arms." At best, he has been temporarily prevented from

bearing certain weapons that allegedly remain in police custody. "[T]he 'right to bear arms' is not a right to hold some particular gun or weapon." Garcha v. City of Beacon, 351 F. Supp. 2d 213, 217 (S.D.N.Y. 2005). Based on a similar claim, an Ohio District Court held A Second Amendment claim is not available where the seizure of weapons occurred pursuant to a law enforcement search. This claim is more properly analyzed under the Fourth Amendment, as the validity of the search and seizure will determine Plaintiffs' entitlement to the weapons and whether a constitutional violation occurred when they were seized.

Andrews v. Flaiz, No. 1:14 CV 623, 2014 U.S. Dist. LEXIS 139664, at *25 (N.D. Ohio Sep. 30, 2014). Further, nothing in Plaintiff's SAC or opposition brief suggests that any action taken by the Citrus Heights Defendants prevents him from acquiring another weapon. See Walters v. Wolf, 660 F.3d 307, 317-18 (8th Cir. 2011) (no Second Amendment violation where police seized firearm pursuant to arrest for domestic dispute and where plaintiff was not able to regain possession of firearm at resolution of criminal charges because city had destroyed it pursuant to a city court order, as "defendants did not prohibit [plaintiff] from retaining or acquiring other firearms.").

Plaintiff Cupp references the recent case of Caetano v. Massachusetts, 136 S. Ct. 1027, 194 L.Ed.2d 99 (2016), wherein the United States Supreme Court vacated the judgment of the Massachusetts Supreme Court that upheld a law prohibiting the possession of stun guns on the basis that the Second Amendment did not apply to stun guns, and remanded the case for further proceedings. Plaintiff does not offer any argument that this case is applicable to the claims he asserts and no connection is readily apparent. Citrus Heights Defendants do not have a policy, practice, or custom of prohibiting all firearms or knives or the specific type of firearms and knives possessed by Plaintiff Cupp, nor is it enforcing any state law that has implemented such a ban. It is unclear how this case relates to Plaintiff Cupp's lawsuit and Plaintiff has not provided the connection.

Based on the foregoing, Plaintiff Cupp's claims for violation of his Second Amendment rights against the Citrus Heights Defendants should be dismissed with prejudice.

## IV. DISMISSAL OF PLAINTIFF CUPP'S DUE PROCESS CLAIMS IS PROPER

In their motion to dismiss, the Citrus Heights Defendants argued that Plaintiff Cupp cannot assert a Fifth Amendment Due Process claim, which is what he pled in the SAC, and that he has not properly pled a Fourteenth Amendment Due Process claim. Plaintiff Cupp responds to these arguments by claiming his guns were seized and he still hasn't gotten them back, and that there was no proceeding thereon. Basically, he does not address or oppose the arguments, or provide any authority contrary to Defendants'.

Plaintiff Cupp claims only that "there was never a proceeding" in regard to the confiscation of his weapons. Dkt. No. 23 at 3:15-16. In that respect it seems Plaintiff is not claiming that the state procedures for return of the confiscated property are unconstitutional, but simply that they were not followed in this case. However, he provides no further allegations or information beyond the single sentence cited above. The allegations of the SAC are inadequate and the opposition brief did nothing to improve or salvage the claim.

Further, this statement in opposition to Citrus Heights Defendants' motion to dismiss is contrary to the allegations in the SAC. The SAC noted the procedures required for return of the confiscated weapons, but made no claim that Plaintiff Cupp undertook or attempted to follow said procedures. SAC at ¶¶ 126-28.

Based on the foregoing, Plaintiff Cupp's claims against Citrus Heights Defendants for violation of his due process rights should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Citrus Heights Defendants' respectfully request that this court grant its motion to dismiss Plaintiff Cupp's claims for municipal liability, violations of his Second Amendment right to bear arms, violations of his Due Process rights, and all claims against Chief Boyd in his official and individual capacities, with prejudice.

Dated: November 10, 2016                    LONGYEAR, O'DEA & LAVRA, LLP

                                            By: */s/ Amanda L. McDermott*
                                                JOHN A. LAVRA
                                                AMANDA L. MCDERMOTT