


CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
wm@creggerlaw.com
JORDAN K. DIXON, SBN 301820
jkd@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax:  916.443-2124

Attorneys for Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JESSE BRUCKER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA D. HARRIS, et al.<br><br>Defendants. | Case No.: 2:16-cv-00523 TLN KJN<br><br>**DEFENDANTS COUNTY OF SACRAMENTO, SCOTT JONES AND JESSE BRUCKER'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO SEVER**<br><br>Date:  November 17, 2016<br>Time:  2:00 p.m.<br>Courtroom: 2, 15th Floor<br>Judge:  Hon. Troy L. Nunley |

## I. INTRODUCTION

The Sacramento County defendants moved to dismiss plaintiff Haven's claims, because as alleged in the Second Amended Complaint ("SAC"), plaintiff fails to state a claim against them under the Second, Fourth, or Fifth Amendment. In opposition, plaintiff Haven concedes that the Sacramento County defendants did not violate his Second Amendment rights, and does not meaningfully address defendants' challenge to his Fourth or Fifth Amendment claims. Plaintiff Haven's argument that his case should not be severed from the instant case, because he is really suing the State rather than Sacramento County, supports defendants' motion more than plaintiff's opposition.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

SACRAMENTO COUNTY DEFS.' REPLY RE:MTD
Case No.  2:16-cv-00523 TLN KJN

1

The Sacramento County defendants' motion to dismiss and to sever should be granted.

## II. THE SECOND AMENDMENT CLAIM IS A CLAIM AGAINST THE STATE, NOT THE SACRAMENTO COUNTY DEFENDANTS

### A. The SAC Fails To State A Second Amendment Claim Against Sacramento County Or Its Sheriff

A municipality can be held constitutionally liable only for its own policies that cause constitutional torts. *Monell v. Dep't of Social Servs. of City of New York*, 435 U.S. 658, 694 (1978). No liability may be imposed where local officials act as state policymakers. *McMillian v. Monroe County, Alabama*, 520 U.S. 781, 784-85 (1997). There is no dispute that plaintiff Haven's Second Amendment challenge to the State of California's gun laws is a claim against the State, not against the County of Sacramento. Plaintiff's opposition specifies that his challenge to Sacramento County's alleged policy is a challenge to California Penal Code sections 18250-18275. *See* Pl.'s Opp'n to Sacramento Mot. to Dismiss ("Pl.'s Opp'n") at 2: 26-27. Despite his admission that his challenge is to State policy, plaintiff argues that Sacramento County should be held liable, because it is the "custom of [Sheriff] JONES to enforce state gun laws." Pl.'s Opp'n at 2: 24-25. This argument is unavailing, as even the authority relied on by plaintiff confirms that a law enforcement function, with which the Sheriff is tasked under California State law, is not county policy. *Streit v. County of Los Angeles*, 236 F.3d 552, 564 (9th Cir. 2001).

Plaintiff also fails to state a Second Amendment claim against Sacramento County based on his allegation that the County did not return his firearms, despite having a "duty" to do so pursuant to Penal Code sections 18250-18275. Pl.'s Opp'n at 2: 26-28. A mere breach of duty is insufficient to state a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (negligence does not rise to the level of a constitutional violation). Moreover, the factual allegations in the SAC are insufficient to raise the inference that Sacramento County was negligent in returning plaintiff's firearms under Penal Code sections 18250-18275. California Penal Code section 18265 sets forth the procedures to be followed to retrieve confiscated firearms, but the SAC does not allege that plaintiff followed, or even attempted to follow, these procedures.

Plaintiff Haven fails to state a Second Amendment claim against the County and its

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

SACRAMENTO COUNTY DEFS.' REPLY RE:MTD
Case No.  2:16-cv-00523 TLN KJN

2

Sheriff.

### B. *The SAC Fails To Allege A Second Amendment Claim Against Deputy Brucker*

Plaintiff Haven also fails to state a Second Amendment claim against Deputy Brucker, because Brucker has qualified immunity. By enforcing California's gun laws, Brucker did not violate clearly established law. It is plaintiff's burden to prove that the right allegedly violated was clearly established at the time of the alleged misconduct. *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). Plaintiff has not pointed to any clearly established Second Amendment right that Brucker violated. A clearly established right is a right that is "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). It is not clearly established law that California's gun laws are invalid and should not be enforced. The very existence of California's gun laws and plaintiffs' present challenge to them – and to their enforcement across multiple jurisdictions – demonstrates that the invalidity of California's gun laws is not "beyond debate." Brucker is entitled to qualified immunity against plaintiff Haven's Second Amendment claims.

### III. THE SAC FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A FOURTH OR FIFTH AMENDMENT CLAIM AGAINST THE SACRAMENTO COUNTY DEFENDANTS

The SAC fails to state a claim under the Fourth Amendment, because it alleges conclusory statements rather than facts. The SAC's allegation that Brucker, "acting without a warrant or probable cause, illegally entered the residence of HAVEN" is a conclusion rather than a factual allegation. It therefore cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Nor does the SAC's allegation that Brucker acted "under the authority of HARRIS, COUNTY OF SACRAMENTO and SCOTT JONES, in his official capacity as Sheriff of County of Sacramento," state sufficient facts to support a Fourth Amendment claim against the County. *Bd. of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (no *respondeat superior* liability for municipalities under Section 1983). The Fourth Amendment Cause of Action should be dismissed.

Plaintiff's "opposition" to the motion to dismiss the Fifth Amendment claim fails to address any of the grounds raised in the Sacramento County defendants' motion to dismiss.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

SACRAMENTO COUNTY DEFS.' REPLY RE:MTD
Case No. 2:16-cv-00523 TLN KJN

3

Because plaintiff did not meaningfully oppose defendants' motion on this point, defendants' motion to dismiss the Fifth Amendment claim should be granted.

### IV. PLAINTIFF HAVEN'S CLAIMS AGAINST THE SACRAMENTO COUNTY DEFENDANTS SHOULD BE SEVERED FROM THIS CASE

Plaintiff Haven argues that his claims against the Sacramento County defendants should not be severed from the instant case, because his Second Amendment claim is really a claim against the California Attorney General, and he wants his remedies against the State to apply to the Sacramento County defendants as well. Pl.'s Opp'n at 1: 26 to 2: 8. As argued above and in their moving papers, the Sacramento County defendants are not proper defendants to the Second Amendment claim, because the claim is really against the California Attorney General.

Plaintiff's Fourth Amendment claim, challenging the alleged illegal entry and search, should be severed from the instant case, because this Fourth Amendment claim arises from different transactions and occurrences and does not share common questions of fact or law with the Second Amendment claims that dominate this litigation. Plaintiff does not argue otherwise, as he does not address defendants' grounds for severing his Fourth Amendment claim.

### V. CONCLUSION

Plaintiff Haven's Second Amendment claim is against the State of California, not Sacramento County. Plaintiff offers no meaningful opposition to the Sacramento County defendants' motion to dismiss his Fifth Amendment claim. Plaintiff's Fourth Amendment claims fails to allege facts sufficient to state a claim. The Sacramento County defendants therefore respectfully request that their motion to dismiss the SAC be granted.

DATE: November 10, 2016   CREGGER & CHALFANT LLP

/s/ Wendy Motooka
ROBERT L. CHALFANT
WENDY MOTOOKA
JORDAN K. DIXON
Attorneys for Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JESSE BRUCKER

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

SACRAMENTO COUNTY DEFS.' REPLY RE:MTD
Case No.  2:16-cv-00523 TLN KJN

4