Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

# THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>Defendants. | Case No. 16-CV-00523-TLN-KJN<br><br>PLAINTIFF JAMES EDWARD CUPP'S NOTICE OF MOTION FOR PRELIMINARY EQUITABLE AND INJUNCTIVE RELIEF AGAINST DEFENDANTS XAVIER BECERRA (formerly KAMALA D. HARRIS) Attorney General of the State of California (Now XAVIER BECERRA); Citrus Heights Police Department Chief CHRISTOPHER W. BOYD, in both his individual and official capacity<br><br>**Date:** May 3, 2018<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2, 15th floor<br>**Judge:** Hon. Troy L. Nunley<br>**Action Filed:** March 11, 2016 |

**TO XAVIER BECERRA (formerly KAMALA D. HARRIS) Attorney General of the State of California, Citrus Heights Police Department Chief CHRISTOPHER W. BOYD; COUNTY OF SACRAMENTO and their attorneys of record:**

**PLEASE TAKE NOTICE** that on May 3, 2018, 2:00 p.m., before the Hon. Judge: Hon.

- 1 -

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

Troy L. Nunley, Courtroom 2, 15th floor, in the above entitled court at 501 I Street, Sacramento, CA, Plaintiff James Edward Cupp will be seeking preliminary equitable injunctive relief for the return of his firearms and other property.

**Oral Argument is requested**, and is estimated to be approximately one hour.  The relief sought does not require a bond as it involves the return of personal property.

Plaintiff moves for a preliminary injunction under rule 65 of the Federal Rules of Civil Procedure. Specifically, Plaintiff will seek an order enjoining Defendants:

- Xavier Becerra (formerly Kamala D. Harris) Attorney General of the State of California
- Citrus Heights Police Department Chief Christopher W. Boyd

In their official capacities and their agents, servants, employees, and those working in active concert with them and each other, from enforcing or giving effect to any law or policy which precludes the return of property, including firearms protected under the Second Amendment.

Plaintiff Cupp seeks a preliminary injunction based upon the following **Findings of Fact and Conclusions of Law**:

1. Cupp is a citizen of the State of South Dakota.  Cupp Decl. ¶ 1.
2. Cupp has no criminal record. Cupp Decl. ¶3
3. As a resident of the state of South Dakota, and fully exercising the rights and privileges thereof as a free person of that state, and under the laws of the State of California, the property and firearms seized by the government were and are legal to possess.  Cupp Decl. ¶6;  *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).
4. On March 25, 2014, Cupp's home was a Fifth Wheel, made by KZ, Escalade. CUPP only lives in his mobile home, and does not own a house affixed to land, nor does he rent any fixed home. Therefore, CUPP continuously travels through California which the possession of certain arms and weapons are not protected, though allowed in every other western state.
5. On or around March 25, 2014, while under arrest, and handcuffed, Defendants agents entered the home of Cupp and seized his property without probable cause, even though they had sufficient time to obtain a warrant and no exigency existed.  Cupp's RV was miles away,

locked, and unoccupied.  Cupp Decl. ¶s 13-15.

6. On or around March 25, 2014, the following property owned by Cupp was seized without a warrant, pursuant to state law and municipal policy.

   a. Winchester 12 gauge Shotgun serial number 159604A.

   b. Savage 30.06 Bolt Action Rifle serial number F426673.

   c. Marlin .22 Caliber Rifle serial number 06156981.

   d. Browning .22 Caliber Pistol serial number 65SNV01591.

   e. Raven .22 Caliber Pistol serial number 188422.

   f. Smith and Wesson .357 Caliber Pistol serial number BUF2660.

   g. Ammo Can containing 260 rounds of 30.06 ammunition.

   h. Black Holster.

   i. 10 rounds of .22 Caliber ammunition.

   j. 6 rounds of .25 Caliber ammunition. Cupp Decl. ¶s 12, 14, 18, 19, 21, 22, Exhibit "B" property sheet.

7. On or about 03/27/2014, a criminal complaint (*People v. Cupp*, Sacramento Case Number 14M02083) was filed against Cupp for violation of penal code section 21310.  Cupp Decl. ¶ 5.

8. On 05/30/2014, the case against Cupp was dismissed with prejudice on the Sacramento District Attorney's own motion as the two knives were not daggers nor were they concealed. This fact resulted in an order for return of all property to Cupp which was seized. Cupp Decl. ¶ 18.

9. Plaintiff's two knives were returned to him which were arms protected by the Second Amendment per *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078), but not his six firearms and other firearm related tools and equipment which were also protected by the Second Amendment. Cupp Decl. ¶ 19; *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

10. Irreparable injury in the absence of such an injunction, takes place each day the property is not returned so that Plaintiff my fully exercise his Second Amendment rights. *Melendres v.*

*Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

11. Plaintiff is likely to succeed on the merits.

12. Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

13. Plaintiff is entitled to a preliminary injunction that is "'mandatory,' i.e., 'alter[s] the status quo by commanding some positive act ....'" and has met the heightened showing is necessary. *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)).

14. Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages alone as in order to exercise a right, the necessary tools must be returned to exercise such a right.

15. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for return of property seized.

16. The Second Amendment is the only right which requires access and ownership of a specific type of property (i.e. gun, knife, taser, etc.). To exercise this right, it essentially includes the right to have access to "arms" by way of sale or self manufacture. SAC ¶ 2; *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

17. A bond is not necessary since Cupp is entitled to a return of his property, in addition to the property being necessary to fully exercise his rights to keep and bear arms under the Second Amendment.

This motion is based on this notice of motion and motion, the memorandum of points and authorities filed in support, and supporting declarations. This motion is also based on the pleadings and records already on file, and on any further matters the Court deems appropriate.

DATED: March 16, 2018

Respectfully submitted,
LAW OFFICES OF GARY W. GORSKI
/s/ Gary W. Gorski
GARY W. GORSKI
Attorney for Plaintiff Cupp

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**