Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

# THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>Defendants. | **Case No.**  16-CV-00523-TLN-KJN<br><br>PLAINTIFF LAWRENCE "WOLF" HAVEN'S NOTICE OF MOTION AND MOTION FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANTS KAMALA D. HARRIS Attorney General of the State of California (Now XAVIER BECERRA) AND EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer<br><br>**Constitutionality of State Law at Issue**<br><br>**Date:** May 3, 2018<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2, 15th floor<br>**Judge:** Hon. Troy L. Nunley<br>**Action Filed:** March 11, 2016 |

TO  DEFENDANTS KAMALA D. HARRIS Attorney General of the State of California (Now XAVIER BECERRA) AND EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer and their attorneys of record:

**PLEASE TAKE NOTICE** that on May 3, 2018, 2:00 p.m., before the Hon. Judge: Hon.

- 1 -

---

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

Troy L. Nunley, Courtroom 2, 15th floor, in the above entitled court at 501 I Street, Sacramento, CA, Plaintiff Lawrence "Wolf" Haven will be seeking preliminary equitable injunctive relief for the return of his firearms and other property.

**Oral Argument is requested**, and is estimated to be approximately one hour.  The relief sought does not require a bond as it involves the a single issue regarding the enforcement and constitutionality of California Penal Code §§ 22210 and 22290 as those sections pertain to a "slungshot" as-written and as-applied.

Plaintiff moves for a preliminary injunction under rule 65 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act (28 U.S.C.. §§ 2201 et seq.). Specifically, Plaintiff will seek an order enjoining Defendants:

- Kamala D. Harris (now Xavier Becerra ) Attorney General of the State of California
- Edward N. Bonner, Sheriff of County of Placer

In their official capacities and their agents, servants, employees, and those working in active concert with them and each other, from enforcing or giving effect to any law or policy which precludes the return of property, including arms and property protected under the First, Second, Fifth and Fourteenth Amendment, and the mandatory destruction of the property following an arrest.

Plaintiff Lawrence "Wolf" Haven seeks a preliminary injunction based upon the following **Findings of Fact and Conclusions of Law**:

1. California Penal Code Section 22210 is unconstitutional as a "leaded cane, or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or **slungshot**." are all protected arms under the Second Amendment, especially a "slungshot". *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

2. California Penal Code Section 22290 mandate that any leaded cane or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or **slungshot** be confiscated and summarily destruction whenever found within the state." The Takings Clause of the Fifth Amendment provides "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Takings Clause applies against the States through the Fourteenth Amendment. See *Lingle v. Chevron U.S.A. Inc.*, 544

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

U.S. 528, 541 (2005); *Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2427 (2015)(leading Taking case regarding personal property).

3. Irreparable injury in the absence of such an injunction, takes place each day the property is not returned so that Plaintiff my fully exercise his Second Amendment rights. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

4. Plaintiff is likely to succeed on the merits.

5. Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

6. Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages alone as in order to exercise a right, the necessary tools must be returned to exercise such a right.

7. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for injunctive and declaratory relief.

8. The Second Amendment is the only right which requires access and ownership of a specific type of property (i.e. gun, knife, taser, etc.). To exercise this right, it essentially includes the right to have access to "arms" by way of sale or self manufacture. SAC ¶ 2; *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

9. A bond is not necessary the Court can make the determination whether the statute is constitutional as-written and as-applied.

This motion is based on this notice of motion, memorandum of points and authorities, and supporting declarations, and the records already on file.

DATED: April 2, 2018

Respectfully submitted,
LAW OFFICES OF GARY W. GORSKI
/s/ Gary W. Gorski
GARY W. GORSKI
Attorney for Plaintiff Lawrence "Wolf" Haven

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**