Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA 95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
STRATEGIC LAW COMMAND
3017 Douglas Blvd. Suite 150
Roseville, CA 95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com
Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

**THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual
Plaintiff,

vs.

KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; CITY OF CITRUS HEIGHTS; Citrus Heights Police Department Chief CHRISTOPHER W. BOYD, in both his individual and official capacity; Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371; Citrus Heights Police Officer THOMAS LAMB, # 315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT; COUNTY OF SACRAMENTO; SCOTT JONES, in his official capacity as Sheriff of County of Sacramento; Sacramento Deputy Sheriff JESSE BRUCKER, # 512; COUNTY OF PLACER; EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer; Placer County Deputy MASON, # 181; Placer County Deputy HINTZE, # 101.

**Case No.** 16-CV-00523-TLN-KJN

**DECLARATION OF LAWRENCE "WOLF" HAVEN IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANTS KAMALA D. HARRIS Attorney General of the State of California (Now XAVIER BECERRA) AND EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer**

Defendants.

**DECLARATION OF LAWRENCE "WOLF" HAVEN**

**I, LAWRENCE "WOLF" HAVEN, hereby make this declaration under the penalty of perjury, and based upon my own personal knowledge.**

1. I, LAWRENCE "WOLF" HAVEN, am a competent adult, natural person, and citizen of the United States of America, and at all relevant times a legal resident of California, and a citizen of the state of California. Plaintiff LAWRENCE “WOLF” HAVEN is a legal resident of County of Sacramento, California. All times hereinafter, I will identify myself in the third person as simply Haven for ease of reference.

2. Haven has no criminal record, other than being arrested for a felony (the subject matter of this case) and having his DNA and property seized for possession of a horse leash.

3. Haven is a Native American, a Veteran (1979-1983 U.S.N. Honorable Discharge) a hunter, a motorcyclist and owner of firearms which were also confiscated by the government without due process or probable cause (see claim against Sacramento County in this case). As a Veteran and Native-American, Haven belongs to a class which consists of a long tradition of keeping and bearing arms of all types, including a bow and arrow, slingshot, rock, or a rope with a heavy rock or metal ball attached which the government calls a “slungshot”.

4. While serving in the U.S. Navy, the United States entrusted Haven with a security clearance to work on heavy explosives and ordinances without much ado.

5. In Haven’s common experience in life and in the Navy is that a “slungshot” was a maritime tool consisting of a weight, or "shot," affixed to the end of a long cord. After being arrested for a “slungshot”, Haven had research what is a prohibited “slungshot” and his internet research uses the term interchangeably as a tool or arms, but a horse lead is not a slungshot.

6. EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer, is responsible for executing and administering the laws, customs, practices, and policies of HARRIS and the State of California, and HARRIS is the Chief Law Enforcement Officer.

7. California Penal Code Section 22210 states that it is a criminal offense for “any person in this state who ... possesses any leaded cane, or any instrument or weapon of the kind commonly

known as a billy, blackjack, sandbag, sandclub, sap, or slungshot."

8. In addition, California Penal Code Section 22290 mandates that any leaded cane or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or slungshot is a nuisance and "shall be subject to confiscation and summary destruction whenever found within the state."

9. On February 8, 2016, Deputy MASON and Deputy HINTZE from the Placer County Sheriff's Department stopped Haven for what they falsely alleged was an "illegal weapon" hanging from the handle bars of his motorcycle, affectionately known as his "iron horse."

10. Haven had attached to his motorcycle an <u>ornamental</u> and common "horse lead" (thick nylon rope with a metal <u>quick release</u> - identical to a dog leash, but sturdier).

11. Deputy MASON and Deputy HINTZE directed a dysphemism toward a simple decorative horse leash describing it as a "slungshot" and thereby arrested Haven, and ensured that a criminal complaint would be filed against Haven.

12. Attached hereto as **Exhibit "A"** is a true and correct copy of the evidence photo as provided to Haven as a result of the Criminal Complaint filed against Haven. This is a photo which accurately represents the leash hanging off Haven's motorcycle handlebar, except the photo is not a color copy. The true color was black and red, almost identical to Haven's attorney's dog leash in **Exhibit "C"**.

13. **Exhibit "A"** was a gift to Haven, and had much sentimental value to him.

14. Attached hereto as **Exhibit "B"** is a true and correct copy of the Criminal Complaint filed against Haven for "possession" of **Exhibit "A"**.

15. Deputy MASON and Deputy HINTZE arrested Haven for the **<u>felonious</u>** possession of a horse leash, which they called a "slungshot", per California Penal Code Section 22210.

16. Mr. Haven was placed under <u>felony arrest</u> whereby he was incarcerated, his DNA was forcibly removed from his person, and then he had to pay bail to get released.

17. While arresting Haven, deputies HINTZE and MASON made various pejorative comments to Haven that he was a criminal simply by his expressive attire (e.g. leather vest with expressive patches and his buck knife, which was also a gift), stickers on his Harley Davidson (e.g.

"Support Your Local Hells Angels", "Support Your Local Boozefighters", "Support Your Local Henchmen", and "Support Your Local Misplaced Souls") and accouterments on his Harley Davidson motorcycle (i.e. iron horse leash/lead which was also a gift); all of which are protected by either the First or Second Amendment, or both.

18. No reasonable officer or person would deem a horse leash or a cord with a quick release as an illegal weapon pursuant to P.C. 22210. The jail booking officers expressed their shock that Haven was arrested for **Exhibit "A"**, and stated that was a first for them.

19. Haven was also damaged by having to pay for bail and getting his motorcycle out of impound.

20. On March 3, 2016, the Placer County District Attorney filed charges against Haven for violating California Penal Code section 22210. Haven was arraigned on the charges in Placer County Superior Court.

21. Placer County Deputy Sheriffs were acting under color of law and policy of the Sheriff and State of California's Chief Law Enforcement Officer.

22. Though the Placer County District Attorney dismissed the criminal complaint, at the direction of HARRIS and BONNER pursuant to state laws, policies and regulations, Haven had his ornamental horse leash permanently seized by Placer Deputy Sheriffs, though no crime had been committed, and destroyed pursuant to California Penal Code Section 22290.

23. California and its law enforcement are enforcing laws which criminalize any "potential" arm, including ornamental motorcycle accouterments found at the local feed and equestrian shops, or possessed by horse and dog owners. See **Exhibit "C"** attached hereto are pictures of Haven using so-called slungshots with his friend's horse in Placer County and his attorney's German Shepard in Sacramento County, and the various leads similar to the one seized as depicted in **Exhibit "A"**. **Exhibit "D"** are illustrative examples of protected speech.

24. Because of the threat of repeated arrest, prosecution and confiscation of property, Haven has a legitimate real fear of riding his motorcycle with an ornamental horse lead referred to as a "slungshot" by the Placer County deputies and Sheriff, and the State of California.

25. Haven desires and intends to travel with arms on his motorcycle, including a horse leash

referred to as a "slungshot" and other arms, which as a citizen of the United States is legal and a constitutional right. See *Jaime Caetano v. Massachusetts* 577 U.S. ___ (2016).

26. The government intends to seize all arms and prosecute Haven for carrying and possessing arms which California deems prohibited, in total disregard of the Second Amendment.

27. The Placer County District attorney threatened to prosecute Haven if he did not agree to have his property (i.e. "arm") destroyed. Under the threat of prosecution, Haven had no choice but to agree as the government has unlimited resources to prosecute Haven for a weapons violation, and thereby making Haven ineligible to ever own a firearm or any other arm protected by the Second Amendment.

28. Haven had his property seized and destroyed under the threat of continued prosecution.

29. By threatening future prosecutions for possession of a horse leash referred to as a "slungshot" simply because it has a quick release, and injunction is necessary as the threat of arrest, prosecution and destruction of property will chill Haven's free exercise of his liberty, and his First and Second Amendment rights.

30. Instead of the government immediately returning Haven's "arm" once it was determined that no crime had been committed, HARRIS has deprived Haven's of his ability to exercise his property rights, and First and Second Amendment rights by taking the very instrument necessary for exercising such rights.

31. Haven is even prohibited from purchasing a new leash (dysphemism called a "slungshot") as California has criminalized possession of any horse lead, regardless of its use.

32. Haven seeks to enjoin HARRIS (State of California), BONNER, MASON, and HINTZE from enforcing P.C. 22210 and 22290, regardless as to the nomenclature of an "arm", and especially as to any horse lead or dog leash being categorized as a "slungshot", and a declaration that P.C. 22210 and 22290 are unconstitutional as written and/or as applied.

33. The Second Amendment guarantees law-abiding citizens the right to keep and bear arms for self-defense purposes, and arms includes more than just firearms; it includes all non-lethal weapons for purposes of self defense, including a leaded cane, or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or slungshot.

VERIFICATION

I, LAWRENCE "WOLF" HAVEN, have read the foregoing Declaration and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe them to be true. I declare under the penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on March 30, 2018, in Folsom, California.

LAWRENCE "WOLF" HAVEN
Declarant