1   Gary W. Gorski (SBN 166526)
    LAW OFFICES OF GARY W. GORSKI
2   3017 Douglas Blvd. Suite 150
    Roseville, CA  95661
3   916-758-1100
    CivilRightsAttorney@outlook.com
4   www.lonewolflaw.com

5   Daniel M. Karalash (SBN 176422)
    Strategic Law Command
6   3017 Douglas Blvd. Suite 150
    Roseville, CA  95661
7   (916) 787-1234
    dan@stratlaw.org
8   www.stratlaw.com

9   Attorneys for Plaintiffs
    JAMES EDWARD CUPP and
10  LAWRENCE "WOLF" HAVEN

## THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual;<br>LAWRENCE "WOLF" HAVEN, an individual<br><br>        Plaintiff,<br><br>    vs.<br><br>KAMALA D. HARRIS Attorney General of the<br>State of California, in her official capacity only;<br>et al.<br><br>        Defendants.<br>_____ | **Case No.**  16-CV-00523-TLN-KJN<br><br>PLAINTIFF LAWRENCE "WOLF"<br>HAVEN'S NOTICE OF MOTION FOR<br>PRELIMINARY EQUITABLE AND<br>INJUNCTIVE RELIEF AGAINST<br>DEFENDANTS KAMALA D. HARRIS (now<br>XAVIER BECERRA) Attorney General of the<br>State of California, Sacramento Deputy Sheriff<br>JESSE BRUCKER, # 512, and SCOTT<br>JONES, in his official capacity as Sheriff of<br>County of Sacramento<br><br>**Constitutionality of State Statute Challenge**<br><br>**Date:** May 3, 2018<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2, 15th floor<br>**Judge:** Hon. Troy L. Nunley<br>**Action Filed:** March 11, 2016 |

**TO  KAMALA D. HARRIS (now XAVIER BECERRA ) Attorney General of the State**

**of California, Sacramento Deputy Sheriff JESSE BRUCKER, # 512, COUNTY OF**

**SACRAMENTO and SCOTT JONES, in his official capacity as Sheriff of County of**

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

1  Sacramento and their attorneys of record:

2  **PLEASE TAKE NOTICE** that on May 3, 2018, 2:00 p.m., before the Hon. Judge: Hon.

3  Troy L. Nunley, Courtroom 2, 15th floor, in the above entitled court at 501 I Street, Sacramento, CA,

4  Plaintiff Lawrence "Wolf" Haven will be seeking preliminary equitable injunctive relief for the

5  return of his firearms and other property.

6  **Oral Argument is requested**, and is estimated to be approximately one hour.  The relief

7  sought does not require a bond as it involves the return of personal property and a conclusion of law

8  as to the constitutionality of a state statute.

9  Plaintiff moves for a preliminary injunction under rule 65 of the Federal Rules of Civil

10  Procedure. Specifically, Plaintiff will seek an order enjoining Defendants:

11  •  Kamala D. Harris (now Xavier Becerra) Attorney General of the State of California

12  •  Scott Jones as Sheriff of County of Sacramento

13  •  Sacramento Deputy Sheriff Jesse Brucker

14  In their official capacities and their agents, servants, employees, and those working in active concert

15  with them and each other, from enforcing or giving effect to any law or policy which precludes the

16  return of property, including firearms protected under the Second Amendment.

17  Sacramento Deputy Sheriff Jesse Brucker, # 512 is named as it is unknown if he still has

18  custody and control over the firearms seized, to the extent they are in his control, equitable relief is

19  sought against him personally to return the firearms that he removed from Haven's home.

20  Plaintiff Lawrence "Wolf" Haven seeks a preliminary injunction based upon the following

21  **Findings of Fact and Conclusions of Law**:

22  1.  Defendants are hereby enjoined and ordered to cease and desist confiscating

23  lawfully-possessed firearms from Haven and all other citizens, and retaining the firearms

24  without due process.

25  2.  It is further ordered that these defendants return the firearms, ammunition and magazines,

26  which have been confiscated by defendants, and identified as follows:

27  a.  Stevens Model 320 12 gauge Shotgun, serial # 122333P.
    b.  12 gauge shotgun shells loaded in firearm.
28  c.  Colt 1911 MKIV 45. Cal., serial # FG54400.

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

d.     .45 Cal. Bullets loaded in firearm.
e.     2 Colt 1911 Magazines.
f.     Armalite AR-7 .22 Cal., serial # 109802.

3.     An order that Haven and other citizens be able to purchase Non-Roster Handguns (Unsafe Handguns) (Penal Code, § 32000.) just as California law enforcement officers allowed to purchase said handguns and the standard magazine which the handgun was designed to hold, irrelevant as to any new laws being passed prior to judicial review of this court.

4.     A conclusion of law that California Penal Code Section Penal Code, § 32000 is unconstitutional as it is a prior restraint on arms protected under the Second Amendment, and it violates the Equal Protection Clause of the 14th Amendment. *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078) is controlling.

5.     Irreparable injury in the absence of such an injunction, takes place each day the property is not returned so that Plaintiff my fully exercise his Second Amendment rights. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

6.     IT IS HEREBY ORDERED that: Defendant Attorney General Xavier Becerra, and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, and those duly sworn state peace officers and federal law enforcement officers who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Penal Code sections the Unsafe Handgun Act (Cal. Penal Code §§ 31910, 32015(a)) and its progeny the Crime Gun Identification Act ("CGIA"). Assem. B. 1471, 2007-2008 Leg., Reg. Sess. § 1 (Cal. 2007). Non-Roster Handguns (Unsafe Handguns) (Penal Code, § 32000.)

7.     Defendant Harris/Becerra shall provide, by personal service or otherwise, actual notice of this order to all law enforcement personnel who are responsible for implementing or enforcing the enjoined statute. The government shall file a declaration establishing proof of such notice.

8.     Plaintiff is likely to succeed on the merits.

- 3 -

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

9.  Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

10. Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages alone as in order to exercise a right, the necessary tools must be returned to exercise such a right.

11. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for injunctive and declaratory relief.

12. The Second Amendment is the only right which requires access and ownership of a specific type of property (i.e. gun, knife, taser, etc.).  To exercise this right, it essentially includes the right to have access to "arms" by way of sale or self manufacture.  SAC ¶ 2;  *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

13. A bond is not necessary the Court can make the determination whether the statute is constitutional as-written and as-applied.

14. On or around February 14, 2016, the following property owned by Lawrence "Wolf" Haven was seized without a warrant, pursuant to state law and municipal policy.

    a.  Stevens Model 320 12 gauge Shotgun, serial # 122333P.
    b.  12 gauge shotgun shells loaded in firearm.
    c.  Colt 1911 MKIV 45. Cal., serial # FG54400.
    d.  .45 Cal. Bullets loaded in firearm.
    e.  2 Colt 1911 Magazines.
    f.  Armalite AR-7 .22 Cal., serial # 109802.

Lawrence "Wolf" Haven Decl. ¶s 12-18, Exhibit "A" property sheet.

15. Haven was not arrested, no criminal complaint was filed, and no crime was ever committed by Lawrence "Wolf" Haven. Haven Decl. ¶ 12-14, 16, 18.

16. Irreparable injury in the absence of such an injunction, takes place each day the property is not returned so that Plaintiff my fully exercise his Second Amendment rights. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold

- 4 -

**Plaintiff's Motion for Preliminary Injunction and Equitable Relief**

that no further showing of irreparable injury is necessary.").

17.    Plaintiff is likely to succeed on the merits.

18.    Plaintiff raises sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward Plaintiff.

19.    Plaintiff is entitled to a preliminary injunction that is "'mandatory,' i.e., 'alter[s] the status quo by commanding some positive act ....'" and has met the heightened showing is necessary. *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)).

20.    Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages alone as in order to exercise a right, the necessary tools must be returned to exercise such a right.

21.    Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 for return of property seized.

22.    The Second Amendment is the only right which requires access and ownership of a specific type of property (i.e. gun, knife, taser, etc.).  To exercise this right, it essentially includes the right to have access to "arms" by way of sale or self manufacture.  SAC ¶ 2; *Caetano v. Massachusetts*, 577 U.S. ___, (March 21, 2016)(No. 14-10078).

23.    A bond is not necessary since Lawrence "Wolf" Haven is entitled to a return of his property, in addition to the property being necessary to fully exercise his rights to keep and bear arms under the Second Amendment.

This motion is based on this notice of motion and motion, the memorandum of points and authorities filed in support, and supporting declarations.  This motion is also based on the pleadings and records already on file, and on any further matters the Court deems appropriate.

DATED: April 3, 2018

Respectfully submitted,
LAW OFFICES OF GARY W. GORSKI
/s/ Gary W. Gorski
GARY W. GORSKI
Attorney for Plaintiff Lawrence "Wolf" Haven