**Exhibit "C."**



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

550 N. Brand Blvd., Suite 800
Glendale, CA 91203

March 31, 2017

www.atf.gov

Dear Law Enforcement Partners:

I am writing this letter to ask for your assistance in addressing an emerging problem that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Los Angeles Field Division has identified. Our concern is that law enforcement officers are purchasing and then selling firearms in possible violation of Federal law. I urge you to pass on the attached "Law Enforcement Advisory" to educate your law enforcement officers about the requirements for obtaining a Federal Firearms License (FFL) before engaging in the business of buying and selling firearms. It is our goal to educate, not investigate, to ensure law enforcement officials comply with federal law in order to avoid unnecessary public embarrassment to themselves and your Department/Agency.

Recently, ATF has discovered that some law enforcement officers who do not have an FFL are purchasing "off roster" firearms (California Law restricts FFLs sales of these firearms to law enforcement only) and reselling those firearms to non-law enforcement entities for a profit. When a firearm is recovered at crime scene, a trace is typically conducted. When an "off roster" firearm is traced, it reveals the officer/agent's name as the original purchaser. In some instances, ATF has discovered officers who purchased more than 100 "off roster" firearms that were subsequently transferred to non-law enforcement individuals. Such transactions potentially constitute violations of federal firearms laws, to include dealing firearms without a FFL, and lying on a federal firearms form when purchasing said firearm—also known as "straw purchasing." When presented with compelling evidence of flagrant violations of federal firearms laws, ATF is obligated to conduct a criminal investigation.

ATF believes with your support, educating is the most effective way to stop the growing trend of law enforcement officials engaging in the business of unlicensed firearms dealings. In addition, ATF can provide in-person training to answer any questions or concerns you or your law enforcement personnel may have about federal firearms laws.

Please understand ATF's primary position is to educate and stop future occurrences to prevent these types of investigations. Feel free to reach out to my Division Counsel or me to request in-person training, or for further information and/or answers to any questions or concerns at 818-265-2500. Thank you for your understanding, time, and attention to this extremely important matter.

Sincerely,

Eric D. Harden
Special Agent in Charge
Los Angeles Field Division



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives
Los Angeles Field Division
March-2017

# *****LAW ENFORCEMENT ADVISORY*****

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is responsible for enforcement of the Federal firearms laws and, as part of that duty, ATF licenses those persons lawfully dealing in firearms and prevents unlicensed dealing in violation of Federal law. We seek the cooperative efforts of the general public in fulfilling this mandate.

Federal firearms laws provide that a "dealer" in firearms includes persons engaged in the business of buying and selling firearms at wholesale and retail. *See* 18 U.S.C. § 921(a)(11). A person engages in business as a dealer in firearms by devoting time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. For example, per 18 U.S.C. § 921(a)(21)(C), **a law enforcement official who regularly acquires "off roster" firearms and sells or disposes of them for a profit is engaging in the business as a dealer of firearms and must be licensed.**

In addition, Title 18, United States Code, Sections 922(a)(6) and 924(a)(1)(A), provide that it is unlawful for any person to make a false statement on a Firearms Transaction Record, ATF Form 4473, when acquiring a firearm from a Federal firearms licensee. For example, it is unlawful to knowingly misrepresent that you are the transferee-buyer of a firearm when you acquire a firearm with the intent to sell or otherwise dispose of that firearm to someone else, <u>even</u> if the subsequent transfer is processed through a Federal firearms licensee. **You are not the actual transferee-buyer of a firearm if you are acquiring the firearm for, or on behalf of, any other person**, unless the firearm is a bona fide gift, or being retrieved after repair.

A person convicted of unlawfully engaging in the business of dealing in firearms without a license is subject to imprisonment for not more than five (5) years and/or a fine of up to $250,000.

Any person convicted of making a false statement to a Federal firearms licensee when acquiring a firearm may be imprisoned for up to ten (10) years for violating Section 922(a)(6), or five (5) years for violating Section 924(a)(1)(A) and/or a fine up to $250,000.

If you have any questions concerning engaging in the business as a dealer, please contact this office at (818) 265-2500.