Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

**THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>Defendants. | **Case No.**  16-CV-00523-TLN-KJN<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>**Date:** May 3, 2018<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2, 15th floor<br>**Judge:** Hon. Troy L. Nunley<br>**Action Filed:** March 11, 2016 |

    Plaintiffs' Motions for Preliminary Injunction came on for hearing before this Court on May 3, 2018, 2:00 p.m., before the Hon. Judge: Hon. Troy L. Nunley, Courtroom 2, 15th floor, in the above entitled court at 501 I Street, Sacramento, CA.

    After consideration of the briefs and arguments of counsel, the evidence filed in support of and opposition to this motion, and being fully advised, the Court finds that Plaintiffs have demonstrated both a likelihood of success on the merits and the possibility of irreparable harm should injunction not issue. At minimum, this case raises serious questions of constitutional importance, the balance of equities tips sharply in Plaintiffs' favor and preliminary injunction is in

- 1 -

**Order for Preliminary Injunction and Equitable Relief**

the public interest. Accordingly, Plaintiffs are entitled to preliminary injunctive relief to for the return of property and preserve the status quo pending resolution of this case on the merits, and the Court GRANTS Plaintiffs' motions as follows:

1. Upon finding that Plaintiffs have met their burden of showing (1) a likelihood of success on the merits, and (2) the possibility of irreparable harm, or alternatively that this case raises serious questions and the balance of equities tips sharply in Plaintiffs favor, a preliminary injunction is granted pursuant to Federal Rule of Civil Procedure 65 and the inherent equitable powers of the Court.

2. The Court hereby preliminarily orders as follows:

<u>As to JAMES EDWARD CUPP,</u> the Court hereby orders Defendants KAMALA D. HARRIS (now XAVIER BECERRA ) Attorney General of the State of California and Citrus Heights and Police Department Chief CHRISTOPHER W. BOYD to return the following property seized on March 25, 2014, as follows:

a. Winchester 12 gauge Shotgun serial number 159604A.
b. Savage 30.06 Bolt Action Rifle serial number F426673.
c. Marlin .22 Caliber Rifle serial number 06156981.
d. Browning .22 Caliber Pistol serial number 65SNV01591.
e. Raven .22 Caliber Pistol serial number 188422.
f. Smith and Wesson .357 Caliber Pistol serial number BUF2660.
g. Ammo Can containing 260 rounds of 30.06 ammunition.
h. Black Holster.
i. 10 rounds of .22 Caliber ammunition.
j. 6 rounds of .25 Caliber ammunition. Cupp Decl. ¶s 12, 14, 18, 19, 21, 22, Exhibit "B" property sheet.

<u>As to Plaintiff LAWRENCE "WOLF" HAVEN,</u> the Court hereby orders Defendants KAMALA D. HARRIS (now XAVIER BECERRA ) Attorney General of the State of California, Sacramento Deputy Sheriff JESSE BRUCKER, # 512, and SCOTT JONES, in his official capacity as Sheriff of County of Sacramento to return the following property seized on February 14, 2016, as follows confiscated by defendants, and identified as follows:

a. Stevens Model 320 12 gauge Shotgun, serial # 122333P.
b. 12 gauge shotgun shells loaded in firearm.
c. Colt 1911 MKIV 45. Cal., serial # FG54400.
d. .45 Cal. Bullets loaded in firearm.
e. 2 Colt 1911 Magazines.
f. Armalite AR-7 .22 Cal., serial # 109802.

**Order for Preliminary Injunction and Equitable Relief**

    <u>As to Plaintiff LAWRENCE "WOLF" HAVEN</u>, the Court hereby ENJOINS Defendants KAMALA D. HARRIS (now XAVIER BECERRA ) Attorney General of the State of California and EDWARD N. BONNER, in his official capacity as Sheriff of County of Placer, from enforcing California Penal Code Section 22210 and California Penal Code Section 22290 pending resolution of the merits of this case or further order of this Court.

    Additionally, the Court hereby ENJOINS Defendants KAMALA D. HARRIS (now XAVIER BECERRA ) Attorney General of the State of California, and her/his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with her/him, and those duly sworn state peace officers and federal law enforcement officers who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Penal Code sections the Unsafe Handgun Act (Cal. Penal Code §§ 31910, 32015(a)) and its progeny the Crime Gun Identification Act ("CGIA"). Assem. B. 1471, 2007-2008 Leg., Reg. Sess. § 1 (Cal. 2007). Non-Roster Handguns (Unsafe Handguns) (Penal Code, § 32000.)

    3.    This preliminary injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court. The Attorney General shall provide, by personal service or otherwise, actual notice of this order to all law enforcement personnel who are responsible for implementing or enforcing the enjoined statute. The government shall file a declaration establishing proof of such notice.

    4.    The Court further finds that the balance of potential hardships each party will suffer as a result of preliminary injunction weighs overwhelmingly in Plaintiffs' favor and that Plaintiffs have established a strong likelihood of success on the merits. As such, the Court hereby exercises its discretion to waive the bond requirement for this preliminary injunction. [Plaintiffs are directed to file proof of bond, in the amount of $_____, within three court days of this Order. The bond shall serve as security for all claims with respect to this preliminary injunction and any additional injunctive relief order by the Court in this action.]

    **IT IS SO ORDERED**.

    Date:    _____

**Order for Preliminary Injunction and Equitable Relief**

Honorable Judge Troy L. Nunley
United States District Court Judge

**Order for Preliminary Injunction and Equitable Relief**