1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  CONSTANCE L. LELOUIS, State Bar No. 148821
   Supervising Deputy Attorney General
3  ANTHONY P. O'BRIEN, State Bar No. 232650
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-6002
6   Fax: (916) 324-8835
    E-mail: Anthony.OBrien@doj.ca.gov
7  *Attorneys for Defendant Xavier Becerra, Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, and individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.,**<br><br>Defendants. | 2:16-cv-00523-TLN-KJN<br><br>**ATTORNEY GENERAL BECERRA'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>Date: May 3, 2018<br>Time: 2:00 p.m.<br>Dept: Courtroom 2, 15th Floor<br>Judge: The Honorable Troy L. Nunley<br>Trial Date: None Set<br>Action Filed: March 11, 2016 |

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1
BACKGROUND .............................................................................................................................. 1
    I.    Procedural History. ..................................................................................................... 1
    II.   Plaintiffs' Allegations in Preliminary Injunction Motions. ....................................... 2
STANDARD OF REVIEW .............................................................................................................. 3
ARGUMENT .................................................................................................................................... 3
    I.    Plaintiffs Have Not Demonstrated a Likelihood of Success on the Merits............. 3
        A.   Sovereign Immunity Bars Plaintiffs' Claims Against the Attorney General. .......................................................................................................... 3
        B.   Plaintiffs' Claims Are Unripe Because They Have Not Completed the Statutorily-Required Gun Return Process. ............................................ 5
        C.   Plaintiff Haven Lacks Standing to Seek Injunctive Relief Regarding the State's Prohibition of Off-Roster Firearms. ............................................ 6
        D.   Plaintiff Haven's Claim that California Penal Code Section 22210 is Unconstitutionally Vague Is Unlikely to Succeed on the Merits. ........... 8
    II.   Plaintiffs Have Failed to Demonstrate Either Irreparable Injury or that the Balance of Harms and the Public Interest Weigh in Favor of an Injunction. ......... 8
CONCLUSION ................................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alliance for the Wild Rockies v. Cottrell*
    632 F.3d 1127 (9th Cir. 2011) ................................................................................. 3

*Babbitt v. United Farm Workers Nat'l Union*
    442 U.S. 289 (1979) ................................................................................................ 5

*Bauer v. Harris*
    94 F. Supp. 3d 1149 (E.D. Cal. 2015) ..................................................................... 6

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1983) ............................................................................................. 7, 8

*Clapper v. Amnesty Int'l USA*
    568 U.S. 398 (2013) ................................................................................................ 7

*Coal. to Defend Affirmative Action v. Brown*
    674 F.3d 1128 (9th Cir. 2012) ................................................................................. 4

*Fed. Trade Comm'n v. Affordable Media, LLC*
    179 F.3d 1228 (9th Cir. 1999) ................................................................................. 9

*First Franklin Fin. Corp. v. Franklin First Fin., Ltd.*
    356 F. Supp. 2d 1048 (N.D. Cal. 2005) ................................................................... 8

*Heller v. District of Columbia*
    554 U.S. 570 (2008) ................................................................................................ 6

*Hodgers-Durgin v. De la Vina*
    199 F.3d 1037 (9th Cir. 1999) ................................................................................. 5

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ................................................................................................ 6

*Maryland v. King*
    567 U.S. 1301 (2012) .............................................................................................. 9

*Peña v. Lindley*
    No. 2:09-CV-01185-KJM-CKD, 2015 WL 854684 (E.D. Cal. Feb. 26, 2015) ........ 7

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) .................................................................................................. 4

**TABLE OF AUTHORITIES**
(continued)

Page

*People v. Fannin*
    91 Cal. App. 4th 1399 (2001) ................................................................................................. 8

*Peruta v. County of San Diego*
    824 F.3d 919 (9th Cir. 2016) .................................................................................................. 8

*Quern v. Jordan*
    440 U.S. 332 (1979) ............................................................................................................... 4

*Railway Mail Ass'n v. Corsi*
    326 U.S. 88 (1945) ................................................................................................................. 5

*S. Pac. Transp. Co. v. City of Los Angeles*
    922 F.2d 498 (9th Cir. 1990) .................................................................................................. 4

*San Diego County Gun Rights Comm. v. Reno*
    98 F.3d 1121 (9th Cir. 1996) .................................................................................................. 7

*Snoeck v. Brussa*
    153 F.3d 984 (9th Cir. 1998) .................................................................................................. 4

*Thomas v. Anchorage Equal Rights Comm'n*
    220 F.3d 1134 (9th Cir. 2000) ................................................................................................ 5

*Tracy Rifle and Pistol LLC v. Harris*
    118 F. Supp. 3d 1182 (E.D. Cal. 2015) .................................................................................. 9

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*
    454 U.S. 464 (1982) ............................................................................................................... 7

*Wilson v. Lynch*
    No. 14-15700, 2016 WL 4537376 (9th Cir. Aug. 31, 2016) .................................................. 7

*Winter v. Natural Res. Def. Council, Inc.*
    555 U.S. 7 (2008) ............................................................................................................. 3, 8

*Ex parte Young*
    209 U.S. 123 (1908) ............................................................................................................... 4

**STATUTES**

United States Code, Title 28
    §§ 2201–2202 ......................................................................................................................... 4

United States Code, Title 42
    § 1983 ..................................................................................................................................... 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

California Penal Code
    § 22210 .................................................................................................................. 8
    § 22290 .................................................................................................................. 8
    § 29900 .................................................................................................................. 6
    § 32000 (a) ............................................................................................................ 7
    § 33850 .................................................................................................................. 5
    § 33850(a) ............................................................................................................. 5
    § 33865(a) ............................................................................................................. 6
    § 33865(b) ............................................................................................................. 6
    § 33865(c) ............................................................................................................. 6

California Welfare and Institutions Code
    § 8103 ................................................................................................................... 6

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Article V, § 13 ...................................................................................................... 4

# INTRODUCTION

In their Second Amended Complaint ("Complaint"), Plaintiffs James Edward Cupp and Lawrence "Wolf" Haven (collectively "Plaintiffs") allege constitutional violations by California Attorney General Xavier Becerra,[1] Sacramento and Placer County Sheriff's Departments, and the Citrus Heights Police Department, resulting from separate instances in which the local law enforcement agencies confiscated weapons from each of the Plaintiffs. Since then, all of the Defendants have filed motions to dismiss the Complaint, which are pending.

While these dismissal motions are pending, Plaintiffs filed three separate motions for preliminary injunction, seeking return of those weapons confiscated by local law enforcement, and injunctions against enforcement of State laws related to "off-roster" firearms. None of the motions provide sufficient grounds for the Court to issue injunctive relief against the Attorney General. The Attorney General had no involvement in the seizure of Plaintiffs' weapons by local law enforcement; as such, any claims against the Attorney General are barred under the doctrine of sovereign immunity. And even without that bar, Plaintiffs lack standing to bring such claims against the Attorney General: they have not completed the statutorily-required gun release application form, and they have not established an injury resulting from the State's gun laws. For these reasons, Defendant Attorney General Becerra respectfully requests that the Court deny these motions for preliminary injunction.

# BACKGROUND

## I.   PROCEDURAL HISTORY.

Plaintiffs filed the operative Second Amended Complaint ("Complaint") against the California Attorney General, as well as officers within the Citrus Heights Police Department, Sacramento County Sheriff's Department, and the Placer County Sheriff's Department. Clerk's Record (CR) 12. The Complaint alleges that local law enforcement Defendants confiscated various weapons—including firearms, knives, and a nylon rope identified as a "slungshot"—from

---

[1] The Second Amended Complaint names former Attorney General Kamala D. Harris as a Defendant in her official capacity only. But since the filing to the Second Amended Complaint, Xavier Becerra has replaced Kamala Harris as the Attorney General being sued in his official capacity in this matter.

Plaintiffs in violation of their rights under the Second, Fourth, and Fifth Amendments. CR 12 at 18:25 – 30:13. The Complaint also states that the Law Enforcement Gun Release (LEGR) process—the application process used for return of firearms seized by law enforcement—violates Plaintiffs' rights under the Second Amendment. CR 12 17:13–18:24. The Complaint also seeks injunctive relief that would allow Defendants the same access to firearms—including the ability to purchase "off-roster" handguns and magazines exceeding 10 rounds, and carry concealed weapons—as provided to retired peace officers. CR 12 at 9:20-28, 30:14–32:28.

Defendants filed motions to dismiss the Complaint. See CR 15 (Sacramento County), 16 (Citrus Height Police Department), 17 (Placer County), 18-20 (Attorney General). The Attorney General's motion to dismiss included the following arguments: (1) that Plaintiffs lacked standing to challenge regulations regarding the purchase of "off-roster" firearms; (2) that sovereign immunity barred Plaintiffs' claims against the Attorney General; and (3) that Plaintiffs' Second Amendment and Equal Protection causes of action failed to state claims for relief. CR 19. The Court issued an order stating that the motions to dismiss were submitted without oral argument. CR 29. The Court's decision on the motions remains pending.

## II. PLAINTIFFS' ALLEGATIONS IN PRELIMINARY INJUNCTION MOTIONS.

While these motions to dismiss are pending, Plaintiffs filed three separate motions for preliminary injunction seeking return of firearms, accessories, and weapons seized by local law enforcement over two years ago. Plaintiff Cupp seeks the return of several firearms, ammunition, and a holster seized by the Citrus Heights Police Department from Cupp's home. CR 36 at 3:15-28-4:1-3.

Plaintiff Haven filed two separate preliminary injunction motions related to local law enforcement's seizure of his property. Haven's first motion concerns the Placer County Sheriff's seizure of an item identified as a "slungshot" attached to his motorcycle. CR 39-1 at 3: 12-18. Haven's second motion seeks the return of several firearms and ammunition seized by Sacramento County Sheriff deputies from Haven's home. CR 40-1 at 3:13-24. In his second motion, Haven also seeks a preliminary injunction enjoining enforcement of any law preventing

2

the purchase of "off-roster" handguns that law enforcement may carry while on duty. CR 40-1 at 3:25-28.

## STANDARD OF REVIEW

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail, "a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) that an injunction is in the public interest." *Id*. at 7, 20. Alternatively, "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal citation omitted). Nonetheless, Plaintiffs must make a showing of all four *Winter* factors even under the alternative sliding scale test. *Id*. at 1132, 1135.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS.

#### A. Sovereign Immunity Bars Plaintiffs' Claims Against the Attorney General.

For the reasons stated in the Attorney General's motion to dismiss, sovereign immunity bars Plaintiffs' claims regarding local law enforcement's seizure of weapons. CR 19 at 9:18–11:14. Plaintiffs' motions for preliminary injunction repeat those claims, and seek a return of weapons seized by local law enforcement. *See, e.g.,* CR 36 at 12:10-25 (seeking return of firearms and ammunition from Citrus Heights Police Department to Plaintiff Cupp); *see also* CR 40-1 at 15:9-24 (seeking return of firearms and ammunition from Sacramento County Sheriff's Department to Plaintiff Haven); *see also* CR 39-1 at 3:11-13 (noting that Placer County Sheriff deputies confiscated Haven's slungshot). Because the doctrine of sovereign immunity bars such actions against the Attorney General, Plaintiffs cannot establish a likelihood of success on the merits. The Court should therefore deny these preliminary injunction motions, to the extent that they seek relief against the Attorney General.

The Eleventh Amendment bars lawsuits against states in federal court unless the state has unequivocally consented to such a suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This bar applies even "when the state is the real, substantial party in interest," or when the relief sought includes declaratory and injunctive relief. *Id.* at 101 (citation and internal quotation marks omitted); *see also S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990) (affirming dismissal of declaratory and injunctive relief claims). California has neither consented to nor waived its sovereign immunity with regard to the legal theories asserted in Plaintiffs' Fourth Amendment and Fifth Amendment claims against Attorney General Becerra.[2] Nor did Congress abrogate such immunity when it enacted 28 U.S.C. §§ 2201–2202 or 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979).

Moreover, the Attorney General lacks any connection to the seizure of the weapons that would make him subject to the limited exception to Eleventh Amendment immunity under *Ex parte Young*, 209 U.S. 123 (1908). See *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (applying the *Ex parte Young* exception for "actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law"). Such an exception applies only where "it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quotations omitted).

None of the preliminary injunction motions allege any direct involvement by the Attorney General to merit application of the *Ex parte Young* exception here. Rather, Plaintiffs rely on boilerplate conclusions that the Attorney General has a "supervisory role" over district attorneys and sheriffs under article V, section 13 of the California Constitution. See, e.g., CR 39-1 at 6:12-17. But such a generalized duty to enforce State law is insufficient to overcome Eleventh Amendment sovereign immunity. *See, e.g., Affirmative Action*, 674 F.3d at 1134. Because the

---

[2] These claims are set forth in the fourth, fifth, seventh, eighth, tenth, and eleventh claims for relief stated in the Complaint. CR 12 at 22:16 – 23:25, 24:25 – 26:18, 28:14 – 30:13.

doctrine of sovereign immunity bars Plaintiffs' claims against the Attorney General, Plaintiffs cannot carry their burden for their preliminary injunction motions.[3]

### B. Plaintiffs' Claims Are Unripe Because They Have Not Completed the Statutorily-Required Gun Return Process.

Even if sovereign immunity did not bar Plaintiffs' claims against the Attorney General, their requests for return of their firearms still fail because they are not ripe. Article III mandates that prior to a court's exercise of jurisdiction there must exist a constitutional "case or controversy," that the issues presented are "definite and concrete, not hypothetical or abstract." *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945). Therefore, the question is whether the Plaintiffs face "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement," *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), or whether the alleged injury is too "imaginary" or "speculative" to support jurisdiction. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir.2000). "A claim [for declaratory relief] is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (citations and internal quotations omitted).

Here, Plaintiffs' have not shown that they completed the statutorily-required process. The California Penal Code requires owners to submit an application for return of seized firearms:

> Any person who claims title to any firearm that is in the custody or control of a court of law or law enforcement agency and who wishes to have the firearm returned *shall* make application for a determination by the Department of Justice as to whether the applicant is eligible to possess a firearm. (Emphasis added.)

Cal. Pen. Code, § 33850(a). The Department of Justice's Bureau of Firearms (BOF) provides a specific form—the Law Enforcement Gun Release (LEGR) application—to satisfy the requirements of Penal Code section 33850. Once the LEGR application is submitted, BOF then conducts an eligibility check "to determine whether the applicant is eligible to possess a firearm."

---

[3] Even without the sovereign immunity bar, Plaintiffs' claims do not stand a likelihood of success, for the reasons stated in the Attorney General's motion to dismiss. CR 19 at 11:15 – 16:4.

5

*Id.*, § 33865(a).  BOF has 30 days from receipt of the application to complete the background check and determine the applicant's eligibility.  *Id.*, § 33865(b).  If BOF determines that the applicant is eligible to possess the firearm, it will provide the applicant with written notification stating such eligibility.  *Id.*, § 33865(c).

BOF cannot release the firearms to Plaintiffs, because neither Cupp nor Haven have completed the LEGR form required for return of their seized firearms.  See Declaration of Teresa Peterson (Peterson Decl.), ¶¶ 9-10.  Therefore, any claim by Plaintiffs Cupp and Haven against the Attorney General regarding return of their firearms is unripe and completely speculative.  Until Plaintiffs submit the LEGR forms, their requests for return of the firearms are not likely to succeed.[4]

### C. Plaintiff Haven Lacks Standing to Seek Injunctive Relief Regarding the State's Prohibition of Off-Roster Firearms.

Plaintiff Haven lacks standing to seek an injunction against State laws prohibiting the purchase of certain "off-roster" handguns otherwise available to law enforcement personnel.

An Article III case or controversy requires (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted).  These constitutional requirements are

---

[4] Moreover, Plaintiffs' claims challenging the constitutionality of the LEGR process are similarly unlikely to succeed on the merits.  As noted in the Attorney General's motion to dismiss, the minimal burden of completing a short form and paying a small fee ($20 for the first firearm, plus $3 for each additional firearm) does not rise to the scope of violation of the Second Amendment.  CR 19 at 14:13–15:11.  And even if intermediate scrutiny applied, the requirement to complete the form and pay the fee would easily pass constitutional muster.  The State has an important interest to prevent firearm ownership by convicted felons and those found by a court to be dangerous because of mental illness.  *See* Cal. Penal Code § 29900; Cal. Welf. & Inst. Code § 8103.  These types of restrictions were recognized as valid by the Supreme Court.  *Heller v. District of Columbia*, 554 U.S. 570, 626 (2008) ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill").  Whatever small burden falls on citizens who are not prohibited from possessing firearms, by requiring them to complete a short form and pay a small fee, is justified by the reasonable relationship between the process and the government's purpose in keeping firearms out of the hands of ineligible persons.  *See Bauer v. Harris*, 94 F. Supp. 3d 1149, 1155 (E.D. Cal. 2015).

"rigorous," *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982), and plaintiffs bear the burden of establishing standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410-411 (2013). Standing to obtain prospective equitable relief also requires a "likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

A "genuine threat of imminent prosecution . . . is generally required of plaintiffs raising pre-enforcement challenges to criminal statutes outside the First Amendment context." *Wilson v. Lynch*, No. 14-15700, 2016 WL 4537376, at *4 (9th Cir. Aug. 31, 2016) (internal quotation marks omitted, citing *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). But where the plaintiff fails to "specify any particular time or date on which" he or she intends to violate the law, a generic "wish and inten[t] to engage in [prohibited] activities" is insufficient to establish a genuine threat of prosecution. *Id.* at 1127 (finding no standing to challenge federal assault weapons ban).

Here, Plaintiff Haven lacks standing to challenge the State's ban on "certain commonly owned semiautomatic, centerfire pistols" that are otherwise available to law enforcement personnel (CR 40-1 at 10:19-26), because he has not alleged any intention to violate the law by purchasing these weapons or bringing them into the State.[5] To the extent that Plaintiff Haven claims that he would rather have different firearms, such generalized allegations of intent or desire are not sufficient to establish standing under *San Diego County Gun Rights Committee*. The Court should therefore deny Plaintiff Haven's request to enjoin the State's laws regarding off-roster firearms.[6]

---

[5] Moreover, such actions would not result in Haven's arrest. California Penal Code section 32000 (a) criminalizes the manufacture, import, or sale of "an unsafe handgun." However, the statute "does not criminalize the purchase or mere possession of an unlisted weapon." *Peña v. Lindley*, No. 2:09-CV-01185-KJM-CKD, 2015 WL 854684 at *6 (E.D. Cal. Feb. 26, 2015).

[6] And even if Haven had standing to assert his Equal Protection claim, he still is not likely to succeed on the merits of his claim for the same reasons raised in the Attorney General's motion to dismiss. *See* CR 19 at 16:5-20:13.

      **D.**      **Plaintiff Haven's Claim that California Penal Code Section 22210 is Unconstitutionally Vague Is Unlikely to Succeed on the Merits.**

Haven also argues that California Penal Code section 22210's prohibition on possession of a "slungshot" violates his due process rights as being void for vagueness. CR 39-1 at 8:10 – 9:20. This claim, however, is also unlikely to succeed on the merits, as other cases addressing the same claim have concluded that the statutory definition of "slungshot" is not unconstitutionally vague. In *Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016), the Ninth Circuit catalogued the long history of prohibitions against carrying concealable weapons most often used for criminal purposes, including specific references to slungshots. *Peruta*, 824 F.3d at 937-38 (citing Texas case from 1871 and West Virginia case from 1891 upholding statutes that prohibited possession of slungshots); *see also People v. Fannin*, 91 Cal. App. 4th 1399, 1402 (2001) ("definition of 'slungshot' . . . is sufficiently specific to pass constitutional muster"). The Court should therefore deny Haven's motion to enjoin enforcement of California Penal Code sections 22210 and 22290.

**II.**      **PLAINTIFFS HAVE FAILED TO DEMONSTRATE EITHER IRREPARABLE INJURY OR THAT THE BALANCE OF HARMS AND THE PUBLIC INTEREST WEIGH IN FAVOR OF AN INJUNCTION.**

Even if Plaintiffs were somehow able to demonstrate a strong likelihood of success on the merits, the Court should still deny their motions for preliminary injunction because they have not shown the possibility of irreparable injury, a balance of hardships, or that injunction is in the public interest. *Winter*, 555 U.S. at 20. All three motions state that the deprivation of constitutional rights is sufficient to establish an irreparable injury. CR 36 at 9:21–10:18; 39-1 at 9:21-10:18; 40-1 at 13:3-28. But because Plaintiffs cannot establish an injury-in-fact, they also cannot establish any imminent threat of irreparable harm. *See Lyons*, 461 U.S. at 111. Moreover, Plaintiffs' delay in filing the preliminary injunction motions—more than two years after the most recent confiscation of the weapons at issue—undercut their claims of irreparable injury. *See First Franklin Fin. Corp. v. Franklin First Fin., Ltd.*, 356 F. Supp. 2d 1048, 1055 (N.D. Cal. 2005) ("plaintiff's alleged delay in enforcing its intellectual-property rights undercuts its claims of urgency and irreparable harm").

Plaintiffs' arguments regarding the balance of hardships, and that injunctions would be in the public interest, similarly lack any merit. Plaintiffs have not established, and cannot establish, harm sufficient to outweigh the fact that "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301 at *3 (2012) (quotation and citation omitted). Nor can Plaintiffs demonstrate that it is in the public interest to enjoin a duly-enacted law designed to protect the public safety and reduce gun violence and gun-related crime. *See Tracy Rifle and Pistol LLC v. Harris*, 118 F. Supp. 3d 1182, 1193-94 (E.D. Cal. 2015); *see also Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1236 (9th Cir. 1999). Accordingly, the law, the balance of harms, and the public interest all weigh decisively against an issuance of a preliminary injunction.

## CONCLUSION

For the foregoing reasons, Attorney General Becerra respectfully requests that the Court deny Plaintiffs' motions for preliminary injunction.

Dated: April 19, 2018

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
CONSTANCE L. LELOUIS
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendant Xavier Becerra,
Attorney General of the State of California*

SA2016102600
13050352.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Cupp, James Edward v. Kamala D. Harris, et al.** | No. | **2:16-cv-00523-TLN-KJN** |
|---|---|---|---|

I hereby certify that on <u>April 19, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ATTORNEY GENERAL BECERRA'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>April 19, 2018</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2016102600
13054552.docx