CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax:  916.443-2124

Attorneys for Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JESSE BRUCKER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KAMALA D. HARRIS, Attorney General of the State of California, in her official capacity only; CITY OF CITRUS HEIGHTS; Citrus Heights Police Department Chief CHRISTOPHER W. BOYD, in both his individual and official capacity; Citrus Heights Police Officer CHIRSTIAN BAERRESEN, #371; Citrus Heights Police Officer THOMAS LAMB,#315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT; COUNTY OF SACRAMENTO; SCOTT JONES in his official capacity as Sheriff of County of Sacramento; Sacramento Deputy Sheriff JESSE BRUCKER, #512; COUNTY OF PLACER; EDWARD N. BONNER, #181, in his official capacity as Sheriff of Placer County; Placer County Deputy MASON, #101<br><br>Defendants. | Case No.: 2:16-cv-00523 TLN KJN<br><br>**SHERIFF JONES'S OPPOSITION TO PLAINTIFF HAVEN'S MOTION FOR PRELIMINARY EQUITABLE AND INJUNCTIVE RELIEF**<br><br><br>Date:  May 3, 2018<br>Time:  2:00 p.m.<br>Courtroom:  2, 15th Floor<br>Judge:  Hon. Troy L. Nunley |

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

SHERIFF JONES' OPP'N TO MOT. FOR PRELIMINARY INJUNCTION
Case No. 2:16-cv-00523 TLN KJN

1

## I. INTRODUCTION

Plaintiff LAWRENCE "WOLF" HAVEN seeks a preliminary injunction requiring that Deputy JESSE BRUCKER and Sheriff SCOTT JONES, in his official capacity as Sheriff of the COUNTY OF SACRAMENTO, immediately return certain property seized by Brucker and held by the County. The preliminary injunction must be denied, because following plaintiff's extended refusal to reclaim his property, the Sheriff's Department disposed of it. Plaintiff's motion is therefore moot.

## II. FACTUAL BACKGROUND

As alleged in the Second Amended Complaint ("SAC"), Haven's weapons were taken pursuant to state law. *See* SAC (Doc. 12) at ¶ 189. The weapons, a Sun City Machinery version of the Stevens 320 shotgun, a Colt Government Model handgun, a Charter Arms AR7 Armalite rifle, and some ammunition and magazines, were taken in for safekeeping on February 14, 2016. Declaration of Joseph D. Hancock in Support of Sheriff Jones's Opp. to Mot. for Prelim. Injunction ("Hancock Decl.") at ¶ 8.

### A. *Firearms Taken For Safekeeping May Be Recovered By Their Owners*

Firearms taken in for safekeeping are stored in the Sheriff's Department's Property Warehouse gun vault. Hancock Decl. at ¶¶ 1-2. Each weapon comes to the Property Warehouse with identifying documentation. After the gun's identifying information is confirmed, the firearm information is associated with a report number and then entered into a computerized records system, called "Evidence Center," which is a subset of the Sheriff's Records Management System ("RMS"). Hancock Decl. at ¶ 3.

Firearms taken for safekeeping may be recovered by their owners. Hancock Decl. at ¶ 4. When an owner calls about a gun taken for safekeeping, Property Warehouse staff obtain the owner's personal information, place the owner on the "clearance list," and advise him or her to call back later. Hancock Decl. at ¶ 4. Clearing officers then work down the list, on a first-come, first-served basis, to complete a preliminary background check on the owner. Hancock Decl. at ¶ 4. If the owner passes the preliminary background check, the clearing officer notes in the computer file that the gun may be released to the owner after the owner obtains a Law

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

SHERIFF JONES' OPP'N TO MOT. FOR
PRELIMINARY INJUNCTION
Case No.  2:16-cv-00523 TLN KJN

2

Enforcement Gun Release ("LEGR") letter from the California Department of Justice ("DOJ"), or, if the gun is not registered in the owner's name, with an LEGR letter and proof of ownership. Hancock Decl. at ¶ 5. When the owner calls back, he or she is told to apply for an LEGR, and how to do so via mail or online. Hancock Decl. at ¶ 6. The Sheriff's Department can only release weapons to owners who can show proof of ownership and who have obtained an LEGR letter. Hancock Decl. at ¶ 6; *see also* Cal. Penal Code § 33850 et seq.

If something in the owner's background prohibits him or her from owning a firearm, the clearing officer will note in the computer that the owner must sell or transfer the gun(s) through a federally licensed gun dealer. When the owner calls back, he or she is advised of these options. Hancock Decl. at ¶ 7.

### B.     *Haven Could Recover His Guns, But Did Not Do So*

Evidence Center records show that on March 9, 2016, Haven called the Sheriff's Department about his weapons and was informed that he would be put on the clearance list, and that he should check back in four weeks. Hancock Decl. at ¶ 9. Haven passed the preliminary background check, and was eligible to recover his Colt handgun with an LEGR letter, and his shotgun and rifle with proof of registration and an LEGR letter. Hancock Decl. at ¶ 10.

Haven never inquired about his weapons after the initial March 9, 2016 call, and never came to claim them. Hancock Decl. at ¶ 11. Because Haven expressed no interest in reclaiming his property, or in extending his time to reclaim his property, the property was presumed abandoned and designated for destruction. Hancock Decl. at ¶ 13. The guns were destroyed on January 31, 2018, and the ammunition and magazines were sent to the dump on March 16, 2018. Hancock Decl. at ¶ 13. The Property Warehouse cannot store guns indefinitely, because of space limitations. Hancock Decl. at ¶ 12. At any given time, there are about 5,000 firearms in the gun vault, even though the Sheriff's Department destroys approximately 500 to 1,000 unclaimed firearms every six to nine months. Hancock Decl. at ¶¶ 12-13.

### III.     LEGAL STANDARD

A preliminary injunction is an extraordinary and drastic remedy. *Munaf v. Geren*, 553 U.S. 674, 689 (2008). To obtain a preliminary injunction, a plaintiff must establish 1) that he is

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

SHERIFF JONES' OPP'N TO MOT. FOR
PRELIMINARY INJUNCTION
Case No.  2:16-cv-00523 TLN KJN

3

likely to succeed on the merits, 2) that he is likely to suffer irreparable harm in the absence of preliminary relief, 3) that the balance of equities tips in his favor, and 4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008). Purely monetary injuries are not normally considered irreparable. *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984).

### IV.     ARGUMENT

#### A.     *The Court Cannot Grant A Preliminary Injunction Against Sheriff Jones And The County Because The Issue Is Moot*

The question of mootness focuses on whether the court can still grant relief between the parties. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1000 (9th Cir. 2004). Haven's request to this Court, for the return of his guns, is now moot because of his prolonged failure to make this same request to the Sacramento County Sheriff's Department. Haven knew that the Sheriff's Department had his weapons and that he could claim them, because he spoke with the Sheriff's Department about it on March 9, 2016, was put on the clearance list, and was told to call back in four weeks. Hancock Decl. at ¶ 9. Haven did not call back. Hancock Decl. at ¶ 11. Had Haven pursued recovery of his guns from the Sheriff's Department, he would have them in his possession today. Instead, the weapons were deemed abandoned and disposed of, due to Haven's extended failure to claim them. Hancock Decl. at ¶¶ 12-13.

The preliminary injunction that Haven now seeks – the return of his guns – is not possible, because the Sheriff's Department no longer has the property. This motion, against the County of Sacramento defendants, must be denied as moot. *Dream Palace*, 384 F.3d at 1000.

### V.     CONCLUSION

Haven knew how to recover his property from the Sheriff's Department, but elected not to do so. For the foregoing reasons, Haven's motion for preliminary injunction against Sheriff Jones must be denied.

//

//

//

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

SHERIFF JONES' OPP'N TO MOT. FOR
PRELIMINARY INJUNCTION
Case No.  2:16-cv-00523 TLN KJN

4

DATE: April 19, 2018   CREGGER & CHALFANT LLP

/s/ Wendy Motooka
WENDY MOTOOKA
Attorneys for Defendants COUNTY OF SACRAMENTO, SCOTT JONES, JESSE BRUCKER

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

SHERIFF JONES' OPP'N TO MOT. FOR PRELIMINARY INJUNCTION
Case No. 2:16-cv-00523 TLN KJN

5