Gary W. Gorski (SBN 166526)
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
916-758-1100
CivilRightsAttorney@outlook.com
www.lonewolflaw.com

Daniel M. Karalash (SBN 176422)
Strategic Law Command
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs
JAMES EDWARD CUPP and
LAWRENCE "WOLF" HAVEN

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>            Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only; et al.<br><br>            Defendants. | **Case No.**  16-CV-00523-TLN-KJN<br><br>PLAINTIFF JAMES EDWARD CUPP'S MOTION TO STRIKE AND OBJECTIONS TO THE DECLARATION OF LIEUTENANT ALEX TURCOTTE<br><br>**Date:** May 3, 2018<br>**Time:** 2:00 p.m.<br>**Courtroom:** 2, 15th floor<br>**Judge:** Hon. Troy L. Nunley<br>**Action Filed:** March 11, 2016 |

I.    **MOTION TO STRIKE DECLARATION OF LIEUTENANT ALEX TURCOTTE**

**Plaintiff moves to strike the entire declaration as the basis for the declaration violates multiple rules of evidence.** To the extent paragraph 2 and **Exhibit "A"** are the foundational basis for the purported "facts" in subsequent paragraphs, the entire declaration lacks the proper foundation and authentication, especially since the subscribing officers who arrested Mr. Cupp have not filed declarations.

-1-

**PLAINTIFF JAMES EDWARD CUPP'S MOTION TO STRIKE AND OBJECTIONS TO THE DECLARATION OF LIEUTENANT ALEX TURCOTTE**

At **TURCOTTE Decl. ¶ 2,** the Declarant states: "I am familiar with the claims being made by the plaintiff ..." How did TURCOTTE become familiar with this case? Well, apparently it is based upon multiple hearsay documents and statements.  For example, TURCOTTE "reviewed the report", "Sacramento County District Attorney's Office" documents, "computerized records", etc. No personal knowledge of arrest and he was not the author of the report. As this paragraph lacks the specificity required under F.R.E. Rules 602 and 901, there is no foundation that TURCOTTE has personal knowledge on the subject matter. TURCOTTE does not have first-hand knowledge of the fact he is attesting to because there is no showing of the witness's time and place of observation of the facts called for.  The prerequisite evidence has not been entered that would make this evidence admissible. There is no evidence as to how he acquired his knowledge to provide such a statement.

**At TURCOTTE Decl. ¶ 3 and Exhibit "A" (Police Department Felony Report is attached to TURCOTTE's declaration as "Exhibit A."**), the entire declaration is basically a rehash of a purported police report. To the extent this paragraph is the foundational basis for the purported "facts" in subsequent paragraphs, it fails for the following reasons:

Lack of personal knowledge. Lack of foundation.  F.R.E. Rules 602 and 901.  There is no foundation that TURCOTTE has personal knowledge on the subject matter nor the statements contained in **Exhibit "A"**. TURCOTTE does not have first-hand knowledge of the facts he is attesting to because there is no showing of the witness's time and place of observation of the facts called for, and especially those contained in Exhibit "A".  The prerequisite evidence has not been entered that would make this evidence admissible. There is no evidence as to how he acquired his knowledge to provide such a statement.

Hearsay, without any exceptions. (rules 801, 802, and 805). TURCOTTE states facts from documents which have not been properly authenticated or admitted, and specifically pertaining to probable cause for search and arrest. Therefore, this is technically hearsay within hearsay, and no exception is available.

Best evidence rule. F.R.E. Rules 1002 and 1006. TURCOTTE is a non-expert witness and

- 2 -

**PLAINTIFF JAMES EDWARD CUPP'S MOTION TO STRIKE AND OBJECTIONS TO
THE DECLARATION OF LIEUTENANT ALEX TURCOTTE**

1 therefore is not allowed to describe what is in a document without the document itself being
2 introduced into evidence.  Exhibit "A" is inadmissible and therefore TURCOTTE's statements
3 regarding the exhibit are likewise inadmissable.

4 Lack of Foundation and Authentication. F.R.E. Rules 602, 901 through 903, 1002 and 1006.
5 TURCOTTE has failed to specify his personal knowledge as to 1) whether he was even the author of
6 Exhibit "A" or any other document he reviewed as the basis for his asserted facts, 2) whether he was
7 even present when the documents were created, or 3) whether he has personal knowledge as to the
8 facts asserted by way of personal knowledge. A witness may not testify to a matter unless sufficient
9 evidence is introduced to support a finding that the witness had personal knowledge of the matter.
10 TURCOTTE has failed to state facts which shows he had personal knowledge regarding the creation
11 of Exhibit "A".

12 Lack of foundation.  F.R.E. Rules 602 and 901.  TURCOTTE does not have first-hand
13 knowledge of the fact he is attesting to because there is no showing of the witness's time and place of
14 observation of the facts called for.  The prerequisite evidence has not been entered that would make
15 this evidence admissible.  There is no evidence as to how he acquired his knowledge to provide such
16 a statement.

17 In sum, not one of the arresting officers or officers involved in the search of Mr. Cupp's
18 mobile home have subscribed to probable cause for the arrest, and subsequent search and seizures of
19 property.

20 **II.   OBJECTIONS TO DECLARATION OF LIEUTENANT ALEX TURCOTTE**

21 1. **Objection to TURCOTTE Decl. ¶ 3 and Exhibit "A" (Police Department Felony
22 Report is attached to TURCOTTE's declaration as "Exhibit A.").** To the extent
23 paragraphs 2 and 3 are the foundational basis for the purported "facts" in subsequent
24 paragraphs, paragraph 3 is inadmissible. TURCOTTE was neither the arresting officer
25 or involved in the search of Mr. Cupp's mobile home.  He cannot attest as to what
26 other officers did through by way of a police report.

27 a. **Lack of personal knowledge. Lack of foundation.** F.R.E. Rules 602 and

901. There is no foundation that TURCOTTE has personal knowledge on the subject matter nor the statements contained in **Exhibit "A"**. TURCOTTE does not have first-hand knowledge of the facts he is attesting to because there is no showing of the witness's time and place of observation of the facts called for, and especially those contained in **Exhibit "A"**. The prerequisite evidence has not been entered that would make this evidence admissible. There is no evidence as to how he acquired his knowledge to provide such a statement.

    b. **Hearsay, without any exceptions**. (rules 801, 802, and 805). TURCOTTE states facts from documents which have not been properly authenticated or admitted, and specifically pertaining to probable cause for search and arrest. Therefore, this is technically hearsay within hearsay, and no exception is available.

    c. **Best evidence rule.** F.R.E. Rules 1002 and 1006. TURCOTTE is a non-expert witness and therefore is not allowed to describe what is in a document without the document itself being introduced into evidence. **Exhibit "A"** is inadmissible and therefore TURCOTTE's statements regarding the exhibit are likewise inadmissable.

    d. **Lack of Foundation and Authentication.** F.R.E. Rules 602, 901 through 903, 1002 and 1006. TURCOTTE has failed to specify his personal knowledge as to 1) whether he was even the author of **Exhibit "A"** or any other document he reviewed as the basis for his asserted facts, 2) whether he was even present when the documents were created, or 3) whether he has personal knowledge as to the facts asserted by way of personal knowledge. A witness may not testify to a matter unless sufficient evidence is introduced to support a finding that the witness had personal knowledge of the matter. TURCOTTE has failed to state facts which shows he had personal knowledge regarding the creation of Exhibit "A".

**PLAINTIFF JAMES EDWARD CUPP'S MOTION TO STRIKE AND OBJECTIONS TO THE DECLARATION OF LIEUTENANT ALEX TURCOTTE**

    e.    **Lack of foundation.**  F.R.E. Rules 602 and 901.  TURCOTTE does not have first-hand knowledge of the fact he is attesting to because there is no showing of the witness's time and place of observation of the facts called for.  The prerequisite evidence has not been entered that would make this evidence admissible.  There is no evidence as to how he acquired his knowledge to provide such a statement.

2. **Objection to TURCOTTE Decl. ¶ 5.** The basis of his statement is based upon inadmissable hearsay evidence contained in documents he obviously did not create. There is no foundation as to how the Declarant even has personal knowledge of the stated facts in this paragraph.  It is clear the Declarant is basing his declaration on documents he did not create, primarily Exhibit "A", which itself is inadmissible. Therefore, this paragraph objectionable due to: **Lack of personal knowledge. Lack of foundation.**  F.R.E. Rules 602 and 901. **Hearsay, without any exceptions**. (rules 801, 802, and 805). **Best evidence rule.** F.R.E. Rules 1002 and 1006. TURCOTTE does not have first-hand knowledge of the fact he is attesting to because there is no showing of the witness's time and place of observation of the facts called for.  The prerequisite evidence has not been entered that would make this evidence admissible. There is no evidence as to how he acquired his knowledge to provide such a statement.

3. **Objection to TURCOTTE Decl. ¶s 6.** When did he talk to Mr. Cupp? Never! The basis of his statement is based upon inadmissable hearsay evidence contained in documents he obviously did not create. There is no foundation as to how the Declarant even has personal knowledge of the stated facts in this paragraph.  It is clear the Declarant is basing his declaration on documents he did not create, primarily Exhibit "A", which itself is inadmissible. Therefore, this paragraph objectionable due to: **Lack of personal knowledge. Lack of foundation.**  F.R.E. Rules 602 and 901. **Hearsay, without any exceptions**. (rules 801, 802, and 805). **Best evidence rule.**

**PLAINTIFF JAMES EDWARD CUPP'S MOTION TO STRIKE AND OBJECTIONS TO THE DECLARATION OF LIEUTENANT ALEX TURCOTTE**

F.R.E. Rules 1002 and 1006. TURCOTTE does not have first-hand knowledge of the fact he is attesting to because there is no showing of the witness's time and place of observation of the facts called for.  The prerequisite evidence has not been entered that would make this evidence admissible.  There is no evidence as to how he acquired his knowledge to provide such a statement.

Dated: April 26, 2018              THE LAW OFFICES OF GARY W. GORSKI
                                   Respectfully Submitted,
                                    /s/ Gary W. Gorski
                                   Gary W. Gorski
                                   Attorney for Plaintiffs

**PLAINTIFF JAMES EDWARD CUPP'S MOTION TO STRIKE AND OBJECTIONS TO THE DECLARATION OF LIEUTENANT ALEX TURCOTTE**