UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual,<br><br>                Plaintiffs,<br><br>    v.<br><br>KAMALA D. HARRIS, et al.,<br><br>                Defendants. | No. 2:16-cv-00523-TLN-KJN<br><br>**ORDER GRANTING DEFENDANTS COUNTY OF PLACER, EDWARD N. BONNER, ERIC HINTZE, AND MICHAEL MASON'S MOTION TO DISMISS** |

      This matter is before the Court pursuant to Defendants County of Placer ("Placer County"), Edward N. Bonner ("Bonner"), Eric Hintze ("Hintze"), and Michael Mason's ("Mason") (collectively, "Placer Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"). (Mot. to Dismiss Second Am. Compl., ECF No. 17.) Plaintiffs James Edward Cupp ("Cupp") and Lawrence Haven ("Haven") (collectively, "Plaintiffs") filed an opposition, (Opp'n to Mot. to Dismiss, ECF No. 25), and the Placer Defendants filed a reply, (Reply to Mot. to Dismiss, ECF No. 26). For the reasons set forth below, the Court hereby GRANTS the Placer Defendants' Motion to Dismiss. (ECF No. 17.)

///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this suit on March 11, 2016. (ECF No. 1.) On June 3, 2016, Plaintiffs filed a first amended complaint. (ECF No. 5.) On August 15, 2016, Plaintiffs filed the SAC against Kamala D. Harris, Attorney General of the State of California, in her official capacity only; City of Citrus Heights; Citrus Heights Police Department Chief Christopher W. Boyd, in both his individual and official capacity; Citrus Heights Police Officer Christian Baerresen, # 371; Citrus Heights Police Officer Thomas Lamb, # 315; Unknown Citrus Heights Police Officer Badge Number 323; Unknown Citrus Heights Police Officer who prepared Report Number CH14-02589 on 03/26/2014; Two unknown named peace officers of the Citrus Heights Police Department; County of Sacramento, Scott Jones, in his official capacity as Sheriff of County of Sacramento; Sacramento Deputy Sheriff Jesse Brucker, # 512; County of Placer; Edward N. Bonner, in his official capacity as Sheriff of County of Placer; Placer County Deputy Mason, # 181; and Placer County Deputy Hintze, # 101 for various causes of action resulting out of various alleged violations of Plaintiffs' Second, Fourth, Fifth, and Fourteenth Amendment rights. (ECF No. 12.)

Plaintiffs' SAC pleads various allegations relating to completely unrelated events and unrelated legal issues, united only by a common Defendant, Attorney General Kamala Harris. Plaintiffs are two unrelated individuals, James Edward Cupp and Lawrence "Wolf" Haven. Cupp is a resident of South Dakota who sometimes travels to California, including to visit his mother or friends. (ECF No. 12 ¶¶ 6, 22, 24.) Haven is a resident of Sacramento County. (ECF No. 12 ¶ 25.)

Plaintiffs frame their Second Amendment and Equal Protection Clause claims (the first and twelfth claims for relief) as a "constitutional challenge to the complex statutory scheme set forth in Cal. Penal Code §§ 25450-25475, 26150-26225, 26300-26325, 32000-32030 (Pen. Code, §§ 26950, 27650)" that allegedly results in a "massive transfer of gun rights from plaintiffs to active and honorably retired California peace officers" because current and former peace officers are exempted from some parts of California's firearms regulations. (ECF No. 12 ¶¶ 116, 273 (emphasis omitted).) Plaintiffs allege "this action seeks to put an end to government selecting who gets to exercise their rights under the Second Amendment." (ECF No. 12 ¶ 65.) Plaintiffs

thus request injunctive and declaratory relief which would grant them the same type of exemptions from California law as active or retired peace officers, including the ability to keep, bear, and travel with off-roster handguns, to possess, transport, and purchase standard size handgun and rifle magazines, to travel interstate with magazines that contain more than 10 rounds of ammunition, and to carry either a concealed weapon or openly carried weapon. (ECF No. 12 ¶¶ 117, 274.) Plaintiffs also request an "injunction to either be issued a lifetime CCW upon application at the same cost that retired officers pay or be permitted to carry a weapon openly." ECF No. 12 ¶¶ 118, 275.)

In addition to these broad challenges to California's firearms regulations, Plaintiffs purport to assert claims against the Attorney General and various law enforcement officers and agencies from the City of Citrus Heights, Sacramento County, and Placer County. These claims arise from three separate alleged incidents. First, Cupp alleges Citrus Heights police officers unlawfully arrested him on or about March 25, 2014, on a charge of carrying a concealed knife. (ECF No. 12 ¶¶ 139–141.) Cupp also sues about events occurring later that same day, claiming that officers searched his "temporary residence without a warrant" and illegally seized six firearms and two non-folding hunting knives owned by Cupp. (ECF No. 12 ¶¶ 139–141.) The case against Cupp was dismissed by the district attorney two months after his arrest, and Cupp's two knives were returned to him. (ECF No. 12 ¶¶ 143–144.) Second, Haven alleges a Placer County sheriff's deputy unlawfully arrested him on February 8, 2014, on a charge of illegally possessing a slungshot (a metal weight attached to a flexible handle for use as a weapon). (ECF No. 12 ¶¶ 222–230.) Third, Haven alleges that on February 14, 2016, a Sacramento County sheriff's deputy searched his residence without a warrant and without probable cause, and subsequently seized three of Haven's firearms. (ECF No. 12 ¶¶ 185–187.)

Both Haven and Cupp bring claims under the Second Amendment, Fourth Amendment, and Fifth Amendment related to each incident (the third through eleventh claims for relief). Local authorities have allegedly refused to return firearms that were seized from Plaintiffs because Plaintiffs have refused to complete the Law Enforcement Gun Release ("LEGR") application that is required by California Penal Code § 33850. (ECF No. 12 ¶¶ 124–128, 148–

149, 152, 189.) This required form was allegedly created by Attorney General Harris in or around January 2012. (ECF No. 12 ¶ 149.) Thus, Plaintiffs allege that the refusal to return their firearms is "[a]t the direction of state law and [Harris]." (ECF No. 12 ¶¶ 54, 189, 201, 210.) Plaintiffs allege that the LEGR application violates the Second Amendment, the Fifth Amendment right against self-incrimination, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 12 ¶¶ 128, 148.) Plaintiffs appear to seek injunctive relief that would require the return of their firearms without completing the form or paying the fee required by the California Penal Code. (ECF No. 12 ¶¶ 132, 163, 171.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. RingrosHee*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

*Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III. ANALYSIS**

Plaintiff Haven brought three claims against the Placer Defendants (Claims Nine, Ten, and Eleven) for alleged Second, Fourth, and Fifth Amendment violations arising out of Haven's purportedly unlawful arrest on a charge of illegally possessing a slungshot (a metal weight attached to a flexible handle for use as a weapon). (ECF No. 12 ¶¶ 222–230.) The Placer Defendants move to dismiss all three claims against them on various grounds.

A. <u>Defendant Bonner</u>

The Placer Defendants move to dismiss Bonner in his official capacity because Haven's claims against him in his official capacity as Sheriff of Placer County are duplicative of Haven's claims against Placer County. (ECF No. 17-1 at 9.) The Court agrees. A claim against a municipal officer in his official capacity is the same thing as a claim against the municipality. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997). Haven offers no argument opposing Bonner's dismissal on these grounds. Therefore, every claim against Bonner in his official capacity is dismissed with prejudice.

B. <u>Defendant Placer County</u>

The Placer Defendants move to dismiss defendant Placer Country because Haven fails to allege any official policy under which Placer County could be held liable in a § 1983 action. (ECF No. 17-1 at 8.) The Court agrees. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "municipal liability under 42 U.S.C. § 1983 is limited to deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature.'" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471 (1986) (quoting *Monell*, 436 U.S. at 691.) "[T]here are three ways to show a policy or custom of a municipality: (1) by showing 'a longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (2) 'by showing that the decision-making official was, as a matter of state law, a final policymaking

authority whose edicts or acts may fairly be said to represent official policy in the area of decision'; or (3) 'by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (quoting *Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)).

Haven alleges no official Placer County policy in the SAC nor does he state one in his opposition. Therefore, because Haven fails to identify any official policy of Placer County under which it could be found liable in a § 1983 action, all claims brought against Placer County are dismissed. Moreover, the Court finds that amendment would be futile as Haven's opposition demonstrates that his action lies in challenges to state gun laws and acts carried out by individual officers, rather than in challenges to official policy of Placer County. Accordingly, every claim against Placer County is dismissed with prejudice.

      C.      <u>Defendants Mason and Hintze</u>

            *i.*     *Ninth Cause of Action*

Haven alleges that Mason and Hintze violated his Second Amendment right because they stopped him on his motorcycle for "what they falsely alleged [was] an 'illegal weapon' hanging from the handle bars of his motorcycle" and subsequently arrested him for the illegal possession of a slungshot pursuant to California Penal Code § 22210. (ECF No. 12 ¶¶ 222, 224.) Haven alleges that this "weapon" was an ornamental and common "horse lead,"[1] made up of "thick nylon rope with a metal quick release – identical to a dog leash but thicker." (ECF No. 12 ¶ 223.) He argues that "a horse leash is not a slungshot" and "[n]o reasonable officer could confuse the two." (ECF No. 25 at 2.) Mason and Hintze argue that the "horse lead" Haven possessed could reasonably be construed to be a slungshot, and thus, they are entitled to qualified immunity. (ECF No. 17-1 at 5–7.)

"Qualified immunity protects government officers 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1082 (9th

---

[1] Haven refers to this item as both a "horse lead" and a "horse leash."

Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Except when there is an 'obvious' instance of constitutional misconduct, [a plaintiff] must '*identify* a case where an officer acting under *similar circumstances* as [defendants] was held to have violated [a constitutional] Amendment.'" *Sharp v. Cty. of Orange*, 871 F.3d 901, 916 (9th Cir. 2017) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (emphasis added)). Here, it is not obvious that Mason and Hintze violated the Second Amendment by seizing Haven's "horse lead." Nor has Haven identified a case where an officer acting under similar circumstances violated the Second Amendment. Therefore, the Court finds that Mason and Hintze are entitled to qualified immunity because at the time of the incident it was not clearly established that they violated the Second Amendment. Accordingly, amendment would be futile and the Court dismisses Haven's Ninth Cause of Action with prejudice.

### ii. Tenth Cause of Action

Haven alleges that Mazon and Hintze violated his Fourth Amendment right because "[n]o reasonable officer or person would deem a horse leash . . . an illegal weapon, and as such, defendants lacked probable cause to seize [Haven] and his property." (ECF No. 12 ¶ 242.) Mason and Hintze argue that they are entitled to qualified immunity because an objectively reasonable officer would have had probable cause to arrest Haven for violating California Penal Code § 22210, and it was not clearly established that they lacked probable cause. (ECF No. 17-1 at 5–7.) The Court agrees.

Section 22210 prohibits the possession of "any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or slungshot." A "slungshot" is defined as "a striking weapon consisting of a heavy weight attached to a flexible handle." *People v. Fannin*, 91 Cal. App. 4th 1399, 1406 (2001). It may consist of ordinary objects "if the evidence proves the defendant carried it as a weapon." *Id.* at 1400. Thus, it is not obvious that Mason and Hintze lacked probable cause to seize Haven's "horse lead" and arrest him pursuant to § 22210. Nor has Haven identified a case where an officer acting under similar circumstances violated the Fourth Amendment. Therefore, the Court finds that Mason and Hintze are entitled to qualified immunity because at the time Mason and Hintze seized Haven's horse lead, it was not

clearly established that they lacked probable cause pursuant to § 22210. Accordingly, amendment would be futile and the Court dismisses Haven's Tenth Cause of Action with prejudice.

*iii. Eleventh Cause of Action*

Haven also alleges that the Fifth Amendment guarantees "due process of law" be part of any proceeding that denies a citizen "life, liberty, or property" and that he was never given a proceeding when his horse/dog leash was taken. (ECF No. 12 ¶ 208.) Based on Haven's allegations, it appears he is attempting to bring a procedural due process claim. As an initial matter, the Fifth Amendment due process clause applies only to the federal government, not to state or local governments. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). On this basis alone, the Court finds Haven has failed to state a claim alleging a Fifth Amendment due process violation against the Placer Defendants.

However, even assuming Haven had properly alleged this cause of action under the Fourteenth Amendment, he has still failed to state a claim upon which relief can be granted. The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In determining whether a plaintiff has alleged a procedural due process claim, a court first "asks whether there exists a liberty or property interest which has been interfered with by the State." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013). If the court finds a deprivation, it must next determine "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.* To determine what procedures are sufficient, courts consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

The Court is simply unable to discern the basis for Haven's procedural due process claim as he has merely provided part of the text of the Fifth Amendment without any explanation as to how it applies to him. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Haven has not explained what he means by a "proceeding" and has provided no factual basis entitling him to a "proceeding." Therefore, even under the Fourteenth Amendment, Haven has failed to allege a procedural due process violation. Ultimately, because the Court finds a Fifth Amendment due process would be futile against local government actors, the Court dismisses Haven's Fifth Amendment due process claim against the Placer Defendants with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Placer Defendants' Motion to Dismiss with prejudice. (ECF No. 17.)

IT IS SO ORDERED.

Dated: September 20, 2018

Troy L. Nunley
United States District Judge