UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA D. HARRIS, et al.,<br><br>Defendants. | No. 2:16-cv-00523-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT KAMALA D. HARRIS'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant Kamala D. Harris's ("Harris")[1], in her official capacity as Attorney General of the State of California, Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"). (Mot. to Dismiss Second Am. Compl., ECF No. 18.) Plaintiffs James Edward Cupp ("Cupp") and Lawrence Haven ("Haven") (collectively, "Plaintiffs") filed an opposition, (Opp'n to Mot. to Dismiss, ECF No. 22), and Harris filed a reply, (Reply to Mot. to Dismiss, ECF No. 30). For the reasons set forth below, the Court hereby GRANTS Harris's Motion to Dismiss. (ECF No. 15.)

///

///

---

[1] Harris was the California Attorney General when the lawsuit was filed. Xavier Becerra has replaced Harris as Attorney General.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this suit on March 11, 2016. (ECF No. 1.) On June 3, 2016, Plaintiffs filed a first amended complaint. (ECF No. 5.) On August 15, 2016, Plaintiffs filed the SAC against Kamala D. Harris, Attorney General of the State of California, in her official capacity only; City of Citrus Heights; Citrus Heights Police Department Chief Christopher W. Boyd, in both his individual and official capacity; Citrus Heights Police Officer Christian Baerresen, # 371; Citrus Heights Police Officer Thomas Lamb, # 315; Unknown Citrus Heights Police Officer Badge Number 323; Unknown Citrus Heights Police Officer who prepared Report Number CH14-02589 on 03/26/2014; Two unknown named peace officers of the Citrus Heights Police Department; County of Sacramento, Scott Jones, in his official capacity as Sheriff of County of Sacramento; Sacramento Deputy Sheriff Jesse Brucker, # 512; County of Placer; Edward N. Bonner, in his official capacity as Sheriff of County of Placer; Placer County Deputy Mason, # 181; and Placer County Deputy Hintze, # 101 for various causes of action resulting out of various alleged violations of Plaintiffs' Second, Fourth, Fifth, and Fourteenth Amendment rights. (ECF No. 12.)

Plaintiffs' SAC pleads various allegations relating to completely unrelated events and unrelated legal issues, united only by a common Defendant, Attorney General Kamala Harris. Plaintiffs are two unrelated individuals, James Edward Cupp and Lawrence "Wolf" Haven. Cupp is a resident of South Dakota who sometimes travels to California, including to visit his mother or friends. (ECF No. 12 ¶¶ 6, 22, 24.) Haven is a resident of Sacramento County. (ECF No. 12 ¶ 25.)

Plaintiffs frame their Second Amendment and Equal Protection Clause claims (the first and twelfth claims for relief) as a "constitutional challenge to the complex statutory scheme set forth in Cal. Penal Code §§ 25450-25475, 26150-26225, 26300-26325, 32000-32030 (Pen. Code, §§ 26950, 27650)" that allegedly results in a "massive transfer of gun rights from plaintiffs to active and honorably retired California peace officers" because current and former peace officers are exempted from some parts of California's firearms regulations. (ECF No. 12 ¶¶ 116, 273 (emphasis omitted).) Plaintiffs allege "this action seeks to put an end to government selecting who gets to exercise their rights under the Second Amendment." (ECF No. 12 ¶ 65.) Plaintiffs

thus request injunctive and declaratory relief which would grant them the same type of exemptions from California law as active or retired peace officers, including the ability to keep, bear, and travel with off-roster handguns, to possess, transport, and purchase standard size handgun and rifle magazines, to travel interstate with magazines that contain more than 10 rounds of ammunition, and to carry either a concealed weapon or openly carried weapon. (ECF No. 12 ¶¶ 117, 274.) Plaintiffs also request an "injunction to either be issued a lifetime CCW upon application at the same cost that retired officers pay or be permitted to carry a weapon openly." ECF No. 12 ¶¶ 118, 275.)

In addition to these broad challenges to California's firearms regulations, Plaintiffs purport to assert claims against the Attorney General and various law enforcement officers and agencies from the City of Citrus Heights, Sacramento County, and Placer County. These claims arise from three separate alleged incidents. First, Cupp alleges Citrus Heights police officers unlawfully arrested him on or about March 25, 2014, on a charge of carrying a concealed knife. (ECF No. 12 ¶¶ 139–141.) Cupp also sues about events occurring later that same day, claiming that officers searched his "temporary residence without a warrant" and illegally seized six firearms and two non-folding hunting knives owned by Cupp. (ECF No. 12 ¶¶ 139–141.) The case against Cupp was dismissed by the district attorney two months after his arrest, and Cupp's two knives were returned to him. (ECF No. 12 ¶¶ 143–144.) Second, Haven alleges a Placer County sheriff's deputy unlawfully arrested him on February 8, 2014, on a charge of illegally possessing a slungshot (a metal weight attached to a flexible handle for use as a weapon). (ECF No. 12 ¶¶ 222–230.) Third, Haven alleges that on February 14, 2016, a Sacramento County sheriff's deputy searched his residence without a warrant and without probable cause, and subsequently seized three of Haven's firearms. (ECF No. 12 ¶¶ 185–187.)

Both Haven and Cupp bring claims under the Second Amendment, Fourth Amendment, and Fifth Amendment related to each incident (the third through eleventh claims for relief). Local authorities have allegedly refused to return firearms that were seized from Plaintiffs because Plaintiffs have refused to complete the Law Enforcement Gun Release ("LEGR") application that is required by California Penal Code § 33850. (ECF No. 12 ¶¶ 124–128, 148–

149, 152, 189.) This required form was allegedly created by Attorney General Harris in or around January 2012. (ECF No. 12 ¶ 149.) Thus, Plaintiffs allege that the refusal to return their firearms is "[a]t the direction of state law and [Harris]." (ECF No. 12 ¶¶ 54, 189, 201, 210.) Plaintiffs allege that the LEGR application violates the Second Amendment, the Fifth Amendment right against self-incrimination, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 12 ¶¶ 128, 148.) Plaintiffs appear to seek injunctive relief that would require the return of their firearms without completing the form or paying the fee required by the California Penal Code. (ECF No. 12 ¶¶ 132, 163, 171.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party, or the Court on its own initiative, to challenge the court's subject matter jurisdiction at any stage in the litigation. Fed. R. Civ. P. 12(b)(1) & (h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). At the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" why the standing requirements are met. *Barnum Timber Co. v. U.S. EPA*, 633 F.3d 894, 899 (9th Cir. 2011). If the court determines at any time that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Plaintiffs brought twelve claims against Harris (Claims One through Twelve) for Second Amendment and Equal Protection challenges to California gun laws, as well as alleged Second, Fourth, and Fifth Amendment violations arising out of multiple and distinct incidents involving

4

purportedly unlawful searches and seizures of firearms and other weapons. Harris moves to dismiss all twelves claims against her on various grounds, including sovereign immunity, failure to comply with Rule 8, failure to establish standing, and failure to state a claim under Rule 12(b)(6). Because the Court finds merit in Harris's first three arguments, it does not reach Harris's last argument for failure to state a claim under Rule 12(b)(6).

### A. Sovereign Immunity

Harris argues that all of Plaintiffs' Fourth and Fifth Amendment claims against her (Claims Four, Five, Seven, Eight, Ten, and Eleven) are barred under Eleventh Amendment Immunity. The Court agrees. "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). However, the *Ex parte Young* doctrine provides a narrow exception to Eleventh Amendment immunity for "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (citing *Alden v. Maine*, 527 U.S. 706, 747 (1999); *Ex parte Young*, 209 U.S. 123, 155–56 (1907). In making this exception, "it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

Here, Plaintiffs have failed to demonstrate how Harris has any connection to their Fourth and Fifth Amendment claims. Rather, Plaintiffs have merely claimed that Harris's general supervisory role as attorney general makes her subject to Fourth and Fifth Amendment claims involving purportedly unlawful searches and seizures by county and city officers. Plaintiffs simply have not demonstrated any connection between Harris and the allegedly illegal actions of individual officers. Therefore, Plaintiffs have not shown a sufficient connection under *Ex parte Young*. Moreover, the Court finds amendment would be futile as Plaintiffs fail to make an

argument that Harris has a direct connection to the allegedly unconstitutional acts carried out by various county and city officers. Accordingly, the Court dismisses Plaintiffs' Fourth and Fifth Amendment claims (Claims Four, Five, Seven, Eight, Ten, and Eleven) against Harris with prejudice.

### B. Failure to Comply with Rule 8

Rule 8(d)(1) requires that "each averment of a pleading shall be simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." However, even if the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* at 1178. Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

The SAC is anything but simple, concise, and direct. It consists of an indecipherable mix of potential claims within twelve causes of action brought against Harris regarding guns, knives, and slungshots on behalf of unrelated plaintiffs arising out of unrelated incidents. The SAC provides long string cites to unconnected portions of the California Penal Code without adequate explanation as to which parts are being challenged and on what basis. (*E.g.*, ECF No. 12 ¶¶ 116, 122, 128, 273; ECF No. 12 at 33–34.) It includes erroneous or outdated statutory references in multiple places. (ECF No. 12 ¶ 91 (referencing Cal. Penal Code § 12031(b)); *E.g.*, ECF No. 12 ¶¶ 218, 224, 240, 253 (referencing Cal. Penal Code § 12210).) It references the "Privileges and Immunities Clause of the 14th Amendment," (ECF No. 12 ¶ 142), and the "Privileges or Immunities clause of the Fourteenth Amendment," (ECF No. 12 at 34), but does not purport to bring any of its twelve claims under either the "privileges and immunities" clause of Article IV of the United States Constitution or "the "privileges or immunities" clause of the Fourteenth

6

Amendment. Likewise, the SAC references the constitutional "right to travel," (ECF No. 12. ¶ 112), without alleging this legal theory as the basis for any of its twelve causes of action. Worse still, the SAC leaves the defendants and the Court to sift through voluminous, extraneous allegations to guess at whether pertinent allegations might be hiding somewhere in the SAC. (*E.g.*, ECF No. 12 ¶ 13 (irrelevant allegations regarding Rodney King riots and Reginald Denny); ECF No. 12 ¶¶ 99–106 (irrelevant allegations regarding officer-involved shootings complete with links to Wikipedia articles).) It is simply not the Court's job to sift through voluminous allegations to attempt to determine whether there may be a possible hidden cause of action. *Walker v. Bowler*, No. 5:17-cv-01687-AG-JC, 2018 U.S. Dist. LEXIS 88481, at *19 (C.D. Cal. May 24, 2018) (collecting cases) ("It is not the Court's responsibility to hunt through plaintiff's prolix and rambling allegations in an attempt to determine whether plaintiff might have some adequate basis for bringing an action in federal court."); *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The disorganized nature of Plaintiffs' scattershot challenges to multiple, separate statutory schemes that deal with unrelated weapons regulation issues leaves Harris guessing as to what constitutional violations have been alleged. Given this mash of claims, the SAC does not clearly allege "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry*, 84 F.3d at 1178. Accordingly, on this basis, the Court dismisses Plaintiffs' remaining claims (Claims One, Two, Three, Six, Nine, and Twelve) against Harris without prejudice.

    C. <u>Standing</u>

In addition to Plaintiffs' failure to comply with Rule 8, Harris argues that Plaintiffs have failed to establish standing.[2] "To establish standing, a plaintiff must show that '(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a

---

[2] Harris does not challenge Plaintiffs' standing to assert their Second Cause of Action purportedly challenging the LEGR requirements. (ECF No. 30 at 8.) However, as discussed above, the Court finds that the entire SAC suffers from Rule 8 deficiencies. Moreover, Plaintiffs have completely failed to respond to any of Harris's arguments regarding the deficiencies in their Second Cause of Action. They have simply provided no explanation in either the SAC or their opposition explaining why the LEGR requirements violate the Second Amendment.

favorable court decision.'" *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir. 2015) (quoting *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs state that this case is a "constitutional challenge to the complex statutory scheme set forth in Cal. Penal Code §§ 25450-25475, 26150-26225, 26300-26325, 32000-32030 (Pen. Code, §§ 26950,27650)." (ECF No. 12 ¶¶ 116, 273.) Harris argues that "Plaintiffs lack standing to obtain equitable relief regarding any of these regulatory schemes because they have not sufficiently alleged a concrete plan or intention to violate any of these laws." (ECF No. 19 at 14.) Plaintiffs, conversely, argue they have established standing because "not a single defendant has stated that they do not and will not enforce the challenged statutes" and "Plaintiffs fear of prosecution and arrest is not misplaced, for each Plaintiff has already been arrested for possession of protected 'arms.'" (ECF No. 22 at 3.)

In assessing whether an injury is definite and concrete for standing purposes, "we consider whether the plaintiffs face 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement,' or whether the alleged injury is too 'imaginary' or 'speculative' to support jurisdiction." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (citation omitted) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Id.* Rather, "a '*genuine* threat of *imminent* prosecution' . . . is generally required of plaintiffs raising pre-enforcement challenges to criminal statutes outside the First Amendment context." *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016) (quoting *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). Courts consider the following factors in determining whether there is a genuine threat of prosecution: "(1) 'whether the plaintiffs have articulated a "concrete plan" to violate the law in question,' (2) 'whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings,' and (3) 'the history of past prosecution or enforcement under the challenged statute.'" *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018) (quoting *Sacks v. Office of Foreign Assets Control*, 466 F.3d

764, 773 (9th Cir. 2006)).

The assertion that Plaintiffs "intend to travel in and out of the State of California with ammunition magazines which hold more than ten rounds, and they intend to purchase, possess, and use handguns which are not on California's approved list," (ECF No. 12 ¶ 58), is insufficient to support a finding of an injury in fact. Indeed, the Ninth Circuit has explicitly rejected this type of ambiguous language, holding that an assertion that plaintiffs "wish and intend to engage in activities prohibited by" gun control law is too vague to support a finding of an injury in fact. *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1127 (9th Cir. 1996). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564. Moreover, Plaintiffs have not alleged any past violations of the laws they are purportedly challenging. Rather, they allege that their firearms were "illegally seized." (ECF No. 12 ¶ 123; *accord* ECF No. 12 ¶¶ 138–139, 185, 222.) Thus, because Plaintiffs have failed to allege an imminent, concrete injury, they have failed to establish standing. Accordingly, the Court also dismisses Plaintiffs' First, Third, Sixth, Ninth, and Twelfth causes of action against Harris because Plaintiffs fail to establish standing. However, because the Court finds amendment would not be futile, the Court will allow Plaintiffs leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Harris's Motion to Dismiss. (ECF No. 18.) Accordingly, the Court hereby:

1. DISMISSES the Fourth, Fifth, Seventh, Eighth, Tenth, and Eleventh Causes of Action with prejudice.
2. DISMISSES the First, Second, Third, Sixth, Ninth, and Twelfth Causes of Action with leave to amend.

Plaintiff is afforded thirty (30) days from the date of this Order to file an amended complaint in accordance with this Order.

///

///

9

IT IS SO ORDERED.

Dated: September 20, 2018

Troy L. Nunley
United States District Judge