1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES EDWARD CUPP, an individual;         No.  2:16-cv-00523-TLN-KJN
     LAWRENCE "WOLF" HAVEN, an
12   individual,
                                               **ORDER DENYING PLAINTIFFS'**
13                Plaintiffs,                   **MOTIONS FOR PRELIMINARY**
                                               **INJUNCTIONS**
14        v.

15   KAMALA D. HARRIS, et al.,

16                Defendants.

17

18

19        This matter is before the Court pursuant to Plaintiffs James Edward Cupp ("Cupp") and

20   Lawrence Haven's ("Haven") (collectively, "Plaintiffs") Motions for Preliminary Injunctions

21   against Defendants Kamala D. Harris, Citrus Heights Police Department Chief Christopher W.

22   Boyd, Placer County Sheriff Edward N. Bonner, Sacramento County Sheriff Scott Jones, and

23   Sacramento Deputy Sheriff Jesse Brucker (collectively, "Defendants").  (ECF Nos. 35, 39, & 40.)

24   Plaintiffs seek injunctions for the return of their property, including various firearms and

25   ammunition.  (ECF Nos. 35, 39, & 40.)  Defendants have opposed the motions, (ECF Nos. 42, 43,

26   44, & 45), and Plaintiffs filed a reply, (ECF No. 46).

27        On September 21, 2018, the Court dismissed Defendants Kamala D. Harris, Citrus

28   Heights Police Department Chief Christopher W. Boyd, Placer County Sheriff Edward N.

                                                1

Bonner, and Sacramento County Sheriff Scott Jones. (ECF Nos. 58, 59, 60 & 61.) Thus, the only remaining Defendant that Plaintiffs seek to enjoin in their preliminary injunction motions is Sacramento Deputy Sheriff Jesse Brucker.[1] The only remaining cause of action against Defendant Brucker is the Seventh Cause of Action alleging a Fourth Amendment violation resulting out of Defendant Brucker's unreasonable search of Plaintiff Haven's home. However, Plaintiff Haven does not contend that the Seventh Cause of Action is a basis for his preliminary injunction motion. (*See* ECF No. 40.) Therefore, Plaintiffs have no operative complaint on which to base their preliminary injunction motions. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."). Furthermore, Plaintiff Haven's request for a preliminary injunction against Defendants Jones and Brucker is moot because the Sacramento County Sheriff's department no longer has Plaintiff Haven's firearms as they "were deemed abandoned and disposed of, due to Haven's extended failure to claim them." (ECF No. 43 at 4.) Accordingly, Plaintiffs' Motions for Preliminary Injunctions are denied.

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motions for Preliminary Injunctions. (ECF Nos. 35, 39, & 40.) In light of this ruling, Plaintiff Cupp's motion to strike the declaration of Lieutenant Alex Turcotte is hereby DENIED as moot. (ECF No. 47.)

IT IS SO ORDERED.

Dated: October 9, 2018

Troy L. Nunley
United States District Judge

---

[1] The Court severed Defendant Brucker from the instant case on September 21, 2018.