XAVIER BECERRA, State Bar No. 118517
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN, State Bar No. 232650
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6002
  Fax: (916) 324-8835
  E-mail: Anthony.OBrien@doj.ca.gov
*Attorneys for Defendants Kamala D. Harris, in her official capacity as former Attorney General of California, and Xavier Becerra, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> KAMALA D. HARRIS, formerly Attorney General of the State of California, in her official capacity only; XAVIER BECERRA Attorney General of the State of California, in his official capacity only; CITY OF CITRUS HEIGHTS; Citrus Heights Police Department Chief CHRISTOPHER W. BOYD, in both his individual and official capacity; Citrus Heights Police Officer CHRISTIAN BAERRESEN, #371; Citrus Heights Police Officer THOMAS LAMB, #315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT, <br><br> Defendants. | 2:16-cv-00523-TLN-KJN <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANTS HARRIS'S AND BECERRA'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> Date: January 24, 2019 <br> Time: 2:00 p.m. <br> Courtroom: 2 <br> Judge: The Honorable Troy L. Nunley <br> Trial Date: None Set <br> Action Filed: March 11, 2016 |

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1
ARGUMENT .................................................................................................................................... 1
    I.    The Third Amended Complaint Fails to Comply with Rule 8 ................................. 1
    II.    Plaintiffs Lack Standing to Challenge the Firearms Regulations at Issue .............. 2
    III.    Sovereign Immunity Bars Plaintiffs' Claims for Relief Against Attorney General Harris ........................................................................................................... 5
    IV.    Plaintiffs' Second Amendment Claims Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6) ......................................................................... 5
    V.    Plaintiffs' Equal Protection Claim Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6) .................................................................................... 8
    VI.    The Court Should Deny Leave to Amend ............................................................ 10
CONCLUSION ............................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abagninin v. AMVAC Chemical Corp.*
  545 F.3d 733 (9th Cir. 2008) ...................................................................................................... 10

*Bauer v. Harris*
  94 F. Supp. 3d 1149 (E.D. Cal. 2015) ......................................................................................... 8

*Caetano v. Massachusetts*
  136 S. Ct. 1027 (2016) ............................................................................................................ 6, 7

*Central Delta Water Agency v. United States*
  306 F.3d 938 (9th Cir. 2002) ....................................................................................................... 3

*Denney v. Deutsche Bank AG*
  443 F.3d 253 (2d Cir. 2006) ........................................................................................................ 3

*District of Columbia v. Heller*
  554 U.S. 570 (2008) .................................................................................................................... 7

*Duncan v. Becerra*
  265 F.Supp.3d 1106 (S.D. Cal. 2017) ......................................................................................... 2

*Ezell v. City of Chicago*
  651 F.3d 684 (7th Cir. 2011) ....................................................................................................... 4

*Freeman v. City of Santa Ana*
  68 F.3d 1180 (9th Cir. 1995) ....................................................................................................... 9

*Fyock v. Sunnyvale*
  779 F.3d 991 (9th Cir. 2015) .......................................................................................... 2, 6, 7, 8

*Gallinger v. Becerra*
  898 F.3d 1012 (9th Cir. 2018) ................................................................................................... 10

*Heller v. District of Columbia*
  670 F.3d 1244 (D.C. Cir. 2011) ........................................................................................... 6, 7, 9

*Jackson v. City & County of San Francisco*
  746 F.3d 953 (9th Cir. 2014) ....................................................................................................... 7

*Kwong v. Bloomberg*
  723 F.3d 160 (2d Cir. 2013) ........................................................................................................ 8

ii

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Third Amended Complaint (2:16-cv-00523-TLN-KJN)

**TABLE OF AUTHORITIES**
(continued)

Page

*Lathon v. City of St. Louis*
    242 F.3d 841 (8th Cir. 2001)..................................................................................8

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992)..............................................................................................3

*McHenry v. Renne*
    84 F.3d 1172 (9th Cir. 1996).................................................................................1

*Mickelson v. County of Ramsey*
    823 F.3d 918 (8th Cir. 2016).................................................................................8

*Nordyke v. King*
    681 F.3d 1041 (9th Cir. 2012)...............................................................................9

*Orin v. Barclay*
    272 F.3d 1207 (9th Cir. 2001)...............................................................................9

*Peña v. Lindley*
    No. 2:09-CV-01185-KJM-CKD, 2015 WL 854684 (E.D. Cal. Feb. 26, 2015)
    *aff'd* 898 F.3d 969 (9th Cir. 2018)...................................................................7, 9

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984)................................................................................................5

*People v. Fannin*
    91 Cal. App. 4th 1399 (2001)................................................................................8

*Peruta v. County of San Diego*
    824 F.3d 919, 942 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 1995
    (2017).............................................................................................................5, 6, 8

*Romer v. Evans*
    517 U.S. 620 (1996)..............................................................................................9

*San Diego County Gun Rights Committee v. Reno*
    98 F.3d 1121 (9th Cir. 1996).............................................................................3, 4

*Silveira v. Lockyer*
    312 F.3d 1052 (9th Cir. 2002)..........................................................................9, 10

*Snoeck v. Brussa*
    153 F.3d 984 (9th Cir. 1998).................................................................................5

*Steffel v. Thompson*
    415 U.S. 452 (1974)..............................................................................................4

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Stoianoff v. Montana*
    695 F.2d 1214 (9th Cir. 1983)..................................................................................................4

*Susan B. Anthony List v. Driehaus*
    134 S. Ct. 2334 (2014) .........................................................................................................2, 3

*Teixeira v. County of Alameda*
    822 F.3d 1047 (9th Cir. 2016)..............................................................................................8, 9

*United States v. Chovan*
    735 F.3d 1127 (9th Cir. 2013)...................................................................................................7

*United States v. Henry*
    688 F.3d 637 (9th Cir. 2012)...................................................................................................7

*Walters v. Wolf*
    660 F.3d 307 (8th Cir. 2011)...................................................................................................8

*Wilson v. Lynch*
    835 F.3d 1083 (9th Cir. 2016)............................................................................................3, 7

**STATUTES**

California Penal Code
    § 12210..........................................................................................................................................1
    § 31910..........................................................................................................................................4
    § 32000..........................................................................................................................................4
    § 32310.....................................................................................................................................2, 4
    § 32310(c) ....................................................................................................................................2
    § 32310(d) ...................................................................................................................................2

**CONSTITUTIONAL PROVISIONS**

California Constitution
    Article V, § 13..............................................................................................................................5

iv

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Third Amended Complaint (2:16-cv-00523-TLN-KJN)

## INTRODUCTION

As explained in the opening brief, the Court should dismiss the Third Amended Complaint's ("Complaint" or "TAC") claims against Attorney General Becerra and former Attorney General Harris for an inability to state clear claims of relief, lack of standing, and failure to state any constitutional violations.  In their opposition, Plaintiffs Cupp and Haven recycle arguments already rejected by this Court when it dismissed the Second Amended Complaint.  In doing so, Plaintiffs again fail to address the Attorney General's key arguments or to acknowledge or distinguish the governing Ninth Circuit cases that were cited by the Attorney General. Accordingly, the Third Amended Complaint should be dismissed.  And because Plaintiffs have repeatedly failed to state any claim for relief, the Court should deny any further leave to amend the Complaint.

## ARGUMENT

### I.  THE THIRD AMENDED COMPLAINT FAILS TO COMPLY WITH RULE 8

As shown in the Attorney General's opening brief (ECF No. 74-1 at 4-6), the Complaint should be dismissed under Federal Rule of Civil Procedure 8 because it does not clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996).

In response, Plaintiffs assert that "[t]he TAC is clear as to what is being challenged and exactly what is being enjoined" and proceed to block quote three paragraphs of the Complaint, without further explanation.  ECF No. 76 at 3-4, quoting TAC, ¶ 90.  Because Plaintiffs do not provide any substantive response to the arguments raised by the Attorney General, they do not resolve any of the problems identified in the Attorney General's opening brief.  Plaintiffs do not deny that the Complaint includes a mash of claims regarding guns, knives, and slungshots on behalf of unrelated plaintiffs arising out of unrelated incidents.  Plaintiffs also fail to deny or explain the Complaint's citation to outdated sections of the Penal Code.  TAC, ¶¶ 144, 148, Prayer for Relief (referencing Cal. Penal Code § 12210).  Nor do Plaintiffs clarify whether they in fact seek to assert extraneous claims hinted in portions of the Complaint.  *E.g.*, TAC, ¶¶ 16 (allegations regarding Plaintiff Cupp's travel "through dangerous areas of California, such as

1

Richmond, Oakland, and Los Angeles"), 70 (passing reference to Takings Clause and Due Process challenges to Penal Code section 32310).

Rather than addressing any of these problems, Plaintiffs claim that they are seeking to enjoin enforcement of laws prohibiting "the purchase and possession of a modern handgun which comes standard with a magazine holding more than 10 rounds of ammunition." ECF No. 76 at 4. But the Complaint's challenge to the State's ban on possessing large-capacity magazines (whether used for handguns or rifles) is not clearly articulated, as it is mixed with Plaintiffs' apparent desire to travel across state lines, and purchase off-roster handguns. TAC, ¶¶ 87-90.[1] Because Plaintiffs' challenge to Penal Code section 32310 does not alleviate the numerous other problems in the pleading, the Complaint should be dismissed for failure to comply with Rule 8.

## II. PLAINTIFFS LACK STANDING TO CHALLENGE THE FIREARMS REGULATIONS AT ISSUE

As shown in the Attorney General's opening brief, Plaintiffs have the burden of establishing standing. ECF No. 74-1 at 6. Plaintiffs argue that they have standing because they "face a credible threat of prosecution under the challenged laws." ECF No. 76 at 6. This claim, though, ignores the applicable Ninth Circuit law, cited in the Attorney General's opening brief, and finds no support in the cases cited by Plaintiffs.

To start, *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014), does not support Plaintiffs. That case stands for the undisputed proposition that a plaintiff can bring a pre-enforcement challenge to a criminal law when the circumstances render threatened enforcement "sufficiently imminent." *Id.* at 2342. To make this showing a plaintiff must allege "an intentional course of conduct arguably affected with constitutional interest, but proscribed by a statute" *and* "a credible threat of prosecution thereunder." *Id.* For example, in *Driehaus*, the

---

[1] To the extent that the Complaint challenges the state's ban on the possession and purchase of large-capacity magazines, that issue has already been addressed by the Ninth Circuit. *Fyock v. Sunnyvale*, 779 F.3d 991, 1001 (9th Cir. 2015). Plaintiffs do not dispute that the Attorney General's statutory defense was previously accepted by the Ninth Circuit, as discussed in the opening brief and in the section below addressing Plaintiffs' Second Amendment claim. Moreover, as noted in the opening brief (ECF No. 74-1 at 12), the state's ban on possession of large capacity magazines (under Penal Code section 32310(c) and (d)) is currently enjoined. *See Duncan v. Becerra*, 265 F.Supp.3d 1106, 1139-1140 (S.D. Cal. 2017), *aff'd*, 2018 WL 3433828 (9th Cir. July 17, 2018).

2

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Third Amended Complaint (2:16-cv-00523-TLN-KJN)

plaintiffs "pleaded specific statements they intended to make" that were arguably prohibited by the Ohio statute at issue and a specific time they intended to make those statements—"in future election cycles." *Id.* at 2343.

In contrast, Plaintiffs have not pleaded which of the challenged statutes their desired actions would violate (*e.g.*, unsafe handguns, concealed-carry permits, large-capacity magazines, and assault weapons), much less any particular time or place that Plaintiffs plan to violate any of these challenged statutes. In opposition, Plaintiffs fail to provide any further showing of actual injury, but instead state only that they "desire to acquire weapons that the statute rendered illegal" and "assert the right to travel in the state with standard military sidearms historically designed using full capacity magazines." ECF No. 76 at 6, 8.

These "indefinite intention[s]" are exactly the kind of allegations that the Ninth Circuit has said are insufficient to confer standing in *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126-27 (9th Cir. 1996). Plaintiffs' opposition does not even acknowledge *San Diego County Gun Rights Committee*, much less offer any argument that would distinguish it. *San Diego County Gun Rights Committee* remains the governing law on this issue, and has been applied by the Ninth Circuit as recently as August 2016. *See Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016) (plaintiff lacked standing to challenge federal law criminalizing possession of a firearm by an unlawful drug user because plaintiff did not allege she was an unlawful drug user or that she had received a firearm). As the Ninth Circuit has explained, Plaintiffs' "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury." *San Diego County Gun Rights Comm.*, 98 F.3d at 1127 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)).

None of the other cases cited by Plaintiffs can overcome their failure to allege a concrete plan to violate the challenged laws that could support any alleged injury.[2] Plaintiffs appear to

---

[2] Several cases cited by Plaintiffs are inapposite because they do not involve pre-enforcement challenges to criminal laws. ECF No. 76 at 6 (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) and *Central Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002).

3

argue that their request for declaratory relief could allow them to avoid meeting the constitutional standing requirements. ECF No. 76 at 6.  Plaintiffs ignore that *San Diego County Gun Rights Committee* also involved a request for declaratory relief.  98 F.3d at 1124 ("Seeking declaratory and injunctive relief, plaintiffs allege that they 'wish and intend' to engage in unspecified conduct prohibited by the Act").  Nothing in *Steffel v. Thompson*, 415 U.S. 452 (1974) allows Plaintiffs to establish standing without alleging concrete plans to violate the challenged statutes, as evidenced by the Ninth Circuit's citation of that case in *San Diego County Gun Rights Committee*.  98 F.3d at 1127.  Moreover, the facts in *Steffel* are readily distinguishable from the present case.  There, the plaintiff had already violated the statute at issue, had been warned to stop distributing handbills at the shopping center, had had his companion arrested for criminal trespass, had alleged a specific desire to return to a specific shopping center to distribute handbills, and the parties had stipulated that if the plaintiff returned and refused to stop handbilling, he would be arrested.  415 U.S. at 455-56.  In short, the plaintiff had alleged concrete plans to violate the law at issue and an imminent threat of enforcement.  Plaintiffs offer no such allegations here.

Plaintiffs also argue that the Seventh Circuit, in *Ezell v. City of Chicago*, 651 F.3d 684, 695-96 (7th Cir. 2011), reasoned that the "very existence of the ordinance implied a threat to prosecute." ECF No. 76 at 6.  The Ninth Circuit, however, has "repeatedly admonished" that "[t]he mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." *San Diego County Gun Rights Committee*, 98 F.3d at 1126 (quoting *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983)).  Whatever the state of the law may be the Seventh Circuit, in the *Ninth Circuit*, there is no question that "a general threat of prosecution is not enough to confer standing." *Id.* at 1127.

Finally, Plaintiffs argue that the confiscation of their firearms constitutes an injury-in-fact. ECF No. 76 at 4-5.  The opposition, however, fails to point to any specific corresponding allegations in their Complaint showing that the confiscation of those firearms was as a result of enforcement of any of the statutes challenged in the Complaint—namely, the ban on large-capacity magazines (Cal. Penal Code, § 32310), the Unsafe Handgun Act (Cal. Penal Code, § 32000), or the State's microstamping requirement (Cal. Penal Code, § 31910). And, while the

4

Attorney General does not challenge Plaintiffs' standing to seek an injunction for return of firearms without completion of the Law Enforcement Gun Release application or payment of required processing fees, this claim should also be dismissed for the reasons discussed below and in the Attorney General's opening brief (ECF 74-1 at 9-10).

### III. SOVEREIGN IMMUNITY BARS PLAINTIFFS' CLAIMS FOR RELIEF AGAINST ATTORNEY GENERAL HARRIS

Plaintiffs' claims seeking injunctive and declaratory relief against former Attorney General Harris (TAC, ¶¶ 130-131, 140)—without any showing that the former Attorney General was involved in the searches, seizures, or arrests alleged in the Complaint—are barred under the doctrine of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 1000 (1984) (noting that the Eleventh Amendment "bars a suit against state officials when the state is the real, substantial party in interest").

In opposition, Plaintiffs merely repeat the generalized claim that the Attorney General "has a supervisory role over 'every district attorney and sheriff and over such other law enforcement officers as may be designated by law.'" ECF No. 76 at 7, quoting Cal. Const., art. V, § 13. But as noted in the opening brief (ECF No. 74-1 at 9-10), such generalized claims of supervisory responsibility are insufficient for overcoming Eleventh Amendment sovereign immunity. *See Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (noting that the actions for declaratory and injunctive relief against state officers survive sovereign immunity only where "it is plain that such officer must have some connection with the enforcement of the act"). Sovereign immunity therefore bars Plaintiffs' declaratory and injunctive relief claims against Attorney General Harris.

### IV. PLAINTIFFS' SECOND AMENDMENT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

Plaintiffs also fail to meaningfully engage with the Ninth Circuit law that requires dismissal of their Second Amendment claims on the merits. Most importantly, Plaintiffs do not deny that a large part of their claims focus on their alleged desire to carry *concealed* weapons. (TAC, ¶¶ 16, 22, 25, 119, 120.) As shown in the Attorney General's opening brief (ECF No. 74-1 at 18), these claims are foreclosed on the merits by *Peruta v. County of San Diego*, which held that "the

5

Second Amendment does not protect, in any degree, the carrying of concealed firearms by members of the general public." 824 F.3d 919, 942 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 1995 (2017). Plaintiffs do not acknowledge *Peruta* or make any effort to distinguish it. All claims asserting a right to carry concealed weapons must be dismissed for this reason alone.

As to the remaining claims, Plaintiffs appear to argue that, if a weapon or magazine is in "common use by law-abiding citizens," it cannot be regulated. ECF No. 22 at 8-9. But none of the cases cited by Plaintiffs support this proposition. *Heller v. District of Columbia* ("*Heller II*"), 670 F.3d 1244, 1261 (D.C. Cir. 2011) found that "semi-automatic rifles and magazines holding more than ten rounds are indeed in 'common use,'" as Plaintiffs argue. ECF No. 76 at 8-9. But Plaintiffs ignore that the court went on to find that the regulations at issue passed intermediate scrutiny because there is "a substantial relationship between the prohibition of both semi-automatic rifles and magazines holding more than ten rounds and the objectives of protecting police officers and controlling crime." *Id.* at 1264. Accordingly, the court held that "the bans do not violate the plaintiffs' constitutional right to keep and bear arms." *Id.* Plaintiffs likewise ignore the Ninth Circuit's decision in *Fyock v. Sunnyvale*, which cited *Heller II* in affirming the denial of motion to preliminarily enjoin a local ordinance restricting possession of large-capacity magazines. 779 F.3d 991, 997. Plaintiffs do not offer anything that would undermine the Ninth Circuit's conclusions that (1) such laws restrict "possession of only a subset of magazines that are over a certain capacity" and thus leave open alternative channels for self-defense and (2) the government's interests in reducing violent crime and reducing the danger of gun violence, "particularly in the context of mass shootings and crimes against law enforcement," were substantial and important government interests. 779 F.3d at 999-1000.[3]

Plaintiffs cite *Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016), for the proposition that a "blanket prohibition of arms," including horse leashes ("slungshots") and handguns holding more than 10 rounds, "is per se unconstitutional," regardless of the two-step inquiry the Ninth Circuit

---

[3] Plaintiffs argue that bans on large-capacity magazines are "unusual." ECF No. 76 at 10 (citing cases that did not involve large-capacity magazines or the Second Amendment).) Even if true, this would have no bearing on Plaintiffs' constitutional claim. And it is not true. As described above, such bans have previously been litigated (and upheld) inside and outside the Ninth Circuit. *See Fyock*, 779 F.3d at 999; *Heller II*, 670 F.3d at 1264.

6

uses to evaluate whether a law violates the Second Amendment. ECF No. 74-1 at 11, citing *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013). But *Caetano* does not change the framework set out by the Supreme Court and applied by the Ninth Circuit in numerous cases. In *Caetano*, the Supreme Judicial Court of Massachusetts had found that stun guns were not protected by the Second Amendment because they "were not in common use at the time of the Second Amendment's enactment." *See Caetano*, 136 S. Ct. at 1027-28. This conclusion, and the Massachusetts court's other reasoning, directly contradicted the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which held that the Second Amendment extends to weapons that "were not in existence at the time of the founding." *See Caetano*, 136 S.Ct. at 1027-28 (quoting *Heller* 554 U.S. at 582). For that reason, a unanimous Supreme Court vacated and remanded. *Caetano*, 136 S.Ct. at 1028.

But *Caetano* does not alter *Heller*'s clear pronouncement that the Second Amendment right is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626. Following *Heller* (and *Caetano*), courts in the Ninth Circuit have upheld regulations that leave open ample alternative channels for self-defense. *See, e.g.*, *Fyock*, 779 F.3d at 999 (restrictions on large-capacity magazines likely to pass intermediate scrutiny); *Jackson v. City & County of San Francisco*, 746 F.3d 953, 961, 970 (9th Cir. 2014) (restrictions on hollow-point ammunition passed intermediate scrutiny); *Wilson v. Lynch*, 835 F.3d 1083, 1093 (9th Cir. 2016) (noting that plaintiff could have purchased firearms before acquiring a registry card allowing her to possess marijuana); *Peña v. Lindley*, No. 2:09-CV-01185-KJM-CKD, 2015 WL 854684, at *12 (E.D. Cal. Feb. 26, 2015), *aff'd* 898 F.3d 969 (9th Cir. 2018) (plaintiffs' Second Amendment rights would be satisfied by access to nearly 1000 types of firearms that are on the roster of handguns that are not deemed unsafe). Plaintiffs fail to acknowledge or distinguish any of these cases.

*Caetano* also does not change the Supreme Court's pronouncement that the regulation of "dangerous and unusual weapons" falls entirely outside the scope of the Second Amendment. *See Heller*, 554 U.S. at 627; *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012). As shown in the Attorney General's opening brief (ECF No. 74-1 at 15), "[r]egulation of a weapon not

7

1  typically possessed by law-abiding citizens for lawful purposes does not implicate the Second
2  Amendment." *Fyock*, 779 F.3d at 997-98 (citing cases). Accordingly, California can regulate
3  weapons such as slungshots, which are "ordinarily used for criminal and improper purposes,"
4  without violating the Second Amendment. *See People v. Fannin*, 91 Cal. App. 4th 1399, 1402
5  (2001) (citations omitted); *Peruta*, 824 F.3d at 937-38 (citing Texas case from 1871 and West
6  Virginia case from 1891 upholding statutes that prohibited possession of slungshots).

7  Finally, Plaintiffs argue that a failure to "immediately return" the firearms that were seized
8  "has deprived plaintiffs of their ability to exercise their Second Amendment rights." ECF No. 76
9  at 10. Critically, Plaintiffs do not dispute that they could obtain the return of these firearms by
10  completing a short form and paying a small fee. They cite no case that would support the
11  argument that requiring them to complete the form and pay the fee violates their Second
12  Amendment rights.[4] Nor do they acknowledge or distinguish the cases cited by the Attorney
13  General that have upheld other form and fee requirements because they serve important purposes
14  by helping to keep guns out of the hands of convicted felons and the mentally ill. ECF No. 74-1
15  at 15; *Bauer v. Harris*, 94 F. Supp. 3d 1149, 1155 (E.D. Cal. 2015) (upholding $19 fee on
16  firearms transactions); *Kwong v. Bloomberg*, 723 F.3d 160, 167-69 (2d Cir. 2013) (upholding
17  handgun licensing process and $340 fee for three-year license).

**V. PLAINTIFFS' EQUAL PROTECTION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**

20  Plaintiffs also fail to acknowledge or distinguish the cases that require dismissal of their
21  equal protection claim. Most importantly, Plaintiffs ignore *Teixeira v. County of Alameda*, 822
22  F.3d 1047 (9th Cir. 2016), cited in the Attorney General's opening brief (ECF No. 74-1 at 16).
23  Because Plaintiffs' "equal protection challenge is 'no more than a [Second] Amendment claim
24  dressed in equal protection clothing,' it is 'subsumed by, and coextensive with' the former, and

---

[4] Instead, Plaintiffs cite a pair of inapposite Eighth Circuit cases—*Lathon v. City of St. Louis*, 242 F.3d 841 (8th Cir. 2001) and *Walters v. Wolf*, 660 F.3d 307 (8th Cir. 2011)—that do not involve a simple completion of a form and payment of a processing fee, but instead require "the inherently 'lengthy and speculative' . . . action in tort" to retrieve seized firearms. ECF No. 76 at 11-12, citing *Mickelson v. County of Ramsey*, 823 F.3d 918, 928 (8th Cir. 2016), quoting *Wallters*, 660 F.3d at 313-314.

8

therefore is not cognizable under the Equal Protection Clause." *Id.* at 1052 (quoting *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001)).  For this reason alone, Plaintiffs' equal protection claim should be dismissed.

As shown in the Attorney General's opening brief (ECF No. 74-1 at 17), the Complaint also fails to define the parameters or characteristics of any similarly situated "control group" against which active or retired peace officers can be compared.  This is a threshold requirement for stating an equal protection claim.  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).  Plaintiffs' opposition addresses this requirement obliquely, if at all.  ECF No. 76 at 14.  For example, Plaintiffs' inclusion of a block quote from *Heller* may suggest that they intend the control group to be "all Americans" or "the people," as that phrase is used in the Constitution.  ECF No. 76 at 14.  In any event, Plaintiffs do not point to any allegations in the Complaint to show that their proposed control group is "similarly situated" to the active or retired peace officers covered by the challenged exemptions.  Such allegations are required to state a claim for an equal protection violation.  *Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir. 2002), *abrogated on other grounds by Heller*, 554 U.S. 570 ("[I]n order for a state action to trigger equal protection review at all, that action must treat similarly situated persons disparately.") (citation omitted).

Finally, without acknowledging or distinguishing the cases cited by the Attorney General that applied rational basis review (ECF No. 74-1 at 18-19), Plaintiffs argue that strict scrutiny applies.  ECF No. 76 at 13, citing *Romer v. Evans*, 517 U.S. 620, 631 (1996).  But because the challenged restrictions do not violate the Second Amendment, as explained above, rational basis review applies.  *See, e.g.*, *Teixeira*, 822 F.3d at 1052; *Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012).  Plaintiffs likewise ignore the Ninth Circuit's determination, cited in the opening brief (ECF No. 74-1 at 19) that, based on their extensive training and ability to respond to emergencies, even while off duty, "'[i]t is manifestly rational for at least most categories of peace officers to possess and use firearms more potent than those available to the rest of the populace in order to maintain public safety.'" *Peña*, 898 F.3d at 987 (quoting *Silveira*, 312 F.3d at 1089).  Thus, any "implicit[]" conclusion that retired peace officers and ordinary citizens were similarly

9

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Third Amended Complaint (2:16-cv-00523-TLN-KJN)

situated in *Silveira* (ECF No. 76 at 14), was focused on the desire to "use for their personal pleasure military-style weapons," 312 F.3d at 1090-91, and is not relevant here. *See also Gallinger v. Becerra*, 898 F.3d 1012, 1017-1020 (9th Cir. 2018) (distinguishing *Silveira* and noting that, in permitting retired peace officers to carry firearms on school grounds, the State had two legitimate government interests—protection of retired peace officers and public safety—that were subject to rational basis review).

### VI. THE COURT SHOULD DENY LEAVE TO AMEND

As noted in the opening brief (ECF No. 74-1 at 19-20), the Court should deny Plaintiffs any further leave to amend their Complaint. Plaintiffs have repeatedly failed to cure the deficiencies in their Complaint. In such instances, leave for any further amendments would be futile. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (affirming denial of leave to amend when "previous amendment failed to cure [complaint's] deficiency. In their opposition, Plaintiffs—who have now had four opportunities to submit a complaint—fail to provide any basis justifying a fifth bite of the apple. The Court therefore should not give Plaintiffs any further attempts to amend their defective pleadings. Instead, the Court should dismiss this matter with prejudice.

### CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against former Attorney General Harris and Attorney General Becerra with prejudice.

Dated: January 17, 2019         Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendants Kamala D. Harris, in her official capacity as former Attorney General of California, and Xavier Becerra, in his official capacity as Attorney General of California*

SA2016102600    13407834.docx

10

# CERTIFICATE OF SERVICE

Case Name: **Cupp, James Edward v. Kamala D. Harris, et al.**   No. **2:16-cv-00523-TLN-KJN**

I hereby certify that on January 17, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF IN SUPPORT OF DEFENDANTS HARRIS'S AND BECERRA'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 17, 2019, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
| --- | --- |
| Declarant | Signature |

SA2016102600
13408038.docx