1  Gary W. Gorski (SBN 166526)
   LAW OFFICES OF GARY W. GORSKI
2  3017 Douglas Blvd. Suite 150
   Roseville, CA  95661
3  916-758-1100
   CivilRightsAttorney@outlook.com
4  www.lonewolflaw.com

5  Daniel M. Karalash (SBN 176422)
   Strategic Law Command
6  3017 Douglas Blvd. Suite 150
   Roseville, CA  95661
7  (916) 787-1234
   dan@stratlaw.org
8  www.stratlaw.com

9  Attorneys for Plaintiffs
   JAMES EDWARD CUPP and
10 LAWRENCE "WOLF" HAVEN

11
                **THE UNITED STATES DISTRICT COURT**
12
           **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**
13

14  JAMES EDWARD CUPP, an individual;           )   **Case No.**  16-CV-00523-TLN-KJN
    LAWRENCE "WOLF" HAVEN, an individual )
15                                               )
                   Plaintiff,                    )
16                                               )   **FIFTH AMENDED COMPLAINT FOR**
          vs.                                    )   **DECLARATORY AND INJUNCTIVE**
17                                               )   **RELIEF, AND MONETARY DAMAGES**
    KAMALA D. HARRIS, formerly Attorney          )   **(42 U.S.C. § 1983)**
18  General of the State of California, in her official )
    capacity only; XAVIER BECERRA Attorney      )
19  General of the State of California, in his official )   **DEMAND FOR JURY TRIAL**
    capacity only; Citrus Heights Police Officer )
20  CHRISTIAN BAERRESEN, # 371; Citrus          )
    Heights Police Officer THOMAS LAMB, #       )
21  315; UNKNOWN CITRUS HEIGHTS POLICE )
    OFFICER Badge Number 323;                    )
22  UNKNOWN CITRUS HEIGHTS POLICE               )
    OFFICER who prepared Report Number          )
23  CH14-02589 on 03/26/2014; TWO                )
    UNKNOWN NAMED PEACE OFFICERS OF
24  THE CITRUS HEIGHTS POLICE
    DEPARTMENT
25
                   Defendants.
26  _____
    **Plaintiffs aver as follows:**
27
                   **JURISDICTION AND VENUE**
28

                              **- 1 -**

_____

                     **Fifth Amended Complaint**

1.     Jurisdiction of this action is founded on 28 U.S.C. § 1331 in that the action arises under the Constitution and laws of the United States of America, and under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

2.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1), whereas all DEFENDANTS reside in the State of California and Defendant HARRIS resides in this judicial district.

3.     The state's conduct and law is inherently impermissible, regardless of any protected or remedial procedures. There is no distinction between personal liberties and property rights under 42 U.S.C. § 1983.

<b>THE PARTIES</b>

4.     Plaintiff JAMES EDWARD CUPP is a competent adult, natural person, and citizen of the United States of America, and at all relevant times a legal resident of Emery, South Dakota, and a citizen of the state of South Dakota.

5.     CUPP has no criminal record.

6.     His home is a Fifth Wheel, made by KZ, Escalade. Therefore, CUPP continuously travels through California which the possession of certain arms and weapons are not protected, though allowed in every other western state.

7.     CUPP is a heavy equipment operator, W-2 employee of Local 370, Operating Engineer, working in the petroleum industry between North Dakota and Texas.

8.     As a resident of the state of South Dakota, and fully exercising the rights and privileges thereof as a free person of that state, the only limitation CUPP has on firearm ownership is that which is prohibited by federal law.

9.     Plaintiff LAWRENCE "WOLF" HAVEN is a competent adult, natural person, and citizen of the United States of America, and at all relevant times a legal resident of County of Sacramento, California.  He is a Veteran and Native-American, and as such belongs to a

- 2 -

1   class which consists of a long tradition of keeping and bearing arms.

2   10.   Plaintiff is a Native American, Veteran (1979-1983 U.S.N. Honorable Discharge) and an

3   avid hunter and owner of firearms. Veterans and Native Americans have a long tradition of

4   carrying and using California banned and prohibited weapons, especially firearms.

5   11.   While serving in the U.S. Navy, the United States entrusted HAVEN to work on heavy

6   explosives and ordinances. The standard military side arm of the time was a .45 Caliber

7   Semi-Automatic pistol, the type which California confiscated without due process.

8   12.   This action therefore seeks to vindicate the right of the people of the State of California,

9   including Plaintiffs, and others similarly situated, to keep and bear arms under the Second

10   Amendment, as incorporated to the states, which prohibits infringement of a core right to

11   keep and use commonly-possessed firearms for lawful purposes, including self-defense.

12   13.   Defendant KAMALA D. HARRIS was formerly Attorney General of the State of California,

13   in her official capacity and Defendant XAVIER BECERRA was HARRIS' elected successor

14   in interest as Attorney General of the State of California whereby the California Constitution

15   Article V, section 13 grants the Attorney General a supervisory role over "every district

16   attorney and sheriff and over such other law enforcement officers as may be designated by

17   law."  Defendant KAMALA D. HARRIS and Defendant XAVIER BECERRA are hereby

18   "Defendant" for the purposes of this pleading.

19   14.   Article V, section 13 is fleshed out in several California statutes which grants full authority

20   and power to the Attorney General with direct supervisory power over sheriffs and police

21   chiefs, including the power to require written applications and fees regarding firearms.

22   15.   Defendant is the State of California Attorney General, and is the chief law enforcement

23   officer of the State whereby all other named Defendants report to him.

24   16.   Defendant is the State of California Attorney General, and as such is responsible for

25   promulgation of the standardized Law Enforcement Release Application, Penal Code Section

26   33850, application and implementing specific criteria for the applicant to respond. (Attached

27   hereto as **Exhibit "A"** is a true and correct copy of 2015 Law Enforcement Release

28   Application.)  (Attached hereto as **Exhibit "B"** is a true and correct copy of 2020 Law

**Fifth Amended Complaint**

Enforcement Release Application.)

17.   Defendant XAVIER BECERRA is the State of California Attorney General, and as such is responsible for executing and administering the laws, customs, practices, and policies of the State of California complained of in this action.

18.   Defendant is an agent, servant, and/or employee of the State of California, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

19.   Defendant is the State of California Attorney General, and is the chief law enforcement officer of the State whereby all other named Defendants report, and is therefore sued in official capacity.

20.   Defendant Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371 is an agent, servant, and/or employee of Defendant CITY OF CITRUS HEIGHTS, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

21.   Defendant Citrus Heights Police Officer THOMAS LAMB, # 315 is an agent, servant, and/or employee of Defendant CITY OF CITRUS HEIGHTS, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

22.   Defendant UNKNOWN CITRUS HEIGHTS POLICE OFFICER with Badge Number 323 is an agent, servant, and/or employee of Defendant CHRISTOPHER W. BOYD and Defendant CITY OF CITRUS HEIGHTS, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

23.   Defendant UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on or about 03/26/2014 is an agent, servant, and/or employee of Defendant CHRISTOPHER W. BOYD and Defendant CITY OF CITRUS HEIGHTS, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

**Fifth Amended Complaint**

24.   Defendants UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT have not been located, but they will be added to this complaint upon uncovering their names through discovery.

**FIRST CLAIM FOR RELIEF (previously SECOND):**
**CONSTITUTIONAL CHALLENGE TO STATE LAW**
**Violation of the Second Amendment Right to Keep and Bear Arms**
(Plaintiffs HAVEN, CUPP and Defendant BECERRA, formerly HARRIS only)
(California Penal Code §§ 33850, 33855, 33860, 33865, 33880, Unconstitutional Statute - LEGR)
(Injunctive and Declaratory Relief Only for Return of Firearms and Enjoining Enforcement)

25.   Plaintiffs incorporate the above allegations as if set forth fully here.

26.   At all times, Plaintiffs legally possessed and owned handguns and long-rifles, ammunition, and magazines which were legally purchased and owned by Plaintiffs.

27.   At the direction of Defendant, Plaintiffs had their firearms confiscated by law enforcement in perpetuity unless each plaintiff paid fees and surcharges, along with completing an application called the Law Enforcement Release Application. (Attached hereto as **Exhibit "A"** is a true and correct copy of 2015 Law Enforcement Release Application.) (Attached hereto as **Exhibit "B"** is a true and correct copy of 2020 Law Enforcement Release Application.)

28.   This application is separate and distinct from a property receipt in criminal or civil proceeding in that Plaintiffs have to sign a document under the penalty of perjury in violation of the right to remain silent, pay a fee and surcharge, and submit to additional background checks that were performed at the time of arrest and confiscation.

29.   The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II.

30.   The United States Supreme Court has concluded that "[s]elf-defense is a basic right, recognized by many legal systems from ancient times to the present day, and . . . individual self-defense is 'the central component' of the Second Amendment right." *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (quoting Heller, 554 U.S. at 628).

31.   The Second Amendment is a right which requires the possession of an "arm" for personal self defense.

**Fifth Amended Complaint**

32. The unlawful seizure of "arms" is also a seizure of rights, not just property.

33. The "arms" protected by the Second Amendment are those "typically possessed by law-abiding citizens" for lawful purposes.

34. Plaintiffs requested a return of their arms from local law enforcement, and local law enforcement advised Plaintiffs that they have to pay a fee, fill out an application, and fill out a gun registration form with Defendant's agency to get their arms returned, and this happens when it is unknown if a criminal complaint is even going to be filed.

35. To confiscate arms without any process, Defendant employs a statutory scheme based upon the following California Penal Code provisions:

    a.   Cal. Penal Code § 33850(a) "Any person who claims title to any firearm that is in the custody or control of a court or law enforcement agency and who wishes to have the firearm returned **shall make application** for a determination by the Department of Justice as to whether the applicant is eligible to possess a firearm."

    b.   § 33855. Requirements for return A **law enforcement agency** or court that has taken custody of any firearm, ammunition feeding device, or ammunition shall not return the firearm, ammunition feeding device, or ammunition to any individual unless all of the following requirements are satisfied: (a) The individual presents to the agency or court notification of a determination by the department pursuant to Section 33865 that the person is eligible to possess a firearm, ammunition feeding device, or ammunition. (b) If the seized property is a firearm and the agency or court has direct access to the Automated Firearms System, the agency or court has verified that the firearm is not listed as stolen pursuant to Section 11108.2, and that the firearm has been recorded in the Automated Firearms System in the name of the individual who seeks its return. © If the firearm has been reported lost or stolen pursuant to Section 11108.2, a law enforcement agency shall notify the owner or person entitled to possession pursuant to Section 11108.5. However, that person shall provide proof of eligibility to possess a firearm pursuant to Section 33865.

    c.   This section does not prevent the local law enforcement agency from **charging the rightful owner** or person entitled to possession of the firearm the **fees** described in Section 33880. However, an individual who is applying for a background check to retrieve a firearm that came into the custody of a court or law enforcement agency pursuant to Section 33850 shall be exempt from the fees in Section 33860, provided that the court or agency determines the firearm was reported stolen to a law enforcement agency prior to the date the firearm came into custody or control of the court or agency, or within five business days of the firearm being stolen from its owner. The court or agency shall notify the Department of Justice of this fee exemption in a manner prescribed by the department.

    d.   Cal. Penal Code § 33860. **Fee per request** (a) "The Department of Justice shall establish a fee of twenty dollars ($20) per request for return of a firearm, ammunition feeding device, or any quantity of ammunition plus a three-dollar ($3) charge for each additional firearm being processed as part of the request to return a firearm, to cover its reasonable costs for processing applications submitted pursuant to this chapter."

**Fifth Amended Complaint**

e.    Cal. Penal Code § 33880. **Fee for seizure**, impounding, storage, or release of firearm, ammunition feeding device, or ammunition.

36.    Over time, Defendant expands the scope of seized arms to include ammunition and magazines. (Compare **Exhibit "A"** with **Exhibit "B".**)

*CUPP*

37.    On or around March 25, 2014, police officers of the City of Citrus Heights (i.e. Citrus Heights Police Officer (Report Number CH14-02589 on or about 03/26/2014) falsely arrested CUPP, under color of law, without probable cause, issued him a temporary restraining order, searched his residence without a warrant, which was 8-9 miles away from location of his arrest and without a warrant seized six (6) firearms legally owned by CUPP, ammunition, magazines owned by CUPP, and two non-folding hunting knives that he carried openly on his person. These arms were all purchased prior to January 1, 2014.

38.    CUPP was charged with California Penal Code § 21310, carrying a concealed knife which was not concealed.

39.    At all times, Citrus Heights Police Officers had time to obtain a warrant, and there was no exigent circumstance.

40.    Without any form of due process, CUPP was falsely arrested by officers of the Citrus Heights Police Department, whereby he was handcuffed and booked in the Sacramento County Jail, thus having to post bail, utilizing a bail bondsman, costing him damages, and none of his property, including arms, were not returned to him.

41.    On or about 03/27/2014, a criminal complaint (*People v. Cupp*, Sacramento Case Number 14M02083) was filed against CUPP for violation of penal code section 21310, which provides.  "Except as provided in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, any person in this state who carries concealed upon the person any dirk or dagger is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170."

42.    On 05/30/2014, the case against CUPP was dismissed with prejudice on the Sacramento District Attorney's own motion, resulting in an order for return of ALL property to CUPP

**Fifth Amended Complaint**

illegally seized.

43.   Plaintiffs' two knives were returned to him, but not his six firearms and other firearm related tools and equipment.

44.   The remaining arms in custody of the Citrus Heights Police Department awaiting clearance from Defendant.

*HAVEN*

45.   On February 14, 2016, a Sacramento Deputy Sheriff, acting color of law and the authority, and acting without a warrant or probable cause, illegally entered the residence of HAVEN.

46.   HAVEN was not present to give a consent and was unaware of the entry of the Sacramento Deputy Sheriff.

47.   Without a warrant, the Sacramento Deputy Sheriff seized the property of HAVEN consisting of three firearms, including an AR-7 semi-automatic rifle and a standard issue military semi-automatic 1911. These arms were all purchased prior to January 1, 2014.

48.   No criminal charges were ever filed, and the government never returned HAVEN's three firearms and ammunition and magazines because he refused to pay a fee and sign a document granting a firearms check to see if he is "eligible" to own a firearm.

49.   Prior to January 31, 2018, Defendant had actual knowledge of this action, and that Plaintiffs had committed no crimes.

50.   Defendant has the ability to simple run a computer name and firearm clearance check and simply order the local law enforcement to release the arms.

51.   When CUPP and HAVEN asked for the return of their arms from the seizing agencies, they stated that they cannot return any arms unless given permission by the Attorney General's office.

52.   Plaintiffs were both informed that only the Attorney General of California has the authority to order the release of firearms when confiscated by law enforcement in California.

53.   Defendant's Law Enforcement Release process requires any person who was never charged with a crime, or who had a criminal complaint dismissed *in toto*, and who claims title to any firearm, ammunition or ammunition feeding device that is in the custody or control of a court

- 8 -

**Fifth Amended Complaint**

or law enforcement agency and who wishes to have the aforementioned items returned, to submit a LER Application form (**Exhibit "B"**) to the State Attorney General, California Department of Justice (the Defendant) to determine eligibility to possess a firearm, ammunition and/or ammunition feeding device.  (See California Penal Code section 33850)

54. This release applies to any situation whereby guns and ammo are seized by law enforcement, even if the no charges are filed against the citizen or the criminal case is dismissed because of an erroneous arrest.

55. The only way individuals seeking the return of a firearm, ammunition and/or ammunition feeding device that is in the custody or control of a court or law enforcement agency must submit a LER Application along with the **appropriate fees** to the Defendant Attorney General, whose department processes the application and then grants a clearance to the local law enforcement agency to release the arms.

56. Additionally, if an individual is seeking the return of a long gun purchased prior to **January 1, 2014** which has not been subsequently recorded in their name by either a self reporting application, or registered as an assault weapon or .50 BMG rifle, is mandated to submit a Firearms **Ownership Report application (BOF 4542A)**, along with the designated fees.

57. Even though an "eligibility check" is done at the time the firearms are confiscated, Defendant mandates additional "eligibility checks" with a mandated fee to be paid, even if the arms are confiscated illegally by law enforcement or the citizen is innocent of circumstances giving rise to the gun confiscation.

58. Plaintiffs are lawfully eligible to possess firearms, ammunition and/or ammunition feeding devices, the Defendant is well aware of this, and refuses to return all arms.

59. After the illegal seizure of the firearms, California mandates the payment of a fee for the return of Plaintiffs' right to keep and bear arms.

60. Per the LEGR Application Submission Process, individuals seeking the return of a firearm(s) that is in the custody or control of a court or law enforcement agency must submit a LEGR Application along with a payment of money to the XAVIER BECERRA.

61. Additionally, if an individual is seeking the return of a long gun purchased prior to January 1,

**Fifth Amended Complaint**

1   2014, a Firearms Ownership Report application (BOF 4542A), is required to be submitted

2   along with the a fees to XAVIER BECERRA.

3   62.   In violation of the Second Amendment, XAVIER BECERRA enforces a statutory scheme

4   pursuant to Penal Code Section Penal Code Section 33850 (application for return of firearm),

5   33855 (authority of law enforcement to enforce), 33860, 33880 (fee), requiring Plaintiffs to:

6   1) fill out and sign **Exhibits "A" and "B"**, and any future iteration, under the penalty of

7   perjury called the "CALIFORNIA DEPARTMENT OF JUSTICE BUREAU OF FIREARMS

8   Law Enforcement Gun Release Application" during the statute of limitations for a criminal

9   proceeding to be instituted, and 2) pay a processing fee of $20.00 for the first firearm (long

10   gun or handgun), and $3.00 for each additional gun, and 3) pay a storage fee.

11   63.   Both Plaintiffs have had their firearms seized from their residences, without a warrant,

12   without being charged, tried or convicted of a crime.

13   64.   The firearms illegally seized were never returned to Plaintiffs.

14   65.   By failing to immediately return Plaintiffs firearms once it was determined that no crime had

15   been committed, XAVIER BECERRA has deprived Plaintiffs of their ability to exercise their

16   Second Amendment rights by taking the very instruments necessary for exercising such a

17   right, akin to confiscating a paper and pen preventing the free exercise of speech.

18   66.   Plaintiffs seek a positive injunction for XAVIER BECERRA to release and return all

19   firearms and ammunition illegally confiscated, and be enjoined from further enforcement of

20   the challenged codes as those sections were applied to Plaintiffs and others similarly situated.

21   67.   Plaintiffs have standing because they have demonstrated a direct injury of having to undergo

22   eligibility checks for the return of arms, pay a fee for each firearm, and beyond that, by being

23   placed at the mercy of paying a fee and filling out a form which is a *per se* Fifth Amendment

24   violation be eliciting a statement when there is a right to remain silent on the subject of the

25   arrest itself.

26   68.   But for the confiscation of their arms, Plaintiffs would exercise their constitutionally

27   guaranteed right to self-defense both inside and outside of home.

28   69.   Plaintiffs are being subjected to unconstitutionally been prevented from doing so because of

**Fifth Amended Complaint**

the code sections challenged and complained of herein, and because of Defendant's unconstitutional application and enforcement of those same sections.

70.   Defendants, under color of state law, entered the homes of Plaintiffs and confiscated their arms, in violation of the Second Amendment. Plaintiffs lawfully owned firearms at the time they were seized by the government.

71.   Plaintiffs' seeks declaratory and injunctive relief authorized by 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

72.   Plaintiffs, and those similarly situated, have no means of recovering their firearms except by way of court order, or compliance with the statutory scheme including the payment of money.

73.   Plaintiffs' firearms were illegally seized, and therefore, they were deprived of their Second Amendment rights at the moment of seizure since all arms were seized.

74.   This is an actual injury to a legally protected interest, fairly traceable to the state statutes and it is likely that this injury will be redressed by a favorable decision with a prohibition of enforcing such payments, fees, and detailed information regarding the acquisition of arms legally possessed and owned by Plaintiffs, and those similarly situated.

75.   Defendant's enforcement of the provisions of the "Return or Transfer of Firearm in Custody or Control of Court or Law Enforcement Agency", Penal Code §§ 33850 — 33895 violates the Second Amendment.

76.   But for this enforcement, Plaintiffs would forthwith retrieve such arms to exercise their rights.

77.   Unless enjoined, Defendant will continue to violate the Second Amendment Rights of Plaintiffs and others similarly situated.

78.   There is no mechanism for situations of false or frivolous arrests, and return of arms, without the payment of money; even when the confiscation was illegal *per se.*

79.   Defendant is named only for purposes of injunctive and declaratory relief only.

80.   Plaintiff seeks attorney fees pursuant to 42 U.S.C. Section 1988.

### SECOND CLAIM FOR RELIEF (previously NINTH)

- 11 -

**CONSTITUTIONAL CHALLENGE TO STATE LAW**
**Violation of the Second Amendment Right to Keep and Bear Arms**
(Plaintiff HAVEN and Defendant BECERRA, formerly HARRIS)
( California Penal Code § 22210 (see also § 16590(m))  - as-written and as-applied challenge)
(Declaratory and Injunctive Relief)

81.  Plaintiffs incorporate the above allegations as if set forth fully here.

82.  The Second Amendment guarantees law-abiding citizens the right to keep and bear arms for self-defense purposes, including anything which resembles a "slungshot".

83.  Plaintiff HAVEN was falsely arrested for violation of California Penal Code § 22210 (see also § 16590(m)) because his motorcycle had an ornamental horse lead hanging from his handlebars, which the statute describes as a "slungshot", which is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170.

84.  California Penal Code § 16590(m) likewise references "slungshot" as prohibited by Section 22210.

85.  Defendant's enforcement of §§ 16590(m) and 22210 interferes with the right to possess non-lethal weapons for purposes of self defense.

86.  A slungshot is a maritime tool consisting of a weight, or "shot," affixed to the end of a long cord, which pre-existed the founding of the United States.  It was a simple weapon, which itself had been modified to become a slingshot.  In sum, it was an "arm" used prior to the invention of gunpowder.

87.  The slungshot has a long tradition and history of use as an arm protected by the Second Amendment.

88.  On February 8, 2016, deputies from the Placer County Sheriff's Department stopped HAVEN for what they falsely alleged an "illegal weapon" hanging from the handle bars of his motorcycle, affectionately known as his "iron horse."  (Attached hereto as **Exhibit "C"** is red and black duplicate of the "illegal weapon" HAVEN had hanging off his motorcycle handlebar)

89.  HAVEN had attached to his motorcycle an ornamental and common "horse lead" (thick nylon rope with a metal quick release - identical to a dog leash but thicker).

90. Deputies arrested HAVEN for the illegal possession of a slungshot in violation of P.C. 22210.

91. A leash was determined by these Deputies to be an illegal "slungshot" and placed Mr. HAVEN under felony arrest, booked, and had to pay bail, in violation of this Fourth Amendment rights.

92. Plaintiff was damaged by having to pay for bail, an attorney, and getting his motorcycle out of impound.

93. On or about March 3, 2016, the Placer County District Attorney filed charges against Defendant HAVEN for violating California Penal Code section 22210.  Defendant HAVEN was arraigned on the charges.

94. The law is clearly established that the Second Amendment protects all "arms", including "slungshots", and is not just applicable to firearms.

95. Plaintiff seeks injunctive and declaratory relief prohibiting further arrest, and enjoining the state from enforcing the law.

96. Plaintiff HAVEN fears additional arrests and prosecution for hanging what is depicted in **Exhibit "C"**, a lead identified by the State as a "slungshot".

97. Plaintiff HAVEN exercises his right to possess the arm identified in California Penal Code §§ 16590(m) and 22210, but is in fear of further arrest and prosecution because he cannot afford impoundment fees and weapons convictions that would prohibit him from owning a firearm.

98. Although the prosecution was dropped, Defendant continues to allow law enforcement arrest and charge citizens for violation of  California Penal Code § 16590(m) and § 22210, and is still enforced because no corrective measures had been taken to insure that similar arrests and prosecutions would not occur.

99. In fact, similar arrests and prosecutions currently occur and will occur in the future.

100. Typically, citizens are charged with a crime, the slungshot is confiscated, the charges are dropped if the slungshot is allowed to be destroyed.

101. HAVEN will continue to engage in the conduct which led to his arrest and prosecution

- 13 -

**Fifth Amended Complaint**

1    earlier, in support of his Second Amendment right to bear "arms".

2    102.   Viewed in the context of previous arrests, current arrests, and the future promise of arrests,

3    make reasonable his fear of future arrest, or threat of arrest, and prosecution.

4    103.   In order for the charges to be dropped, HAVEN had to have his so called "slungshot"

5    destroyed by the government.

6    104.   This is an actual injury to a legally protected interest, fairly traceable to the state statutes and

7    it is likely that this injury will be redressed by a favorable decision with a prohibition of

8    enforcing such law.

9    105.   But for the confiscation of his arms, Plaintiff would exercise his constitutionally guaranteed

10    right to self-defense both inside and outside of home by carrying the arm in plain view on his

11    motorcycle.

12    106.   Plaintiff's burden of establishing irreparable injury in the absence of an injunction is neither

13    remote nor speculative, but actual and imminent and cannot be remedied by an award of

14    monetary damages alone as in order to exercise a right, the necessary tools must be returned

15    to exercise such a right.

16    107.   Declaratory and Injunctive relief as to the offending statutory provisions relied upon.

17    108.   Plaintiffs seeks attorney fees pursuant to 42 U.S.C. Section 1988.

18    109.   Plaintiffs seeks attorney fees pursuant to 42 U.S.C. Section 1988.

19
**THIRD CLAIM FOR RELIEF:**
**Second Amendment**

20    (Plaintiff CUPP; Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371; Citrus Heights
Police Officer THOMAS LAMB, # 315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER with

21    Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report
Number CH14-02589  only)

22    (Open Carry of Knives and Seizure of Firearms)
(Declaratory, Injunctive and Monetary relief)

23

24    110.   Plaintiffs incorporate the above allegations as if set forth fully here.

25    111.   California law permits the open carry of knives.

26    112.   Knives are protected arms under the Second Amendment.

27    113.   At all times, the law was well established as to the Second Amendment.

28    114.   CUPP was charged with PC 21310, carrying a concealed knife which was not concealed.

**- 14 -**

**Fifth Amended Complaint**

115. On or around March 25, 2014, employees of the City of Citrus Heights Police Department (i.e. Defendants Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371; Citrus Heights Police Officer THOMAS LAMB, # 315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER with Badge Number 323;  UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on or about 03/26/2014) falsely arrested CUPP, without probable cause for a concealed weapon; thereafter, issued him a temporary restraining order, searched his temporary residence without a warrant, which was 8-9 miles away and illegally seized six (6) firearms legally, ammunition, magazines owned by CUPP, and two non-folding hunting knives that he carried openly on his person.

116. CUPP was handcuffed and booked in the Sacramento County Jail, whereby he had to post bail, utilizing a bail bondsman, costing him damages.

117. On or about 03/27/2014, a criminal complaint (*People v. Cupp*, Sacramento Case Number 14M02083) was filed against CUPP for violation of penal code section 21310, which provides.  "Except as provided in Chapter 1 (commencing with Section 17700) of Division 2 of Title 2, any person in this state who carries concealed upon the person any dirk or dagger is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170."

118. On 05/30/2014, the case against CUPP was dismissed with prejudice on the Sacramento District Attorney's own motion, resulting in an order for return of property to CUPP for all property illegally seized.

119. Plaintiffs' two knives were returned to him, but not his six firearms and other firearm related tools and equipment.

120. At all times, Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371; Citrus Heights Police Officer THOMAS LAMB, # 315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER with Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 had time to obtain a warrant.

121. To this day, under color of law, Defendants have maintained possession over Plaintiffs' personal property, including ammunition, speed loaders, holsters, $1,000.

**- 15 -**

**Fifth Amended Complaint**

122.   CUPP owns multiple firearms, and possesses them within his home, for both sporting use and self-defense purposes.

123.   Plaintiff seeks monetary relief for being deprived of his Second Amendment right in that his property seized are protected arms under the Second Amendment.

124.   Plaintiff seeks injunctive and declaratory relief for the return of his firearms, and other property.

125.   Plaintiff has been damaged according to proof.

126.   Plaintiff seeks attorney fees pursuant to 42 U.S.C. Section 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendant, and pray for relief as follows:

1.   A preliminary injunction under rule 65 of the Federal Rules of Civil Procedure enjoining Defendant XAVIER BECERRA (formerly Kamala D. Harris) Attorney General of the State of California from enforcing California Penal Code §§ 33850, 33855, 33860, 33865, 33880, and permutations thereof, including **Exhibits "A" and "B"**.

2.   A preliminary injunction under rule 65 of the Federal Rules of Civil Procedure enjoining Defendant XAVIER BECERRA (formerly Kamala D. Harris) Attorney General of the State of California from enforcing provisions of California Penal Code §§ 16590(m) and 22210 ("slungshot"), including, but not limited to, what is depicted in **Exhibit "C"**.

3.   For declaratory judgment and relief, pursuant to 28 U.S.C. §§ 1983 and 2201, that California Penal Code §§ 33850, 33855, 33860, 33865, 33880 are unconstitutional and violate the Second Amendment as-written and as-applied to Plaintiffs;

4.   For declaratory judgment and relief, pursuant to 28 U.S.C. §§ 1983 and 2201, that California Penal Code §§ 16590(m) and 22210 ("slungshot") are unconstitutional and violate the Second Amendment as-written and as-applied;

5.   An injunction prohibiting Defendant from employing a statutory scheme, similar to that embodied in California Penal Code §§ 33850, 33855, 33860, 33865, 33880.

6.   For declaratory judgment and injunctive relief, pursuant to 28 U.S.C. §§ 1983 and 2201,

**- 16 -**

---

**Fifth Amended Complaint**

Defendant be enjoined from enforcing California Penal Code §§ 16590(m) and 22210 ("slungshot") in its entirety, or, alternatively, to the extent such can be segregated from the rest of the statute, any provision that prohibits the acquiring, using, or possessing of arms that are in common use by the American public for lawful purposes, including a slungshot;

7.     For declaratory judgment and injunctive relief, pursuant to 28 U.S.C. §§ 1983 and 2201, Defendant be enjoined from enforcing California Penal Code §§ 16590(m) and 22210 ("slungshot") as to that which is depicted in **Exhibit "C"**, in its entirety, or, alternatively, all such ropes with a heavy metal end attached.

8.     Enter a declaratory judgment under 28 U.S.C. §§ 1983 and 2201 that California Penal Code §§ 33850, 33855, 33860, 33865, 33880 is unconstitutional on its face or, alternatively, to the extent its prohibitions apply to law-abiding adults who have had their right to acquire, use, or possess firearms and magazines that are in common use by the American public for lawful purposes, because such unlawfully infringes on the right of the People to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution, unconstitutionally takes property without compensation in violation of the Takings Clause, and arbitrarily deprives Plaintiffs of protected property interests under the Due Process Clause.

9.     For declaratory judgment and relief, pursuant to 28 U.S.C. §§ 1983 and 2201, that California Penal Code sections seizure of arms, magazines, ammunition and parts legal to posses and own are included in the protection of "arms" under the Second Amendment.

10.    For declaratory judgment and relief, pursuant to 28 U.S.C. §§ 1983 and 2201, that the Law Enforcement Release Application. (Attached hereto as **Exhibits "A" and "B"**, and any further permutations) shall not be applied to any person who has not been charged with a crime, or who has been arrested without a formal criminal complaint being filed, or has been arrested and a criminal complaint filed, but later dismissed.

11.    For declaratory judgment and relief, pursuant to 28 U.S.C. §§ 1983 and 2201, that Defendant cannot exact a fee, charge, or tax on the DROS Entry System, Automated Firearms System, or any other database as a condition to return arms after confiscated by law enforcement

**Fifth Amended Complaint**

1    without an arrest or criminal complaint being filed after arrest, or filed, but later dismissed.

2  12.    For injunctive relief, consistent with declaratory relief sought herein, enjoining Defendant,

3    and their officers, agents and employees, from enforcing any of the provisions of California

4    Penal Code §§ 16590(m) and 22210 ("slungshot"), including, but not limited to, what is

5    depicted in **Exhibit "C"**.

6  13.    For declaratory judgment and relief, pursuant to 28 U.S.C. §§ 1983 and 2201, that all arms

7    confiscated by local law enforcement be returned without the payment of a fee or application,

8    other than the typical return of property receipt.

9  14.    Award remedies available under 42 U.S.C. § 1983 (including monetary damages under the

10    Third Cause of Action only) and all reasonable attorneys' fees, costs, and expenses under 42

11    U.S.C. § 1988, or any other applicable law; and

12  15.    As to the Third Cause of Action only, for all remedies available pursuant to 42 U.S.C. §

13    1983, including special and compensatory damages, and damages resulting from the mere

14    violation of CUPP's Second Amendment rights, and for an award of reasonable attorneys'

15    fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

16  16.    An order mandating that Defendants named in the Third Cause of Action turn over all

17    firearms and their accessories which were illegally seized by Defendants.

18  17.    As to the Third Cause of Action only, damages CUPP suffered for deprivation of his Second

19    Amendment rights, deprivation of arms, and privileges, and such other relief as this Court

20    deems just and equitable, including general and specific damages.

21

22    Dated: November 20, 2020          THE LAW OFFICES OF GARY W. GORSKI
                                        Respectfully Submitted,

23

24                                       /s/ Gary W. Gorski
                                        Gary W. Gorski

25                                      Attorney for Plaintiffs

26

27

28

**- 18 -**

**Fifth Amended Complaint**