XAVIER BECERRA, State Bar No. 118517
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN, State Bar No. 232650
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6002
  Fax:  (916) 324-8835
  E-mail:  Anthony.OBrien@doj.ca.gov
*Attorneys for Defendants Kamala D. Harris, in her official capacity as former Attorney General of California, and Xavier Becerra, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual;**<br><br>Plaintiffs,<br><br>v.<br><br>**KAMALA D. HARRIS, formerly Attorney General of the State of California, in her official capacity only; XAVIER BECERRA Attorney General of the State of California, in his official capacity only; Citrus Heights Police Officer CHRISTIAN BAERRESEN, #371; Citrus Heights Police Officer THOMAS LAMB, #315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT,**<br><br>Defendants. | 2:16-cv-00523-TLN-KJN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS HARRIS'S AND BECERRA'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:          January 21, 2021<br>Time:          2:00 p.m.<br>Courtroom:  2<br>Judge:         The Honorable Troy L. Nunley<br>Trial Date:   None Set<br>Action Filed: March 11, 2016 |

**TABLE OF CONTENTS**

**Page**

Introduction ............................................................................................................................. 1

Legal and Factual Background ................................................................................................ 2

    I.    Plaintiffs' Allegations ................................................................................................ 2

        A.    First Claim for Relief:  Challenge to the State's Law Enforcement Gun Release Process ........................................................................................ 2

        B.    Second Claim for Relief:  Challenge to State Prohibition of Slungshots ............................................................................................................ 3

    II.    Procedural History ..................................................................................................... 3

Legal Standard ......................................................................................................................... 5

Argument ................................................................................................................................. 5

    I.    Plaintiffs Fail to State Valid Claims for Relief Against the State Defendants ........ 5

        A.    Plaintiffs' Second Amendment Claims Are Subject to a Two-Step Inquiry ....................................................................................................... 5

        B.    The Court Should Dismiss the First Claim Challenging the LEGR Process ....................................................................................................... 7

            1.    The LEGR Process Does Not Burden Plaintiffs' Rights Under the Second Amendment ........................................................... 7

            2.    The LEGR Process Satisfies the Intermediate Scrutiny Standard ........................................................................................... 8

        C.    The Court Should Dismiss Plaintiff Haven's Second Claim for Relief Because Slungshots Are Not Protected Under the Second Amendment ........................................................................................................... 9

    II.    The Court Should Dismiss Without Leave to Amend Plaintiffs' Claims Against the State Defendants. ................................................................................. 10

Conclusion ............................................................................................................................. 12

i

Memorandum of Points and Authorities in Support of Defendants Harris's and Becerra's
Motion to Dismiss Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abagninin v. AMVAC Chemical Corp.*
  545 F.3d 733 (9th Cir. 2008)..................................................................................................11

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009).................................................................................................................5

*Balistreri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1990)....................................................................................................5

*Bauer v. Harris*
  94 F. Supp. 3d 1149 (E.D. Cal. 2015)......................................................................................9

*Cervantes v. Countrywide Home Loans, Inc.*
  656 F.3d 1034 (9th Cir. 2011)..................................................................................................5

*District of Columbia v. Heller*
  554 U.S. 570 (2008).................................................................................................6, 8, 9, 11

*Epstein v. Wash. Energy Co.*
  83 F.3d 1136 (9th Cir. 1996)....................................................................................................5

*Foman v. Davis*
  371 U.S. 178 (1962)...............................................................................................................10

*Fyock v. Sunnyvale*
  779 F.3d 991 (9th Cir. 2015).............................................................................................6, 10

*Jackson v. City & County of San Francisco*
  746 F.3d 953 (9th Cir. 2014)...............................................................................................6, 7

*Kwong v. Bloomberg*
  723 F.3d 160 (2d Cir. 2013).....................................................................................................9

*N. Star Int'l v. Ariz. Corp. Comm'n*
  720 F.2d 578 (9th Cir. 1983)....................................................................................................5

*People v. Fannin*
  91 Cal. App. 4th 1399 (2001)................................................................................................10

*Peruta v. County of San Diego*
  742 F.3d 1144 (9th Cir. 2014)................................................................................................10

*Teters v. Connors*
  460 F. Supp. 3d 989 (D. Hawai'i 2020).................................................................................10

ii

Memorandum of Points and Authorities in Support of Defendants Harris's and Becerra's
Motion to Dismiss Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

# TABLE OF AUTHORITIES
## (continued)

**Page**

*United States v. Chovan*
    735 F.3d 1127 (9th Cir. 2013)..................................................................................6, 8

*United States v. Henry*
    688 F.3d 637 (9th Cir. 2012)........................................................................................9

*Wilson v. Lynch*
    835 F.3d 1083 (9th Cir. 2016).....................................................................................6, 8

**STATUTES**

California Penal Code
    § 16590(m)..................................................................................................................3, 9
    § 22210........................................................................................................................3, 9
    § 29800...........................................................................................................................8
    § 29805...........................................................................................................................8
    § 29900...........................................................................................................................8
    § 33850..................................................................................................................2, 3, 7
    § 33850(a)......................................................................................................................8
    § 33855...........................................................................................................................2
    § 33860...........................................................................................................................2
    § 33880...........................................................................................................................2

California Welfare & Institution Code
    § 8103.............................................................................................................................8

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. II ................................................................................................ *passim*

**COURT RULES**

Federal Rule of Civil Procedure
    Rule 8 .........................................................................................................................3, 4
    Rule 12(b)(6).........................................................................................................2, 4, 5
    Rule 15(a)(2)................................................................................................................10

iii

Memorandum of Points and Authorities in Support of Defendants Harris's and Becerra's
Motion to Dismiss Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

**INTRODUCTION**

This complaint represents the sixth attempt in a four-year crusade by Plaintiffs James Edward Cupp and Lawrence "Wolf" Haven to challenge various California statutes concerning firearms and weapons possession. In their Fifth Amended Complaint, Plaintiffs allege that the Attorney General—both former Attorney General Kamala D. Harris and current Attorney General Xavier Becerra (collectively "State Defendants")—violated their Second Amendment rights by: (1) enforcing the long-standing statutory return process for firearms confiscated by law enforcement; and (2) prohibiting the possession of non-conventional weapons, such as a slungshot.

The State Defendants have filed multiple motions to dismiss Plaintiffs' prior challenges to these laws, as well as Plaintiff's other claims related to the confiscation of their weapons. After the most recent motion to dismiss, the Court has provided Plaintiffs with leave to amend only their claims related to the Law Enforcement Gun Release (LEGR) process and prohibition of slungshots. In amending their complaint, however, Plaintiff have again failed to satisfy the legal standards necessary to state a claim for relief under the Second Amendment.

Both Supreme Court and Ninth Circuit precedent bar Plaintiffs' Second Amendment challenges to the LEGR process. Such a process does not burden any conduct by Plaintiffs that is protected under the Second Amendment, and even if it did, the application and fee required with the LEGR process reasonably fits the important government interest of ensuring that confiscated firearms are returned to their rightful owners who are not otherwise prohibited from possessing them.

As for Plaintiffs' challenge to the State's prohibition on slungshots, it also fails as a matter of law. Possession of slungshots is not protected under the Second Amendment. Therefore, the State's prohibition of these dangerous weapons does not violate Plaintiff Haven's constitutional rights.

1

For these reasons, the Court should grant the State Defendants' motion to dismiss the Fifth Amended Complaint. Moreover, after more than four years and six complaints, such dismissal should be with prejudice as Plaintiffs cannot state a claim for relief in this action.

## LEGAL AND FACTUAL BACKGROUND

### I.  PLAINTIFFS' ALLEGATIONS

Plaintiff Cupp is a resident of South Dakota who lives in his fifth wheel and regularly travels through California. Fifth Amended Complaint (FAC), ¶¶ 4-6. Plaintiff Haven is a California resident. FAC, ¶ 9. As discussed below, Plaintiffs assert two claims for relief purportedly brought against the State Defendants under the Second Amendment.[1]

#### A.  First Claim for Relief:  Challenge to the State's Law Enforcement Gun Release Process

In their First Claim for Relief,[2] Plaintiffs challenge the LEGR process for return of firearms seized by local authorities. FAC, ¶¶ 25-80. Plaintiff Cupp seeks the return of six firearms and "firearm related tools and equipment" confiscated by the Citrus Heights Police Department during an arrest on March 25, 2014. FAC, ¶¶ 37, 43-44. Plaintiff Haven seeks the return of three firearms, "including an AR-7 semi-automatic rifle and a standard issue military semiautomatic 1911," confiscated by the Sacramento County Sheriff's Department on February 14, 2016. FAC, ¶¶ 45, 47.

Plaintiffs challenge Attorney General Becerra's enforcement of several state laws related to the LEGR process—California Penal Code sections 33850[3] (requiring an application for return of the firearm), 33855 (establishing requirements for return of the firearm), 33860 (establishing a fee requirement for the Department of Justice's processing of an LEGR application), and 33880

---

[1] The Fifth Amended Complaint also includes a third claim alleging that several Citrus Heights Police Officers violated Plaintiff Cupp's Second Amendment rights by seizing six firearms, ammunition, and two hunting knives on March 25, 2014. FAC, ¶¶ 110-126. Plaintiffs do not allege any wrongdoing by the State Defendants with respect to this claim. As such, State Defendants do not address the Third Claim for Relief in this motion.

[2] Plaintiffs note that this claim was previously listed the Second Claim for Relief in the Third Amended Complaint (FAC, at 5:4-5; ECF No. 65 at ¶¶ 102-14), which the Court dismissed due to Plaintiffs' failure to state a claim for relief under Rule 12(b)(6). ECF No. 79 at 11:9-14:4.

[3] All subsequent statutory references are to the California Penal Code, unless otherwise noted.

2

(authorizing local agencies to impose a charge equal to their administrative costs relating to the seizure, impound, storage, and release of a firearm). FAC, ¶ 62. Plaintiffs do not allege that either State Defendant played any role in their arrest or weapon seizure. Nonetheless, Plaintiffs allege that, by failing to immediately return their seized firearms, Attorney General Becerra "has deprived Plaintiffs of their ability to exercise their Second Amendment rights." FAC, ¶ 65. Plaintiffs do not allege, however, that they completed (or attempted to complete) the LEGR application that is required by section 33850. Plaintiffs seek declaratory and injunctive relief invalidating and prohibiting the future enforcement of the state laws governing the LEGR process. FAC, Prayer for Relief, ¶¶ 1, 3, 5, 8, 9, 10. 11, 13.

### B. Second Claim for Relief: Challenge to State Prohibition of Slungshots

In the Second Claim for Relief,[4] Plaintiff Haven challenges enforcement of sections 16590(m) (which identifies "generally prohibited weapons," including a slungshot) and 22210 (which states that anyone who possesses as slungshot may be punished with up to one year in prison). FAC, ¶ 83. Haven alleges that he was arrested by a Placer County Sheriff's deputy on February 8, 2016, for illegally possessing a "slungshot" (a metal weight attached to a flexible handle for use as a weapon) in violation of section 22210. FAC, ¶¶ 88-93. The Placer County District Attorney eventually dropped charges against Haven, but also destroyed his slungshot in the process. FAC, ¶¶ 98, 103. Haven does not allege that either State Defendant played any role in his arrest or weapon seizure. Plaintiff Haven seeks declaratory and injunctive relief invalidating and prohibiting enforcement of sections 16590(m) and 22210. FAC, Prayer for Relief, ¶¶ 2, 4, 6, 7, 12, 13.

## II. PROCEDURAL HISTORY

Plaintiffs have filed six complaints since March 11, 2016. ECF Nos. 1, 5, 12, 65, 80, 83. In response, the State Defendants have filed two previous motions to dismiss in response to Plaintiffs' Second and Third Amended Complaints. ECF Nos. 18, 74. The Court has granted the State Defendants' motion in each instance without oral argument, allowing Plaintiffs leave to

---

[4] Plaintiffs note that this claim was previously listed the Ninth Claim for Relief in the third Amended Complaint (FAC, at 11:28-12:1; ECF No. 65 at ¶¶ 142-154), which the Court dismissed due to Plaintiff's failure to meet the pleadings standards under Rule 8. ECF No. 79 at 10:8-11:8.

3

amend at least some of their claims. ECF No. 61, 79.  In granting the State Defendants' Motion to Dismiss the Third Amended Complaint, the Court explained that Plaintiffs' challenge to the State's LEGR statutes failed to state a claim for relief under Rule 12(b)(6), due to the fact that the regulations do not burden conduct protected by the Second Amendment, because they only impose conditions or qualifications, and not prohibitions, on the commercial sale of firearms. ECF No. 79 at 12:10-13:2, *citing Peña v. Lindley*, 898 F.3d 969, 975 (9th Cir. 2018).  The Court also held that, even if the LEGR process imposed a burden on Plaintiffs' Second Amendment rights, those statutes still satisfy the applicable intermediate scrutiny standard, because "[r]equiring completion of a form and a relatively small processing fee is certainly a 'reasonable fit' with [the State's] important public safety objective" in "keeping firearms out of the hands of those who—under California law—are not eligible to possess them." ECF No. 79 at 13:3-14:4, *citing Jackson v. City & County of San Francisco*, 746 F.3d 953, 965 (9th Cir. 2014).

The court also dismissed Plaintiff Haven's claim challenging the laws prohibiting possession of a slungshot for failure to satisfy the Rule 8 pleading standard.  ECF No. 79 at 10:8-11:5.[5]  To the extent Haven intended to plead a facial challenge, the Court concluded "he falls short of pleading a clear and concise claim under Rule 8 such that the Court is unable to decipher the claim and declines to address standing." (*Id.* at 10:15-17.)  Likewise, to the extent Haven challenged the law as applied to him, the Court held that the "cause of action as pleaded . . . fails to meet the pleading standard of Rule 8." (*Id.* at 11:3-4.)

The Court granted Plaintiffs leave to amend the Third Amended Complaint's second and ninth causes of action only, permitting Plaintiffs an additional opportunity to state a clear claim of constitutional violation regarding the LEGR process and the slungshot prohibition.  ECF No. 79 at 11:3-5, 14:3-4.

Plaintiffs subsequently filed a Fourth Amended Complaint (ECF No. 80), and—with leave of Court (ECF No. 82)—the operative Fifth Amended Complaint that included both the challenges to the LEGR process and slungshot prohibition, as well as a previously non-dismissed

---

[5] The Court did not rule on the State Defendants' argument that the challenge to the slungshot prohibition failed to state a valid claim for relief under Rule 12(b)(6). See ECF No. 74-1 at 15:16-16:10.

4

1  Second Amendment claim against members of the Citrus Heights Police Department.  ECF

2  No. 83.  This motion responds to that complaint's claims alleged against the State Defendants—

3  namely, the challenges to the LEGR process and the slungshot prohibition.  ECF No. 83 at ¶¶ 25-

4  109.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Dismissal without leave to amend is appropriate when deficiencies in the complaint could not possibly be cured by amendment.  *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## ARGUMENT

**I.   PLAINTIFFS FAIL TO STATE VALID CLAIMS FOR RELIEF AGAINST THE STATE DEFENDANTS**

    **A.   Plaintiffs' Second Amendment Claims Are Subject to a Two-Step Inquiry**

Plaintiffs' First and Second Claims for Relief allege that California's laws regarding the LEGR process and possession of slungshots violate his rights under the Second Amendment.  But under controlling Ninth Circuit law, Plaintiffs' allegations fail to state a Second Amendment claim for which relief may be granted.  Both claims for relief should therefore be dismissed without leave to amend.

5

1  As previously explained by this Court, the Ninth Circuit has identified a two-step inquiry to
2  determine if a law violates the Second Amendment. ECF No. 79 at 12:10-20, *citing Peña v.*
3  *Lindley*, 898 F.3d at 975; *see also United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013)
4  (citing same standard). First, a court must consider "whether the challenged law burdens conduct
5  protected by the Second Amendment." *Chovan*, 735 F.2d at 1136. If so, the second step is to
6  "apply an appropriate level of scrutiny." *Id.* The appropriate level of scrutiny "depend[s] on
7  (1) how close the law comes to the core of the Second Amendment right and (2) the severity of
8  the law's burden on the right." *Id.* at 1138. Even where a law burdens the core Second
9  Amendment right, *i.e.*, "the right of law-abiding, responsible citizens to use arms in defense of
10 hearth and home," the Ninth Circuit has applied only intermediate scrutiny to laws that "regulate
11 only the manner in which persons may exercise their Second Amendment rights" and "leave open
12 alternative channels for self-defense." *Jackson v. City & County of San Francisco*, 746 F.3d 953,
13 961 (9th Cir. 2014); *Wilson v. Lynch*, 835 F.3d 1083, 1092-1093 (9th Cir. 2016). The Supreme
14 Court has likewise made clear that the Second Amendment right is "not a right to keep and carry
15 any weapon whatsoever in any manner whatsoever and for whatever purpose." *District of*
16 *Columbia v. Heller*, 554 U.S. 570, 626 (2008).
17 Intermediate scrutiny "require[s] (1) the government's stated objective to be significant,
18 substantial, or important; and (2) a reasonable fit between the challenged regulation and the
19 asserted objective." *Chovan*, 735 F.3d at 1139; *Wilson*, 835 F.3d at 1093. The Ninth Circuit has
20 found several government interests significant enough to justify regulations of the manner in
21 which individuals may exercise their Second Amendment rights, including the substantial interest
22 in preventing gun violence, *Wilson*, 835 F.3d at 1093, promoting "public safety by reducing the
23 harm of intentional and accidental gun use," *Fyock v. Sunnyvale*, 779 F.3d 991, 1000 (9th Cir.
24 2015), reducing "the number of gun-related injuries and deaths from having an unlocked handgun
25 in the home," *Jackson*, 746 F.3d at 965, and "reducing the lethality of ammunition sold and used"
26 in a particular city, *id.* at 969. The degree of fit between these government interests and the
27 challenged regulation must be "reasonable," but need not be "airtight." *Wilson*, 835 F.3d at 1094.
28

6

Intermediate scrutiny "does not require the least restrictive means of furthering a given end." *Jackson*, 746 F.3d at 969.

As discussed below, the laws challenged here easily satisfy intermediate scrutiny, and Plaintiffs therefore cannot state a claim for a Second Amendment violation.

**B.    The Court Should Dismiss the First Claim Challenging the LEGR Process**

**1.    The LEGR Process Does Not Burden Plaintiffs' Rights Under the Second Amendment**

Plaintiffs' First Claim for Relief seeks an injunction requiring the return of firearms seized from them, without having to complete the LEGR application or pay the $20 (plus $3 for each additional firearm) processing fee that is required by California law. FAC, ¶¶ 25-80; § 33850. Plaintiffs allege that requiring the completion of the form and the payment of the processing fee would violate their rights under the Second Amendment. FAC, ¶¶ 62, 69. In granting the State Defendants' previous Motion to Dismiss, this Court correctly noted that the minimal burden of completing a short application and paying a nominal fee fell outside the historical scope of the Second Amendment right—which focuses on outright prohibitions of firearm possession—and the Court's analysis need go no further. ECF No. 79 at 12:21-25, *citing Peña*, 898 F.3d at 975.

While the Court granted Plaintiffs "final leave to amend to clearly and concisely state facts supporting a claim that the LEGR is somehow unconstitutional" (ECF No. 79 at 14:3-4), they again fail to do so. Plaintiffs' Fifth Amended Complaint does not allege any further facts showing that the LEGR process is a prohibition burdening protected conduct, as opposed to a mere condition falling outside the spectrum of Second Amendment protection. In fact, Plaintiffs acknowledge that their possession of the firearms are subject to the following conditions: (1) submission of the LEGR application; (2) payment of the appropriate fees for processing the application; and (3) processing of the application and granting of clearance by the Attorney General's Office. FAC, ¶ 55. As previously explained by this Court, "laws imposing conditions or qualification, rather than prohibitions, on the commercial sale of firearms are presumptively lawful." ECF No. 79 at 12:18-20, *citing Peña*, 898 F.3d at 975. Because Plaintiffs do not allege

7

Memorandum of Points and Authorities in Support of Defendants Harris's and Becerra's
Motion to Dismiss Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

any new facts that would change the analysis here, the Court can and should grant the motion to dismiss without leave to amend.

### 2. The LEGR Process Satisfies the Intermediate Scrutiny Standard

Even if the LEGR process imposed a burden on Plaintiffs' conduct as protected under the Second Amendment—and it does not—intermediate scrutiny would apply, and the requirement to complete the form and pay the LEGR application fee would still pass constitutional muster. ECF No. 79 at 12:25-14:4.

The statutes satisfy the first prong of the intermediate scrutiny—the government's stated objective in applying the LEGR process is "significant, substantial, or important." *Chovan*, 735 F.3d at 1139. Here, Plaintiffs acknowledge that the LEGR application process under section 33850(a) allows the California Department of Justice to determine "whether the applicant is eligible to possess a firearm." FAC, ¶ 35(a). This Court has already noted that this public safety objective—to keep "firearms out of the hands of those . . . not eligible to possess them"—is an important government interest. ECF No. 79 13:10-13. The Supreme Court has likewise noted that other statutes preventing convicted felons, violent offenders, and the mentally ill from possessing firearms (such as §§ 29800, 29805, 29900, and Cal. Welf. & Inst. Code § 8103) is self-evidently an important government interest that furthers public safety. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill").

The statutes also satisfy the second prong of the intermediate scrutiny analysis, because the application and administrative fee requirements are a reasonable fit to the State's important governmental interest. This Court previously recognized this reasonable fit in granting the State Defendants' prior motion to dismiss. ECF No. 79 at 13:12-20. The Fifth Amended Complaint offers nothing new to warrant a different conclusion here.

In *Wilson v. Lynch*, 835 F.3d at 1097 (cited in ECF No. 97 at 13:13-15), the Ninth Circuit held the use of the "open letter" policy—in which the State's Bureau of Alcohol, Tobacco, Firearms and Explosives instructed federal firearms sellers to deny the sale of firearms to any person who possessed a state marijuana registry card—had a reasonable fit with the government

8

interest in preventing gun violence, because "[r]egistry cardholders are more likely to be marijuana users, and illegal drug users, including marijuana users, are more likely to be involved in violent crimes." Here, the LEGR process—which does not prohibit the sale of firearms to any group, but only requires that applicants verify their ownership of the confiscated firearms—likewise reasonably fits with the government's interest in public safety. ECF No. 79 at 13:10-17.

The small burden of completing an application and paying a small application fee likewise is easily justified by the reasonable relationship between the LEGR process and the government's legitimate and important interest in keeping firearms out of the hands of prohibited persons. *See Bauer v. Harris*, 94 F. Supp. 3d 1149, 1155 (E.D. Cal. 2015), *quoting Peruta v. County of San Diego*, 742 F.3d 1144, 1181 (9th Cir. 2014) (noting that $19 fee for firearms transactions "places only a marginal burden on 'the core of the Second Amendment'"). Indeed, significantly greater fees have been upheld for these reasons. *See Kwong v. Bloomberg*, 723 F.3d 160, 167-69 (2d Cir. 2013) (upholding handgun licensing process and $340 fee for three-year license).

Plaintiffs have not—and cannot—allege any new facts that would change the Court's rationale for dismissing this Second Amendment claim. The Fifth Amended Complaint includes a few more specific facts regarding the confiscation of Plaintiffs' firearms, and the process for Plaintiffs to request return of them. FAC, at ¶¶ 37-62. Plaintiffs, however, do no allege any facts stating that they are unable to complete the LEGR application or pay the limited application fee. Nor have they alleged any facts disputing the State's legitimate government interest in public safety, or the LEGR process's reasonable fit to that interest. Accordingly, Plaintiffs' challenge to the LEGR process should be dismissed without leave to amend.

**C. The Court Should Dismiss Plaintiff Haven's Second Claim for Relief Because Slungshots Are Not Protected Under the Second Amendment**

Plaintiff Haven's challenge to sections 16590(m) and 22210's prohibition on possession of a slungshot (FAC, ¶¶ 81-109) likewise fails as a matter of law. The State's prohibition of "dangerous and unusual weapons" such as slungshots falls outside the scope of the Second Amendment. *See Heller*, 554 U.S. at 627; *United States v. Henry*, 688 F.3d 637, 640 (9th Cir.

9

2012). "Regulation of a weapon not typically possessed by law-abiding citizens for lawful purposes does not implicate the Second Amendment." *Fyock*, 779 F.3d at 997-98 (citing cases).

The Ninth Circuit has catalogued the long history of prohibitions against carrying concealable weapons most often used for criminal purposes, including specific references to slungshots. *See Peruta*, 824 F.3d at 937-38 (citing Texas case from 1871 and West Virginia case from 1891 upholding statutes that prohibited possession of slungshots). Consistent with this long history, California has long prohibited slungshots and similar weapons because they are "ordinarily used for criminal and improper purposes." *See People v. Fannin*, 91 Cal. App. 4th 1399, 1402 (2001) (citations omitted). *Fannin* cited cases going back to at least 1929 dealing with all manner of homemade slungshots that fit the definition of "a small mass of metal or stone fixed on a flexible handle, strap or the like, used as a weapon." *Id.* at 1401-02 (citing *People v. Williams*, 100 Cal. App. 149 (1929)).

The Fifth Amended Complaint, which freely admits that slungshots are weapons (FAC, ¶ 86), does not allege any facts showing that Plaintiff Haven's rights under the Second Amendment encompass possession of such weapons. Because there is no Second Amendment right to possess a slungshot, the Court should dismiss without leave to amend Plaintiff Haven's Second Claim for Relief.[6]

## II. THE COURT SHOULD DISMISS WITHOUT LEAVE TO AMEND PLAINTIFFS' CLAIMS AGAINST THE STATE DEFENDANTS.

Plaintiffs' repeated failures to cure the deficiencies in their claims against the State Defendants provides this Court with a basis to dismiss the First and Second Claims for Relief without leave to amend. While leave to amend a complaint may be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may deny such leave if other factors—such as "repeated failure to cure deficiencies by amendments previously allowed" and futility of amendment"—are present in the matter. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

---

[6] And even if the Court determines that the Second Amendment protects Haven's right to possess a slungshot, the prohibition here is still constitutional. *See Teters v. Connors*, 460 F. Supp. 3d 989, 1007 (D. Hawai'i 2020) (without deciding that butterfly knives are protected "arms" within the scope of the Second Amendment, finding that Hawai'i's ban on such knives survives intermediate scrutiny).

10

1 *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (affirming denial of
2 leave to amend when "previous amendment failed to cure [complaint's] deficiency).

3      Here, the Court should dismiss all of Plaintiffs' remaining claims against the State
4 Defendants with prejudice, because Plaintiffs have failed to cure the deficiencies noted by the
5 Court in the prior motions to dismiss, and because further amendments would be futile. In
6 dismissing the Third Amended Complaint, the Court noted that Plaintiffs fell short of "pleading a
7 clear and concise claim under Rule 8," and "once again fail[ed] to explain what about the LEGR
8 requirement violates the Second Amendment." ECF No. 79 at 10:15-16, 11:18-12:1. The Court
9 also noted that, even if Plaintiffs had better articulated their Second Amendment challenge to the
10 LEGR process, they still would fail to state a claim for relief, because laws imposing conditions
11 on the commercial sale of firearms are "presumptively lawful." ECF No. 79 at 12:18-20, *citing*
12 *Peña*, 898 F.3d at 975. And even if the LEGR process burdened protected conduct (it does not),
13 the Court held that the required $20 fee (plus $3 for each additional firearm) is an administrative
14 processing fee that satisfies the intermediate scrutiny standard for such Second Amendment
15 claims. ECF No. 79 at 13:3-14:4.

16      While the Court gave leave to amend the complaint "to assert facts supporting the inference
17 that there is no reasonable fit between the LEGR process and the government's objective" (ECF
18 No. 79 at 13:18-19), Plaintiffs' Fifth Amended complaint fails to provide any further factual
19 support to this claim. Moreover, Plaintiff Haven cannot cure his challenge to the State's
20 prohibition on slungshots, since the Second Amendment plainly does not protect possession of
21 such weapons. *See Heller*, 554 U.S. at 627.

22      Plaintiffs' repeated failure to state a viable claim for relief shows that further amendment
23 would be futile. Plaintiffs have now had six opportunities to submit a complaint that satisfies
24 basic pleading rules and constitutional requirements, and have proven unable to do so. There is
25 no reason for a seventh bite at the apple. Therefore, the Court should grant this motion to dismiss
26 and deny any further leave to amend.

27 ///

28 ///

11

# CONCLUSION

For the foregoing reasons, the Court should grant this motion to dismiss and dismiss all claims against former Attorney General Harris and Attorney General Becerra without leave to amend.

Dated:  December 4, 2020                                Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General


*/s/ Anthony P. O'Brien*


ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendants Kamala D. Harris, in her official capacity as former Attorney General of California, and Xavier Becerra, in his official capacity as Attorney General of California*

SA2016102600
34641975.docx

12

Memorandum of Points and Authorities in Support of Defendants Harris's and Becerra's
Motion to Dismiss Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

# CERTIFICATE OF SERVICE

Case Name: **Cupp, James Edward v. Kamala D. Harris, et al.**    No.    **2:16-cv-00523-TLN-KJN**

I hereby certify that on December 4, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS HARRIS'S AND BECERRA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS HARRIS'S AND BECERRA'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 4, 2020, at Sacramento, California.

| Lindsey Cannan | /s/ *Lindsey Cannan* |
|---|---|
| Declarant | Signature |

SA2016102600
34642820.docx