1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  BENJAMIN M. GLICKMAN, State Bar No. 247907
   Supervising Deputy Attorney General
3  ANTHONY P. O'BRIEN, State Bar No. 232650
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-6002
6   Fax: (916) 324-8835
    E-mail: Anthony.OBrien@doj.ca.gov
7  *Attorneys for Defendants Kamala D. Harris, in her*
   *official capacity as former Attorney General of*
8  *California, and Xavier Becerra, in his official*
   *capacity as Attorney General of California*
9
                    IN THE UNITED STATES DISTRICT COURT
10
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12

13 | **JAMES EDWARD CUPP, an individual;** | 2:16-cv-00523-TLN-KJN
   | **LAWRENCE "WOLF" HAVEN, an**
14 | **individual;**                       | **REPLY BRIEF IN SUPPORT OF**
   |                                        | **DEFENDANTS HARRIS'S AND**
15 |                                        | **BECERRA'S MOTION TO DISMISS**
   |                                        | **PLAINTIFFS' FIFTH AMENDED**
16 |                      Plaintiffs,      | **COMPLAINT**

17 |              v.                       | **[Fed. R. Civ. P. 12(b)(6)]**

18 |                                        | Date:       January 21, 2021
   | **KAMALA D. HARRIS, formerly Attorney** | Time:       2:00 p.m.
19 | **General of the State of California, in her** | Courtroom:  2
   | **official capacity only; XAVIER BECERRA** | Judge:      The Honorable Troy L. Nunley
20 | **Attorney General of the State of California,** | Trial Date: None Set
   | **in his official capacity only; Citrus Heights** | Action Filed: March 11, 2016
21 | **Police Officer CHRISTIAN BAERRESEN,**
   | **#371; Citrus Heights Police Officer**
22 | **THOMAS LAMB, #315; UNKNOWN**
   | **CITRUS HEIGHTS POLICE OFFICER**
23 | **Badge Number 323; UNKNOWN CITRUS**
   | **HEIGHTS POLICE OFFICER who**
24 | **prepared Report Number CH14-02589 on**
   | **03/26/2014; TWO UNKNOWN NAMED**
25 | **PEACE OFFICERS OF THE CITRUS**
   | **HEIGHTS POLICE DEPARTMENT,**
26
   |                      Defendants.
27

28

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................... 1
ARGUMENT ........................................................................................................................... 2
    I.    The Court Should Dismiss the Plaintiffs' First Claim for Relief Challenging the LEGR Process ................................................................... 2
        A.    The LEGR Process Does Not Burden Plaintiffs' Rights Under the Second Amendment ...................................................................... 2
        B.    The LEGR Process Satisfies the Intermediate Scrutiny Standard ............. 3
    II.    The Court Should Dismiss Plaintiff Haven's Second Claim for Relief Because Slungshots Are Not Protected Under the Second Amendment ................ 3
    III.    The Court Should Deny Leave to Amend ................................................................. 5
CONCLUSION ........................................................................................................................ 6

i

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abagninin v. AMVAC Chemical Corp.*
  545 F.3d 733 (9th Cir. 2008) ..................................................................................................5

*Bauer v. Harris*
  94 F. Supp. 3d 1149 (E.D. Cal. 2015) .....................................................................................3

*Caetano v. Massachusetts*
  136 S. Ct. 1027 (2016) .........................................................................................................4, 5

*District of Columbia v. Heller*
  554 U.S. 570 (2008) ...................................................................................................2, 3, 4, 5

*Fyock v. City of Sunnyvale*
  779 F.3d 991 (9th Cir. 2015) ................................................................................................4, 5

*Jackson v. City & County of San Francisco*
  746 F.3d 953 (9th Cir. 2014) ..................................................................................................4

*Kwong v. Bloomberg*
  723 F.3d 160 (2d Cir. 2013) ...................................................................................................3

*Lathon v. City of St. Louis*
  242 F.3d 841 (8th Cir. 2001) ..................................................................................................3

*Mickelson v. County of Ramsey*
  823 F.3d 918 (8th Cir. 2016) ..................................................................................................3

*Peña v. Lindley*
  898 F.3d 969 (9th Cir. 2018) ..................................................................................................2

*Peña v. Lindley*
  No. 2:09-CV-01185-KJM-CKD, 2015 WL 854684 (E.D. Cal. Feb. 26, 2015) .......................5

*People v. Fannin*
  91 Cal. App. 4th 1399 (2001) ..............................................................................................4, 5

*People v. Williams*
  100 Cal. App. 149 (1929) ........................................................................................................4

*Peruta v. County of San Diego*
  742 F.3d 1144 (9th Cir. 2014) ........................................................................................3, 4, 5

ii

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

# TABLE OF AUTHORITIES
### (continued)

**Page**

*United States v. Henry*
   688 F.3d 637 (9th Cir. 2012)..................................................................................................3, 5

*Walters v. Wolf*
   660 F.3d 307 (8th Cir. 2011).......................................................................................................3

*Wilson v. Lynch*
   835 F.3d 1083 (9th Cir. 2016).....................................................................................................5

**STATUTES**

California Penal Code
   § 33850........................................................................................................................................2

iii

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

# INTRODUCTION

As explained in the opening brief, the Court should dismiss the Fifth Amended Complaint's ("Complaint" or "FAC") claims against Attorney General Becerra and former Attorney General Harris, because the Complaint fails to state any Second Amendment violations. In opposing this motion to dismiss, Plaintiffs James Edward Cupp and Lawrence "Wolf" Haven fail to provide any legal support showing that the State's Law Enforcement Gun Release (LEGR) process or ban on certain exotic weapons such as slungshots violates their rights under the Second Amendment.

In response to Plaintiffs' first cause of action, the LEGR process employed by the State does not implicate the Second Amendment at all, and—even if it did—any impairment is minimal and satisfies the applicable intermediate scrutiny standard. Plaintiffs do not dispute that that the modest requirements of the LEGR process—a short application and administrative fee—are not a significant burden on their constitutional rights. Instead, Plaintiffs claim without any basis that the LEGR process amounts to a complete ban on their possession of firearms. This is obviously wrong, and such baseless claims do not establish a Second Amendment violation here.

Plaintiffs' second cause of action—challenging the State's prohibition of the possession of slungshots—also fails because the Second Amendment never applied to such exotic weapons. In opposition, Plaintiffs fail to provide any facts or legal authorities showing that possession of slungshots are protected by the Second Amendment. Instead, Plaintiffs compare the restriction on such weapons to more commonly-used weapons, such as a stun gun, which are protected. This apples-to-oranges comparison fails to establish grounds to a Second Amendment violation.

Plaintiffs cannot state a claim for relief regarding their challenges to the LEGR process or the slungshot prohibition. For these reasons, the Court should dismiss the Fifth Amended Complaint. And because Plaintiffs have repeatedly failed to state any claim for relief, the Court should deny them any further leave to amend.

1

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

# ARGUMENT

## I. THE COURT SHOULD DISMISS THE PLAINTIFFS' FIRST CLAIM FOR RELIEF CHALLENGING THE LEGR PROCESS

### A. The LEGR Process Does Not Burden Plaintiffs' Rights Under the Second Amendment

As noted in the opening brief, Plaintiffs' First Claim for Relief—seeking an injunction requiring the return of firearms without completing the LEGR application or paying the required administrative fee ($20 plus $3 for each additional firearm)—fails to allege any facts showing that the LEGR process implicates the Second Amendment at all.  FAC, ¶¶ 25-80; § 33850.  This Court has already correctly noted that the minimal burden of completing a short application and paying a nominal fee falls outside the historical scope of the Second Amendment right—which focuses on outright prohibitions of firearm possession—and the Court's analysis need not go any further.  ECF No. 79 at 12:21-25, *citing Peña v. Lindley*, 898 F.3d 969, 975 (9th Cir. 2018).

In opposition, Plaintiffs do not allege any new facts or raise any arguments that would change the Court's prior ruling here.  Instead, Plaintiffs argue that "the State has deprived plaintiffs of their ability to exercise their Second Amendment rights by taking the very instruments necessary for exercising such a right."  ECF No. 86 at 8:4-6.  But requiring completion of an LEGR application and payment of a processing fee does not amount to a deprivation of Plaintiffs' firearms right.  Plaintiffs can obtain the return of these firearms at any time by completing a short form and paying a nominal fee; nothing in the opposition disputes this plain fact.  Moreover, Plaintiffs do not cite any cases supporting their argument that completion of the LEGR process violates their Second Amendment rights.  Because they cannot allege that any actual deprivation of firearm, Plaintiffs lack any basis to raise a Second Amendment claim.  *See Peña*, 898 F.3d at 975, *quoting District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008) (noting that the Second Amendment does not cover "laws imposing conditions and qualifications on the commercial sale of arms").  For this reason alone, the Court can and should dismiss Plaintiffs' challenge to the LEGR process.

2

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

**B.     The LEGR Process Satisfies the Intermediate Scrutiny Standard**

As noted above, the LEGR process does not even implicate Plaintiffs' Second Amendment rights.  But even if it did, the process would nonetheless comport with the Second Amendment, because the minimal burden of completing the LEGR application and paying a nominal administration fee is easily justified by the reasonable relationship between the LEGR process and the government's legitimate and important interest in keeping firearms out of the hands of prohibited persons.  *See Bauer v. Harris*, 94 F. Supp. 3d 1149, 1155 (E.D. Cal. 2015), *quoting Peruta v. County of San Diego*, 742 F.3d 1144, 1181 (9th Cir. 2014) (noting that $19 fee for firearms transactions "places only a marginal burden on 'the core of the Second Amendment'").

In opposition, Plaintiffs cite a pair of inapposite Eighth Circuit cases—*Lathon v. City of St. Louis*, 242 F.3d 841 (8th Cir. 2001) and *Walters v. Wolf*, 660 F.3d 307 (8th Cir. 2011).  ECF No. 86 at 9:20-11:10.  These cases, however, did not involve a simple completion of a form and payment of a processing fee, but instead addressed regulations requiring an "inherently 'lengthy and speculative' . . . action in tort" to retrieve seized firearms.  ECF No. 86 at 10:17-21, citing *Mickelson v. County of Ramsey*, 823 F.3d 918, 928 (8th Cir. 2016), quoting *Walters*, 660 F.3d at 313-314.  Moreover, Plaintiffs fail to acknowledge or distinguish the numerous cases cited by the Attorney General that have upheld other form and fee requirements because they serve important purposes by helping to keep guns out of the hands of convicted felons and the mentally ill.  ECF No. 84-1 at 9:6-13, *citing Bauer*, 94 F. Supp. 3d at 1155; *Kwong v. Bloomberg*, 723 F.3d 160, 167-69 (2d Cir. 2013) (upholding handgun licensing process and $340 fee for three-year license).  Plaintiffs therefore cannot state a valid Second Amendment claim regarding the LEGR process, and, as such, the Court should dismiss this claim without leave to amend.

**II.    THE COURT SHOULD DISMISS PLAINTIFF HAVEN'S SECOND CLAIM FOR RELIEF BECAUSE SLUNGSHOTS ARE NOT PROTECTED UNDER THE SECOND AMENDMENT**

As noted in the opening brief (ECF No. 84-1 at 9:24-10:2), the State's prohibition of "dangerous and unusual weapons" such as slungshots falls outside the scope of the Second Amendment.  *See Heller*, 554 U.S. at 627; *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012).  "Regulation of a weapon not typically possessed by law-abiding citizens for lawful

3

1  purposes does not implicate the Second Amendment." *Fyock v. City of Sunnyvale*, 779 F.3d 991,
2  997-98 (9th Cir. 2015) (citing cases). And both the Ninth Circuit and state appellate decisions
3  have identified slungshots as among the types of weapons that would fall outside of Second
4  Amendment protections. *See Peruta*, 824 F.3d at 937-38 (citing a Texas case from 1871 and a
5  West Virginia case from 1891 upholding statutes that prohibited possession of slungshots); *see*
6  *also People v. Fannin*, 91 Cal. App. 4th 1399, 1401-02 (2001), *citing People v. Williams*,
7  100 Cal. App. 149 (1929) (citations omitted) (noting that state law prohibited weapons used from
8  criminal and improper purposes, including slungshots).[1]

9  In opposition, Plaintiff Haven fails to cite any laws showing that the Second Amendment
10 applies to the possession of slungshots. Instead, he cites *Caetano v. Massachusetts*, 136 S. Ct.
11 1027 (2016), for the proposition that a "blanket prohibition of arms is per se unconstitutional."
12 ECF No. 86 at 12:5. But *Caetano* does not change the framework set out by the Supreme Court
13 and applied by the Ninth Circuit in numerous cases. In *Caetano*, the Supreme Judicial Court of
14 Massachusetts had found that stun guns were not protected by the Second Amendment because
15 they "were not in common use at the time of the Second Amendment's enactment." *See Caetano*,
16 136 S. Ct. at 1027-28. This conclusion, and the Massachusetts court's other reasoning, directly
17 contradicted the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008),
18 which held that the Second Amendment extends to weapons that "were not in existence at the
19 time of the founding." *See Caetano*, 136 S.Ct. at 1027-28 (quoting *Heller* 554 U.S. at 582). For
20 that reason, a unanimous Supreme Court vacated and remanded. *Caetano*, 136 S.Ct. at 1028.

21 But *Caetano* did not alter *Heller*'s clear pronouncement that the Second Amendment right
22 is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for
23 whatever purpose." *Heller*, 554 U.S. at 626. Following *Heller* (and *Caetano*), courts in the Ninth
24 Circuit have upheld regulations that leave open ample alternative channels for self-defense. *See,*
25 *e.g.*, *Jackson v. City & County of San Francisco*, 746 F.3d 953, 961, 970 (9th Cir. 2014)

---

[1] In opposition, Plaintiff Haven asserts that "[t]he slungshot has a long tradition and history of use as an arm protected by the Second Amendment." ECF No. 86 at 12:18-19, citing FAC, ¶ 87. Plaintiff, however, does not provide any legal support to this bald assertion, nor does he dispute state and federal case law cited above.

4

(restrictions on hollow-point ammunition passed intermediate scrutiny); *Wilson v. Lynch*, 835 F.3d 1083, 1093 (9th Cir. 2016) (noting that plaintiff could have purchased firearms before acquiring a registry card allowing her to possess marijuana); *Peña v. Lindley*, No. 2:09-CV-01185-KJM-CKD, 2015 WL 854684, at *12 (E.D. Cal. Feb. 26, 2015), *aff'd* 898 F.3d 969 (9th Cir. 2018) (plaintiffs' Second Amendment rights would be satisfied by access to nearly 1000 types of firearms that are on the roster of handguns that are not deemed unsafe).  Plaintiffs fail to acknowledge or distinguish any of these cases.

*Caetano* also did not change the Supreme Court's pronouncement that the regulation of "dangerous and unusual weapons" falls entirely outside the scope of the Second Amendment.  *See Heller*, 554 U.S. at 627; *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012).  As shown in the Attorney General's opening brief (ECF No. 84-1 at 10:1-2), "[r]egulation of a weapon not typically possessed by law-abiding citizens for lawful purposes does not implicate the Second Amendment." *Fyock*, 779 F.3d at 997-98 (citing cases).  Accordingly, California can regulate weapons such as slungshots, which are unusual and "ordinarily used for criminal and improper purposes," without implicating the Second Amendment. *See People v. Fannin*, 91 Cal. App. 4th at 1402 (citations omitted); *Peruta*, 824 F.3d at 937-38.

### III.   THE COURT SHOULD DENY LEAVE TO AMEND

As noted in the opening brief (ECF No. 84-1 at 10:18-11:26), the Court should deny Plaintiffs any further leave to amend their Complaint.  When Plaintiffs have repeatedly failed to cure the deficiencies in their Complaint—as is the case here—leave for any further amendments would be futile. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (affirming denial of leave to amend when "previous amendment failed to cure [complaint's] deficiency").  In their opposition, Plaintiffs—who have now had six opportunities to submit a complaint—fail to provide any basis justifying a seventh bite of the apple.  The Court therefore should not give Plaintiffs any further attempts to amend their defective pleadings.  Instead, the Court should dismiss this matter with prejudice.

5

Reply Brief in Support of Defendants Harris's and Becerra's Motion to Dismiss
Plaintiffs' Fifth Amended Complaint (2:16-cv-00523-TLN-KJN)

**CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims against former Attorney General Harris and Attorney General Becerra with prejudice.

Dated: January 14, 2021

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

/s/ Anthony P. O'Brien

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendants Kamala D. Harris, in her official capacity as former Attorney General of California, and Xavier Becerra, in his official capacity as Attorney General of California*

SA2016102600
34738530.docx

6

# CERTIFICATE OF SERVICE

Case Name: **Cupp, James Edward v. Kamala D. Harris, et al.**   No. **2:16-cv-00523-TLN-KJN**

I hereby certify that on January 14, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF IN SUPPORT OF DEFENDANTS HARRIS'S AND BECERRA'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 14, 2021, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2016102600
34740790.docx