LONGYEAR & LAVRA, LLP
John A. Lavra, CSB No.: 114533
Amanda L. McDermott, CSB No.: 253651
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
mcdermott@longyearlaw.com

Attorneys for Defendant
Officer Thomas Lamb

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual,<br>               Plaintiff,<br>vs.<br>KAMALA D. HARRIS, formerly Attorney General of the State of California, in her official capacity only; XAVIER BECERRA, Attorney General of the State of California, n his official capacity only; Citrus Heights Police Officer CHRISTIAN BAERRESEN, # 371; Citrus Heights Police Officer THOMAS LAMB, # 315; UNKNOWN CITRUS HEIGHTS POLICE OFFICER Badge Number 323; UNKNOWN CITRUS HEIGHTS POLICE OFFICER who prepared Report Number CH14-02589 on 03/26/2014; TWO UNKNOWN NAMED PEACE OFFICERS OF THE CITRUS HEIGHTS POLICE DEPARTMENT.<br>               Defendants. | Case No.: 2:16-CV-00523-TLN-KJN<br><br>**DEFENDANT THOMAS LAMB'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIFTH AMENDED COMPLAINT**<br><br>Date:         January 21, 2021<br>Time:        2:00 p.m.<br>CtRm:       2, 15th Floor<br>Judge:       Hon. Troy L. Nunley<br>Trial:         None Set<br>Action Filed: March 11, 2016 |

      Cupp pursues a claim against Officer Lamb solely for violation of the Second Amendment. The premise of Cupp's complaint is that the arrest and seizure of weapons by Officer Lamb violated his Second Amendment rights. Officer Lamb moved to dismiss the Fifth Amended Complaint because it failed to state a claim upon which relief can be granted and because Lamb is entitled to qualified immunity. Cupp opposes the motion on the grounds that it was well established at the time of his arrest that the Second Amendment protects the open carry

of knives. He provides no authority to support that contention. This was Cupp's opportunity to justify continued litigation against Officer Lamb based on his novel theory of Second Amendment law. He missed the mark.

### I. CUPP FAILS TO STATE A CLAIM AGAINST DEFENDANT LAMB FOR DEPRIVATION OF HIS SECOND AMENDMENT RIGHTS

The complaint states that Officer Lamb violated the Second Amendment by arresting Cupp for carrying concealed knives that were not concealed and then seizing those knives, as well as other firearms and related materials, without justification. Assuming the truth of those allegations and drawing all reasonable inferences, the complaint does not state a violation of the Second Amendment against Officer Lamb.

The Second Amendment confers an individual right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). It does not grant the right "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 625; *McDonald*, 561 U.S. at 786 (2010); *Garcha v. City of Beacon*, 351 F. Supp. 2d 213, 214-15, 217 (S.D.N.Y. 2005) (Second Amendment does not grant the right to hold a particular weapon or firearm). Cupp does not claim that the arrest or seizure has prevented him from acquiring, possessing, or carrying any weapon or firearm.

Cupp seems to argue that since the arrest and seizure related to weapons that they implicated the Second Amendment. He seeks to extend existing Second Amendment jurisprudence to individual arrests and seizures. Such an extension implicates not only an individual's right to carry a certain weapon and the manner in which it is carried, but the ability of the police to take appropriate action when they are confronted with a weapon that may or may not be lawfully possessed or carried. The Supreme Court has not extended the Second Amendments protections in this way and neither should this court.

### II. OFFICER LAMB IS ENTITLED TO QUALIFIED IMMUNITY FOR THE ARREST AND SEIZURE OF WEAPONS

Cupp argues that Officer Lamb is not entitled to qualified immunity for the arrest and seizure of weapons because it was clearly established at the time of his arrest that "a blanket prohibition of arms is *per se* unconstitutional." Opposition at 3:24-25. He relies on a case

decided *after* the arrest, making it irrelevant to the question of whether Officer Lamb is entitled to qualified immunity in this case. Moreover, this case does not involve a "blanket prohibition of arms." Instead, it involves a single arrest and the seizure of some weapons. Officer Lamb did not prohibit Cupp from acquiring or possessing any legal weapon, be it knives or firearms.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation and quotation marks omitted).

While the cases of *Heller* and *McDonald* establish a private right of action under the Second Amendment, the contours of such right are as of yet underdeveloped and ill-defined. That was even more so as they relate to weapons other than firearms and the right to possess such weapons outside the home at the time of Cupp's arrest.

It was not clear at the time of Cupp's March 25, 2014 arrest whether the open carry of a dirk or dagger was or would be subject to the Second Amendment. In *Heller*, the Supreme Court noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions." 554 U.S. at 626. In 2012, the Second Circuit in *Kachalsky v. County of Westchester*, 701 F.3d 81 (2d Cir. 2012), noted that *Heller* found that "Second Amendment guarantees are at their zenith within the home," but that "we do not know the scope of that right beyond the home . . . ." *Id*. at 89; see also *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 659 (7th Cir. 2012), reh'g denied (Feb. 14, 2012) ("Whatever the Supreme Court's decisions in *Heller* and *McDonald* might mean for future questions about open-carry rights, for now this is unsettled territory."). Even after *McDonald*, the application of the Second Amendment outside the home remained unsettled. *See Drake v. Filko*, 724 F.3d 426, 430 (3d Cir. 2013) ("It remains unsettled whether the individual right to bear arms for the purpose of self-defense extends beyond the home."); *Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 659 (7th Cir. 2012) (referring to this issue as "unsettled territory"); *United States v. Masciandaro*, 638 F.3d 458, 475 (4th Cir. 2011) (noting

that "[t]here may or may not be a Second Amendment right in some places beyond the home," and that "[o]n the question of *Heller's* applicability outside the home environment, we think it prudent to await direction from the Court itself").

Further, it is and was unclear how the Second Amendment interacts with arrests, specifically arrests based on mistakes of fact or misapplication of law. The Second Amendment cases cited by Cupp address municipal ordinances, statutes or regulations banning gun possession or stun guns. *See* Opposition at 1:23-28 (citing *Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010) and *Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016)). Nothing in those cases address the actions of individual officers in placing an individual under arrest for possession of a dirk or dagger, or the subsequent seizure of weapons. Even if Officer Lamb did violate Cupp's Second Amendment right, the cases cited by Plaintiff could not have put Lamb on notice that, at the time of the events that gave rise to this action, his conduct in placing Cupp under arrest or seizing weapons was clearly unlawful under the Second Amendment.

In light of the lack of comparable authority, it was objectively reasonable for Defendant Lamb to believe that his arrest of Cupp and seizure of various weapons would not violate Cupp's right to keep and bear arms as neither the arrest nor the seizure of said arms prevented Cupp from acquiring other weapons. In other words, it was reasonable for Officer Lamb to believe that Cupp's interest in these particular weapons did not rise to a Second Amendment violation of his right to bear arms where his general right to keep and bear arms remained intact. In the absence of controlling authority recognizing a Second Amendment violation in similar circumstances for the arrest and/or seizure by individual law enforcement officials of a particular weapon or firearm, and in light of the scarcity of applicable Second Amendment case precedent in this circuit, Defendant Lamb is entitled to qualified immunity as to Cupp's Second Amendment claim.

### III.   CONCLUSION

For the reasons stated herein and in the moving papers, Defendant Lamb respectfully requests that his Motion to Dismiss the Fifth Amended Complaint be granted with prejudice.

Dated: January 14, 2021  LONGYEAR & LAVRA, LLP

By: /s/ Amanda L. McDermott
JOHN A. LAVRA
AMANDA L. MCDERMOTT
Attorneys for Citrus Heights Police Officer
Thomas Lamb, # 315