UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAMALA HARRIS, et al.,<br><br>Defendants, | No. 2:16-cv-00523-TLN-KJN<br><br><br><br>**ORDER** |

This matter is before the Court on two motions to dismiss. The first is filed by Defendants Kamala Harris and Xavier Becerra, in their capacities as former Attorneys General of the State of California, and Rob Bonta, in his official capacity as Attorney General of the State of California (collectively, the "Attorney General"[1]). (ECF No. 84.) The second is filed by Defendant Thomas Lamb ("Officer Lamb"). (ECF No. 85.) The Attorney General and Officer Lamb move to dismiss Plaintiffs' Fifth Amended Complaint ("FAC"). (ECF No. 83.) Plaintiff James Edward Cupp ("Cupp") and Lawrence Haven ("Haven") (collectively, "Plaintiffs") filed oppositions to

---

[1] Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), "[t]he officer's successor is automatically substituted as a party" when a public officer "ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). The Clerk of the Court is directed to update the docket as necessary. Additionally, for ease of reading and consistency with the Court's prior orders, all three Defendants will be collectively referred to in the singular as the "Attorney General" herein.

both motions. (ECF Nos. 86, 87.) The Attorney General and Officer Lamb filed replies. (ECF Nos. 88, 89.) For the reasons set forth below, the Court GRANTS both motions without leave to amend.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs initiated this lawsuit on March 11, 2016. (ECF No. 1.) Since then, Plaintiffs have amended five times. (*See* ECF Nos. 5, 12, 65, 80, 83.) The Court has dismissed portions of Plaintiffs' action five times. (*See* ECF Nos. 58, 59, 60, 61, 79.) Plaintiffs filed the operative FAC on November 20, 2020. (ECF No. 83.) In response, the Attorney General and Officer Lamb filed the instant motions to dismiss on December 4, 2020. (ECF Nos. 84, 85.)

Plaintiffs' FAC is strikingly similar to the Third Amended Complaint ("TAC"), which the Court previously dismissed in its entirety, as asserted against the Attorney General. (ECF No. 79.) The FAC asserts three claims. (ECF No. 83.) First, Plaintiffs allege the Attorney General's enforcement of a statutory scheme pursuant to Cal. Pen. Code § 33855 that requires Plaintiffs to complete California's Law Enforcement Gun Release ("LEGR") application and pay a fee of $20 for the first weapon and $3 for each thereafter, violates their Second Amendment right to bear arms. (*Id.* at ¶ 62.) Second, Haven alleges the Attorney General violated his Second Amendment rights when a Placer County Sheriff's Deputy arrested him for illegally possessing a "slungshot"[2] pursuant to Cal. Pen. Code § 22210. (*Id.* at ¶¶ 88, 94.) Third, Cupp alleges Officer Lamb and other officers of the Citrus Heights Police Department violated Cupp's Second Amendment rights by arresting him for carrying a concealed knife pursuant to Cal. Pen. Code § 21310 and seizing knives and firearms from Cupp's home. (*Id.* at ¶¶ 114, 115.)

///
///
///

---

[2]  According to Plaintiffs' FAC, a slungshot is "a maritime tool consisting of a weight, or 'shot,' affixed to the end of a long cord." (ECF No. 83 ¶ 86.) Under California law, a slungshot is "a small mass of metal or stone fixed on a flexible handle, strap or the like, used as a weapon." *People v. Fannin*, 91 Cal. App. 4th 1399, 1402 (2001) (citing *People v. Williams*, 100 Cal. App. 149, 151 (1929)).

## II.     STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

3

in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

4

**III.     ANALYSIS**

The Attorney General moves to dismiss Plaintiffs' first two claims for failure to state a claim under Rule 12(b)(6). (ECF No. 84.) Officer Lamb argues qualified immunity bars Claim Three. (ECF No. 85.) The Court will address each motion in turn.

A.     <u>Claims Against the Attorney General</u>

In their FAC, Plaintiffs challenge the constitutionality of the mandatory LEGR application required for the return of their seized firearms and California's prohibition on possession of slungshots. (ECF No. 83 ¶¶ 62, 88, 94.) The Court will evaluate each claim in turn.

*i.  Claim One: Constitutionality of the LEGR Process*

The Attorney General argues the LEGR process does not burden Plaintiffs' rights under the Second Amendment, or, in the alternative, the LEGR process passes intermediate scrutiny. (ECF No. 84-1 at 11–13.) In opposition, Plaintiffs argue LEGR is a burden on their Second Amendment rights because it requires them to complete unnecessary applications and pay fees to exercise their right to possess firearms. (ECF No. 86 at 6.) In reply, the Attorney General contends Plaintiffs fail to allege any actual deprivation of their firearms beyond the payment of the nominal LEGR administrative fee. (ECF No. 88 at 6.)

The Ninth Circuit has identified a two-step inquiry for determining whether a regulation violates the Second Amendment. *Pena v. Lindley*, 898 F.3d 969, 975 (9th Cir. 2018). The court first considers if the regulation "burdens conduct protected by the Second Amendment," and if it does, the court "appl[ies] an appropriate level of scrutiny." *Id.* The appropriate level of scrutiny "depend[s] on (1) how close the law comes to the core of the Second Amendment right and (2) the severity of the law's burden on the right." *United States v. Chovan*, 735 F.3d 1127, 1138 (9th Cir. 2013) (internal quotation marks omitted). In evaluating the first question, longstanding regulations remain presumptively lawful, meaning they are "presumed not to burden conduct within the scope of the Second Amendment." *Heller v. D.C.*, 670 F.3d 1244, 1253 (D.C. Cir. 2011). Similarly, laws imposing conditions or qualifications, rather than prohibitions, on the commercial sale of firearms are presumptively lawful. *See Pena*, 898 F.3d at 975 (quoting *District of Columbia v. Heller*¸ 554 U.S. 570, 626–27 & n.26). Plaintiffs have failed to allege

5

1  new facts that would justify a departure from the Court's analysis when this issue was last raised.
2  (*See* ECF No. 79 at 12–14.) On the first question, the Court notes the burden of the LEGR
3  application is analogous to the firearm sale provisions burden in *Pena* because it imposes a
4  condition rather than a prohibition on the return of seized firearms. As a result, it may be that the
5  regulation is presumptively legal and therefore unnecessary for the Court to engage in the second
6  step of the analysis. *See Pena*, 898 F.3d at 976. The Court acknowledges, however, that the
7  presumption of legality outlined in *Heller* and *Pena* is not directly on point here because the
8  LEGR regulation is not a condition on the commercial *sale* of firearms. The Court therefore
9  assumes for the sake of argument that the LEGR imposes a burden on conduct protected by the
10 Second Amendment.
11     As to the appropriate level of scrutiny, the Ninth Circuit has applied only intermediate
12 scrutiny to laws that "regulate only the 'manner in which persons may exercise their Second
13 Amendment rights.'" *Jackson v. City & Cnty. of S.F.*, 746 F.3d 953, 961 (9th Cir. 2014)
14 (emphasis omitted) (quoting *Chovan*, 735 F.3d at 1138). Intermediate scrutiny requires (1) a
15 significant, substantial, or important government objective and (2) a "reasonable fit" between the
16 challenged law and the asserted objective. *Id.* at 965. Here, the FAC acknowledges, as did the
17 TAC, that the LEGR application is used to determine eligibility to possess a firearm. (ECF No.
18 83 ¶ 53.) LEGR's objective, then, is one of public safety: keeping firearms out of the hands of
19 those who — under California law — are not eligible to possess them. Requiring completion of a
20 short form and the payment of a nominal processing fee is certainly a "reasonable fit" with this
21 important public safety objective. *See Wilson v. Lynch*, 835 F.3d 1083, 1097 (9th Cir. 2016)
22 (finding violent crime is an important government interest and preventing certain individuals
23 from acquiring firearms furthers this interest by preventing gun violence); *see also Heller*, 554
24 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions
25 on the possession of firearms by felons and the mentally ill . . . .").
26     The only additional fact Plaintiffs allege in their FAC affecting this analysis is that the
27 Attorney General can perform the "eligibility check" without an application completed by
28 Plaintiffs. (ECF No. 83 ¶¶ 50, 57.) Assuming this is true, it does not address governments' long-

1  recognized ability to impose fees relating to the exercise of constitutional rights when those fees
2  are designed to defray the administrative costs of regulating the protected activity.  *See Kwong v.*
3  *Bloomberg*, 723 F.3d 160, 165 (2d Cir. 2013) (applying First Amendment "fee jurisprudence" in
4  the Second Amendment context and finding that a $340 licensing fee did not impose an
5  unconstitutional burden on the exercise of Second Amendment rights).  California's ability to
6  determine whether Plaintiffs are eligible to own firearms under California law absent the LEGR
7  application does not undermine the "reasonable fit" between the administrative fee and the State's
8  interest in ensuring the firearms it releases are lawfully owned.  *Jackson*, 746 F.3d at 961.
9  Because the fee is permissible under the general "fee jurisprudence" and because Plaintiffs fail to
10 sufficiently allege an unconstitutional burden, the Court finds Plaintiffs fail to state a claim under
11 Rule 12(b)(6).[3]  Accordingly, the Attorney General's motion to dismiss Claim One is
12 GRANTED.

                    *ii.     Claim Two: Constitutionality of the Prohibition on Slungshots*

       The Attorney General argues slungshots are not protected under the Second Amendment,
so the state prohibition on their possession does not burden Haven's Second Amendment rights.
(ECF No. 84-1 at 13–14.)  In opposition, Plaintiffs assert slungshots are protected under the
Second Amendment because they are not dangerous or unusual.  (ECF No. 86 at 12 (citing
*Caetano v. Massachusetts*, 577 U.S. 411, 417 (2016) (Alito, J., concurring)).)  In reply, the
Attorney General argues Plaintiffs' reliance on *Caetano* is misplaced because "*Caetano* did not
alter *Heller*'s clear pronouncement that the Second Amendment right is 'not a right to keep and
carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'"  (ECF No.
88 at 8 (citing *Heller*, 554 U.S. at 626).)

       The parties agree that the Second Amendment does not protect weapons that are both
dangerous and unusual.  (*See* ECF No. 84-1 at 13–14 (citing *Heller*, 554 U.S. at 627; *United*

---

[3]  Plaintiffs argue the Court should apply strict scrutiny because the LEGR application is analogous to a procedural due process violation.  (ECF No. 86 at 8–11.)  The Court declines to do so.  Strict scrutiny is not applied to procedural due process violations.  *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).  Further, Plaintiffs make no attempt to grapple with the well-established Second Amendment test in the 9th Circuit or explain why it should not be applied in the instant action.

*States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012)); ECF No. 86 at 12 (citing *Caetano*, 577 U.S. at 417 (Alito, J., concurring)).)  The parties disagree, however, about whether slungshots fall outside the scope of Second Amendment protection.  (*See* ECF No. 84-1 at 14; ECF No. 86 at 12.)  California has long banned possession of slungshots for use as a weapon, as have other states.  *Fannin*, 91 Cal. App. 4th at 1402–03; *see Peruta v. Cnty. of San Diego*, 824 F.3d 919, 937–38 (9th Cir. 2016) (en banc) (citing *English v. State*, 35 Tex. 473 (1871); *State v. Workman*, 35 W.Va. 367 (1891)).  Plaintiffs' conclusory assertions that the "slungshot has a long tradition and history of use as an arm protected by the Second Amendment" (ECF No. 83 ¶ 87) and "the slungshot is an arm in common use" (ECF No. 86 at 12) are insufficient to overcome the longstanding prohibition on possession of the slungshot as a weapon.  *See Adams*, 355 F.3d at 1183.  Because Plaintiffs fail to plead *facts* tending to show the slungshot is protected by the Second Amendment, the Court finds Plaintiffs fail to state a claim under Rule 12(b)(6).  Accordingly, the Attorney General's motion to dismiss Claim Two is GRANTED.

The Court indicated in its September 24, 2020 Order dismissing Plaintiffs' TAC that Plaintiffs would have a *final* opportunity to amend.  (ECF No. 79 at 14.)  Plaintiffs have again failed to adequately state claims.  As such, the Court will not permit Plaintiffs a seventh attempt at filing a viable complaint.  Thus, the Attorney General's motion to dismiss Claims One and Two is GRANTED without leave to amend.

### B.  Claim Against Officer Lamb

Officer Lamb moves to dismiss Claim Three of the FAC on the grounds that he is entitled to qualified immunity.  (ECF No. 85-1.)  Specifically, Officer Lamb argues it was not clearly established at the time of Cupp's arrest that Cupp had a Second Amendment right to carry a dirk or dagger in the way he did.  (*Id.* at 7–8.)  In addition, Officer Lamb argues it was reasonable for him to seize Cupp's weapons after Cupp's arrest because an emergency protective order prohibited Cupp from possessing weapons.  (*Id.* at 9–10.)[4]  In opposition, Cupp asserts qualified

---

[4]  Officer Lamb requests the Court take judicial notice of the emergency protective order granted by Judicial Officer Twiss of the Sacramento County Superior Court on March 25, 2014. (ECF No. 85-2.)  The Court GRANTS Officer Lamb's request because this is a public record the authenticity of which is undisputed.  Fed. R. Evid. 201; *see School v. Rodrigues*, No. 2:20-cv-

immunity depends on how a factfinder weighs the officer's credibility and the competing evidence regarding what happened on the night of the arrest. (ECF No. 87 at 4.) In reply, Officer Lamb argues Cupp has failed to meet his burden to show the law regarding the constitutionality of arrests for carrying knives outside the home or seizing weapons in response to a domestic violence injunction was settled at the time of Cupp's arrest. (ECF No. 89 at 3–4.)[5]

Qualified immunity shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mitchell v. Forsyth*, 472 U.S. 511, 517 (1985). Qualified immunity requires a two-prong test: (1) whether the facts alleged show the defendants' conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the violation. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc). Both prongs must be answered in the affirmative and either may be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The cornerstone of the qualified immunity analysis is reasonableness. *See Anderson v. Creighton*, 483 U.S. 635, 638–39 (1987); *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1075 (9th Cir. 2011). With respect to the second prong, "[b]ecause the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). "The dispositive question is whether the violative nature of the *particular* conduct is clearly established. [E]xisting precedent must have placed the . . . constitutional question beyond debate." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 947 (9th Cir. 2017) (internal quotation marks and citations omitted) (emphasis in original). The plaintiff bears the burden of proving the right allegedly infringed was clearly established at the time of the conduct at issue. *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991).

---

00004-JAM-JDP (PS), 2021 WL 3883794, at *1 n.2 (E.D. Cal. Aug. 31, 2021) (report and recommendation).

[5] Officer Lamb also argues Cupp fails to state a claim under Rule 12(b)(6). (ECF No. 89 at 2.) Because Officer Lamb failed to raise this argument in his moving papers, the Court will not consider it. *See Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990).

Here, Cupp fails to carry his burden. The United States Supreme Court only recently recognized an individual constitutional right to bear arms. *Compare Heller*, 554 U.S. at 595, *and McDonald v. Chicago*, 561 U.S. 742, 767 (2010), *with United States v. Miller*, 307 U.S. 174, 178 (1939). Accordingly, the full scope of the right is still undefined. *See Young v. Hawaii*, 992 F.3d 765, 782 (9th Cir. 2021) (noting that *Heller* declined to explain how far the right extended and federal courts conflict on the scope of the Second Amendment). A California appellate court has upheld the statute under which Cupp was arrested against a Second Amendment challenge. *People v. Mitchell*, 209 Cal. App. 4th 1364, 1375–79 (2012) (reviewing the constitutionality of Cal. Pen. Code § 12020, later renumbered to § 21310 without substantive changes). In so doing, the *Mitchell* court implicitly reasoned the right to bear arms encompasses the right to possess "a sharp instrument for self-defense." *See id.* at 1374; *see also People v. Pickett*, No. B241373, 2013 WL 6072156 (Cal. Ct. App. Nov. 19, 2013). However, the *Mitchell* court held that right does not extend to carrying concealed knives outside the home. *Mitchell*, 209 Cal. App. 4th at 1375–78. To the extent that Officer Lamb misapplied California law and erroneously arrested Cupp, as Cupp alleges (ECF No. 83 ¶ 114), Cupp has provided no authority establishing a Second Amendment right to openly carry a knife, or any weapon, outside the home. It is not clear to the Court such a right has been clearly established, even seven years after Cupp's arrest. *Cf. Young*, 992 F.3d at 773 (holding the Second Amendment does not provide a right to openly carry firearms in public).

Similarly, although the seizure of Cupp's firearms in response to the domestic violence emergency protective order burdened his Second Amendment right to bear arms, *cf. Chovan*, 735 F.3d at 1137, he has not provided any authority that would show the seizure of weapons in response to such an order was clearly unconstitutional at the time of the seizure. Rather, at the time of Cupp's arrest, federal and state courts had upheld similar restrictions on possession of firearms. *See id.*; *United States v. Mahin*, 668 F.3d 119, 123–24 (4th Cir. 2012) (collecting cases); *Glaser v. Meserve*, No. B240385, 2013 WL 1460339, at *7 (Cal. Ct. App. April 11, 2013). Cupp has failed to provide evidence of clearly established law holding Officer Lamb's conduct unconstitutional, existing at the time of the arrest, and of which Officer Lamb should reasonably

have been aware.  Therefore, Officer Lamb is entitled to qualified immunity from Cupp's claim.

Thus, Officer Lamb's motion to dismiss Claim Three is GRANTED without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Attorney General's and Officer Lamb's motions to dismiss without leave to amend.  (ECF Nos. 84, 85.)  Plaintiffs' Fifth Amended Complaint (ECF No. 83) as it is asserted against Defendants Rob Bonta, Kamala Harris, Xavier Becerra, and Thomas Lamb is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated:  September 27, 2021

Troy L. Nunley
United States District Judge