| | |
|---|---|
| 1 | **Gary W. Gorski CBN: 166526** |
| | **Attorney at Law** |
| 2 | 3017 Douglas Blvd., Suite 150 |
| 3 | Roseville, CA  95661 |
| | Cell: (775) 720-1000 |
| 4 | Fax: (916) 520-3930 |
| | CivilRightsAttorney@BlackWolfLaw.com |
| 5 | |
| 6 | **Daniel M. Karalash (SBN 176422)** |
| | **STRATEGIC LAW COMMAND** |
| 7 | 3017 Douglas Blvd. Suite 150 |
| | Roseville, CA  95661 |
| 8 | (916) 787-1234 |
| 9 | dan@stratlaw.org |
| | www.stratlaw.com |
| 10 | Attorneys for Plaintiffs JAMES EDWARD CUPP, |
| | an individual; LAWRENCE "WOLF" HAVEN, |
| 11 | an individual |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS, formerly Attorney General of the State of California, in her official capacity only; XAVIER BECERRA Attorney General of the State of California, in his official capacity; et al.<br><br>Defendants. | CASE NO.: 2:16-CV-00523-TLN-KJN<br><br>**APPLICATION FOR RECONSIDERATION OF THIS COURT'S ORDER OF AUGUST 24, 2023 (ECF # 109) PURSUANT TO LOCAL RULE 230(j)** |

Pursuant to Local Rule 230(j), Plaintiffs' hereby request the Court to reconsider its Order of August 24, 2023 (ECF # 109) for the following reasons:

1

1. On 8/24/2023, the Honorable Troy L. Nunley signed an order which only allowed for amendment of the Fifth Amended Complaint regarding the Slungshot Ban and LEGR regime and fees. Page 5 of the Order states:

> **III. ANALYSIS**
>
> Plaintiffs' FAC contains two remaining claims: (1) a Second Amendment constitutional challenge to California's LEGR regime and accompanying fees established by California Penal Code §§ 33850, 33855, 33860, 33865, 33880; and (2) a Second Amendment constitutional challenge to California Penal Code § 22210's bar on the manufacture, sale, and possession of a slungshot. (ECF No. 83 ¶¶ 25–109.) The Attorney General moves to dismiss both claims for failure to state a claim under Rule 12(b)(6). (ECF Nos. 84, 105.)

2. However, Plaintiffs appealed the following Orders to the Ninth Circuit as noted in the Excerpts of Record filed with the Ninth Circuit:

    a. ER_4[1], Order of September 28, 2021 (ECF # 91),

    b. ER_47, Order of September 24, 2020 (ECF # 79),

    c. ER_83, Order of October 9, 2018, denying request for preliminary injunction (ECF # 63), and

    d. ER_85, Order of September 21, 2018. (ECF # 58).

3. There were three operative pleadings that were the subject of the appeal:

    a. Second Amended Complaint (ECF # 12),

    b. Third Amended Complaint (ECF # 65), and

    c. Fifth Amended Complaint (ECF # 83).

4. All three operative pleadings appealed were dismissed prior to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). In dismissing Plaintiffs' case, this Court relied upon the two-step inquiry for

---

[1] "ER" is the Excerpts of Record filed in the Ninth Circuit, which is attached to the Request for Judicial Notice filed concurrently with the supplemental brief for ease of reference for the Court. See ECF # 107.

determining whether a regulation violates the Second Amendment as set forth in *Pena v. Lindley*, 898 F.3d 969, 975 (9th Cir. 2018). *Pena* has now been overruled. See *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).

5. The Cause of Actions that should be operative pursuant to the remand are as follows: Large-Capacity Magazine Ban, Handgun Ban (Microstamping and safe handgun roster), LEGR regime and fees, and open and conceal carry of loaded firearm.

### **CONCLUSION**

Plaintiffs respectfully request the Court to review its Order and grant Plaintiffs leave to file a Sixth Amendment Complaint consistent with the cause of actions appealed and preserved, and as briefed at ECF # 108.

Date: September 19, 2023

Respectfully Submitted,
*Gary W. Gorski*
Gary W. Gorski, Attorney for Plaintiffs