ROB BONTA, State Bar No. 202668
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
KATRINA UYEHARA, State Bar No. 349378
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7867
 Fax: (916) 324-8835
 E-mail: Katrina.Uyehara@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES EDWARD CUPP, et al.,** | 2:16-cv-00523-TLN-KJN |
| Plaintiff, | **DEFENDANT ROB BONTA'S RESPONSE TO PLAINTIFFS' APPLICATION FOR RECONSIDERATION OF THE COURT'S AUGUST 24, 2023 ORDER** |
| v. | |
| **ROB BONTA, in his official capacity as Attorney General of California, et al.,** | Courtroom: Courtroom 2, 15th Floor<br>Judge: The Honorable Troy L. Nunley<br>Action Filed: March 11, 2016 |
| Defendants. | |

On remand from the Ninth Circuit for "further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*," and following supplemental briefing, this Court entered an order applying the *Bruen* framework and dismissing Plaintiffs' two remaining claims. Plaintiffs now seek reconsideration of that order, urging the Court to review several other previously dismissed claims. As explained below, reconsideration of these additional claims is not necessary because they were not analyzed or dismissed on Second Amendment grounds, and therefore were unaffected by the *Bruen* decision. Accordingly, Plaintiffs' application for reconsideration should be denied.

## BACKGROUND

This case has been pending for more than seven years. On September 28, 2021, this Court dismissed Plaintiffs' two remaining claims against the Attorney General—challenges to California's Law Enforcement Gun Release ("LEGR") regime and prohibition against possession of slungshots—without leave to amend. ECF No. 91 at 5-8. Judgment was entered on October 1, 2021 "in accordance with the Court's [September 28, 2021] order." ECF No. 95. Plaintiffs appealed, but the appeal was stayed pending the outcome of related litigation. ECF No. 17, *Cupp, et al. v. Rob Bonta, et al.*, No. 21-16809 (9th Cir. Mar. 24, 2022). On August 19, 2022, pursuant to the parties' joint motion, the Ninth Circuit "remanded to the district court for further proceedings consistent with the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*." ECF No. 23, *Cupp*, No. 21-16809 (9th Cir. Aug. 19, 2022).

On remand, following supplemental briefing by the parties, the Court analyzed Plaintiffs' LEGR and slungshot claims under the *Bruen* framework and dismissed them again. ECF No. 109. Plaintiffs now seek reconsideration of the Court's order, contending that the Court must also reconsider its prior dismissals of Plaintiffs' myriad other claims.

## ARGUMENT

Plaintiffs' application for reconsideration urging the Court to revive various claims dismissed years ago should be denied. Plaintiffs seek reconsideration of the following dismissed claims: "large-capacity magazine ban, handgun ban (microstamping and safe handgun roster), LEGR regime and fees, and open and conceal carry of a loaded firearm." ECF No. 112 at 3. However, of these claims, only the LEGR claim was dismissed on Second Amendment grounds and potentially impacted by *Bruen*.[1] ECF No. 109 at 6-9. By contrast, as explained below, Plaintiffs' large-capacity magazine, handgun roster, and open and concealed carry of a loaded firearm claims were all dismissed on non-Second Amendment grounds. Accordingly, there is no practical reason to address Plaintiffs' additional claims on remand because *Bruen* did not affect this Court's prior analysis of those claims.

---

[1] The Court also dismissed Plaintiffs' slungshot claim on Second Amendment grounds, but Plaintiffs do not seek reconsideration of that claim, which Plaintiffs appear to have abandoned.

Plaintiffs' First Claim, challenging California's large-capacity magazine law and handgun roster, was dismissed on September 21, 2018 for lack of standing and for failing to satisfy the pleading standards under Federal Rule of Civil Procedure Rule 8. ECF No. 61 at 6-9. After Plaintiffs failed to address the Court's concerns in their Third Amended Complaint, this claim was dismissed again in the Court's September 24, 2020 Order, for the same reasons and without leave to amend. ECF No. 79 at 6-11.

Similarly, Plaintiffs' Twelfth Claim, a kitchen-sink claim challenging the State's large-capacity magazine law, handgun roster, and open and concealed carry of a loaded firearm, was dismissed on September 21, 2018 for lack of standing and under Federal Rule of Civil Procedure Rule 8. ECF No. 61 at 6-9. This claim was also dismissed again for the same reasons without leave to amend. ECF No. 79 at 6-11.

Because each of these claims—Plaintiffs' challenges to the State's large-capacity magazine law, handgun roster, and open and concealed carry of a loaded firearm—were dismissed on grounds unrelated to the Second Amendment, they need not be reconsidered "consistent with" *Bruen*.

Nor is reconsideration of the Court's dismissal of Plaintiffs' LEGR claim required or appropriate. Although this claim was dismissed in 2021 on Second Amendment grounds, the Court reexamined it on remand and issued a new order consistent with *Bruen*. ECF No. 109 at 6-9. There is no basis for reconsidering it again.[2]

///
///
///
///
///
///

---

[2] Specifically, Plaintiffs have identified no "new or different facts or circumstances . . . which did not exist" at the time of the Court's August 23, 2023 Order. E.D. Cal. R. 230(j). The same is true for Plaintiffs' slungshot claim. Although Plaintiffs' application does not seek reconsideration of that claim, even if they had, there would be no basis for reconsideration—the Court has already analyzed that claim under *Bruen*.

# CONCLUSION

Defendant Rob Bonta respectfully requests that this Court deny Plaintiffs' application for reconsideration.

Dated: October 2, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

*/s/ Katrina Uyehara*
KATRINA UYEHARA
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Cupp, James Edward v. Kamala D. Harris, et al.** | No. | **2:16-cv-00523-TLN-KJN** |

I hereby certify that on <u>October 2, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ROB BONTA'S RESPONSE TO PLAINTIFFS' APPLICATION FOR RECONSIDERATION OF THE COURT'S AUGUST 24, 2023 ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 2, 2023</u>, at Sacramento, California.

| | |
|---|---|
| <u>Eileen A. Ennis</u> | <u>/s/ Eileen A. Ennis</u> |
| Declarant | Signature |

SA2016102600
37552880.docx