**Gary W. Gorski (CBN: 166526)**
**Attorney at Law**
3017 Douglas Blvd., Suite 150
Roseville, CA  95661
Cell: (775) 720-1000
Fax: (916) 520-3930
CivilRightsAttorney@BlackWolfLaw.com

**Daniel M. Karalash (CBN: 176422)**
**STRATEGIC LAW COMMAND**
3017 Douglas Blvd. Suite 150
Roseville, CA  95661
(916) 787-1234
dan@stratlaw.org
www.stratlaw.com

Attorneys for Plaintiffs JAMES EDWARD CUPP,
an individual; LAWRENCE "WOLF" HAVEN,
 an individual

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; LAWRENCE "WOLF" HAVEN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS, formerly Attorney General of the State of California, in her official capacity only; XAVIER BECERRA Attorney General of the State of California, in his official capacity; et al.<br><br>Defendants. | CASE NO.: 2:16-CV-00523-TLN-KJN<br><br>**REPLY TO DEFENDANT ROB BONTA'S RESPONSE TO PLAINTIFFS' APPLICATION FOR RECONSIDERATION OF THE COURT'S AUGUST 24, 2023 ORDER** |

Defendants' argument is specious at best, deceitful at worst. The Ninth Circuit has stated

> "… we ordinarily have jurisdiction over appeals from final decisions of the district courts." *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 896 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Cunningham v. Hamilton County*, 527 U.S.

1

> 198, 200, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999)); 28 U.S.C. § 1291. A final judgment "end[s] the litigation on the merits and leave[s] nothing for the court to do but execute the judgment." *Am. Ironworks*, 248 F.3d at 897 (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)). In this vein, "[a]n interlocutory order becomes appealable [only] when final judgment is entered." *Id.*

*Demartini v. Demartini*, Nos. 19-16603, 19-16940, 2023 U.S. App. LEXIS 15034, at *2 (9th Cir. June 16, 2023).

It is no mere coincidence that Defendants ignored this very important procedural rule of law. Plaintiffs' are NOT "… urging the Court to revive various claims dismissed years ago should be denied." [emphasis added] See Bonta's Response, page 2, lines 17-18. Plaintiffs are urging the Court to recognize that Plaintiffs preserved issues raised on appeal; specifically this Court's orders of September 28, 2021 (ECF # 91), ER_47, September 24, 2020 (ECF # 79), October 9, 2018, denying request for preliminary injunction (ECF # 63), and September 21, 2018. (ECF # 58).

All claims were preserved by the Notice of Appeal, which stated clearly that Plaintiffs' were appealing interlocutory orders as well as the final order/judgment. **RJN** # 1.

Instead acknowledging the obvious merit of Plaintiffs' position, the government tried to deceive this court. How? Well, on March 10, 2022, Defendant Bonta filed a motion in the Ninth Circuit requesting a stay whereby Defendant Bonta acknowledged all the issues on appeal which Defendant Bonta now claims were not preserved as though they magically disappeared. **RJN** # 2. In Defendant Attorney General Rob Bonta's Motion To Stay Appellate Briefing, Defendant Bonta states:

> In this case, Plaintiffs claim that several California laws related to the possession of firearms and other weapons-and the Attorney General's enforcement of these laws-violate their rights under the Second, Fifth and Fourteenth Amendments.

**RJN** # 2, p. 2.

> First, Plaintiffs allege that California's prohibition on the possession

2

of large- capacity magazines (LCMs).

**RJN** # 2, p. 2.

Second, Plaintiffs contend that California's prohibition on the open and concealed carrying of firearms (Cal. Penal Code§§ 25400, 25850) violates the Second Amendment.

**RJN** # 2, p. 3.

The other claims raised in Plaintiffs' appeal include the following:

> (1) That the State's prohibition of non-conventional weapons, such as a slungshot (Cal. Penal Code§§ 18010, 22210) violates the Second Amendment and the Taking Clause of the Fifth Amendment. AOB at 21, 24-27, 47-48.
>
> (2) That the State's law enforcement gun release process ("LEGR;" Cal. Penal Code§§ 33850, 33855, 33860) violates the Second Amendment and the Fifth Amendment's Due Process and Takings Clauses. AOB at 21, 24-27, 48-49, 53-54.
>
> (3) That California's prohibitions on the possession of: (a) handguns not on the state's roster of permitted firearms (Cal. Penal Code§ 31910); and
>
> (b) any unrostered semiautomatic pistols lacking a microstamping mechanism to identify the make, model and serial number of the pistol (id.§§ 31910(b)(6)(A), 32015) violate the Second Amendment and the Fourteenth Amendment's Equal Protection Clause. AOB at 9-10, 21-22, 28-30, 34, 50-51, 52.
>
> (4) That California's exception for transfer of a firearm without a valid handgun or safety certificate for honorably retired peace officers (Cal. Penal Code § 31720) violates Plaintiffs' rights under the Fourteenth Amendment's Equal Protection Clause. AOB at 11-12, 22, 35, 46, 52-53.

While these claims are not directly impacted by the pending petitions for certiorari, the Supreme Court's upcoming decision in NYSRPA may also impact briefing on these issues as well. Moreover, Plaintiffs have not raised any claim of injury resulting from a stay on briefing of these matters, which have already been subject to litigation for almost 6 years.

**RJN** # 2, p. 5, footnote no. 2.

## **CONCLUSION**

Plaintiffs respectfully request the Court to review its Order and grant Plaintiffs leave to

3

file a Sixth Amendment Complaint consistent with the cause of actions appealed and preserved, and as briefed at ECF # 108, and as acknowledged by Defendant Bonta in his motion filed with the Ninth Circuit. See **RJN** #2.

## REQUEST FOR RULE 11 SANCTIONS

The government's intentional disregard of the record should not be countenanced by this Court. Defendant Bonta's Response was frivolous and deliberately misleading. At the Ninth Circuit, Defendant Bonta argued for a stay and acknowledged all the issues on appeal being preserved. He never filed a motion to dismiss any portion of that appeal due to Plaintiffs' failure to preserve the issues on appeal. Now, in this court, he argues none of the issues were preserved. The Response was frivolous and Rule 11 should be enforced.

Date: October 2, 2023

Respectfully Submitted,
*Gary W. Gorski*
Gary W. Gorski, Attorney for Plaintiffs