1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES EDWARD CUPP and                    No. 2:16-cv-00523-TLN-KJN
     LAWRENCE HAVEN,
12
              Plaintiffs,
13                                            **ORDER**
         v.
14
     ROB BONTA,
15
              Defendant.
16

17

18          This matter is before the Court on Plaintiffs James Edward Cupp and Lawrence Haven's

19   (collectively, "Plaintiffs") Motion for Reconsideration.  (ECF No. 112.)  Defendant Rob Bonta

20   ("Defendant") filed an opposition.  (ECF No. 114.)  Plaintiffs filed a reply.  (ECF No. 115.)  For

21   the reasons set forth below, the Court DENIES Plaintiffs' motion.

22          Plaintiffs initiated this lawsuit on March 11, 2016.  (ECF No. 1.)  Since then, Plaintiffs

23   have amended five times.  (*See* ECF Nos. 5, 12, 65, 80, 83.)  The Court has dismissed portions of

24   Plaintiffs' action five times.  (*See* ECF Nos. 58, 59, 60, 61, 79.)  Plaintiffs filed the operative FAC

25   on November 20, 2020.  (ECF No. 83.)  In response, Defendant filed a motion to dismiss on

26   December 4, 2020.  (ECF No. 84.)  On September 28, 2021, the Court granted Defendant's

27   motion to dismiss without leave to amend.  (ECF No. 91.)

28   ///

                                                   1

1    Plaintiffs filed a notice of appeal on October 26, 2021.  (ECF No. 96.)  The notice of

2    appeal was "limited to Defendants Kamala Harris and Xavier Becerra, in their capacities as

3    former Attorneys General of the State of California, and Rob Bonta, in his official capacity as

4    Attorney General of the State of California."  (*Id.*)  On August 19, 2022, the Ninth Circuit granted

5    the parties' Joint Motion to vacate and remand and remanded the case to this Court for further

6    proceedings consistent with the United States Supreme Court's decision in *New York Rifle &*

7    *Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2228 (2022).  (ECF No. 99.)

8    Once the Ninth Circuit's mandate issued, the Court ordered the parties to file

9    supplemental briefing (ECF No. 102), and the parties filed their supplemental briefs on

10    September 30, 2022 (ECF Nos. 105, 106).  After considering the parties' supplemental briefing,

11    the Court dismissed Claim One (a challenge to California's Law Enforcement Gun Release

12    regime) and Claim Two (a challenge to California's prohibition against possession of slungshots)

13    with leave to amend.[1]  (ECF No. 109.)

14    Plaintiffs request the Court reconsider its order dismissing Claims One and Two.  (ECF

15    No. 112.)  Plaintiffs argue there are in fact more than two remaining claims and they should be

16    given leave to include those other claims in their Sixth Amended Complaint.  (*Id.*)  In opposition,

17    Defendant argues Plaintiffs should not be allowed to revive their other claims because those

18    claims were not dismissed on Second Amendment grounds and thus were unaffected by the Ninth

19    Circuit's remand of this matter pursuant to *Bruen*.  (ECF No. 114.)

20    The Court agrees with Defendant.  It appears the only claims dismissed on Second

21    Amendment grounds were Claims One and Two as pleaded in the Fifth Amended Complaint.  As

22    such, the Ninth Circuit's remand based on *Bruen* did not disturb the Court's dismissal of

23    Plaintiffs' other claims, which were dismissed for reasons such as lack of standing and failure to

24    comply with Federal Rule of Civil Procedure 8.  (*See* ECF No. 79.)  Plaintiffs fail to provide a

25    valid reason for the Court to reconsider its dismissal of those claims.  To the extent Plaintiffs

26

27    [1]    Claims One and Two were the only claims asserted against Defendant.  The Fifth
28    Amended Complaint also included a Second Amendment claim against Citrus Heights Police
      Officers as Claim Three, but the Court did not address that claim in its order.

2

1    believe they preserved their right to appeal the dismissal of those other claims, Plaintiffs may

2    raise that argument before the Ninth Circuit.

3         Accordingly, the Court DENIES Plaintiffs' Motion for Reconsideration.  (ECF 112.)

4    Plaintiff shall file his Sixth Amended Complaint not later than fourteen (14) days from the

5    electronic filing date of this Order.

6         IT IS SO ORDERED.

7    Date:  October 10, 2023

8

9

10

11                                   Troy L. Nunley
                                     United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28