Rob Bonta, State Bar No. 202668
Attorney General of California
John D. Echeverria, State Bar No. 268843
Supervising Deputy Attorney General
Katrina Uyehara, State Bar No. 349378
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7867
 Fax: (916) 324-8835
 E-mail: Katrina.Uyehara@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES EDWARD CUPP,** <br><br> Plaintiffs, <br><br> v. <br><br> **KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only,** <br><br> Defendant. | 2:16-cv-00523-TLN-CSK <br><br> **JOINT STIPULATION TO EXTEND TIME FOR PARTIES TO COMPLETE FACT AND EXPERT DISCOVERY** <br><br> Judge: The Honorable Troy L. Nunley and Magistrate Judge Chi Soo Kim <br> Action Filed: March 11, 2016 |

Plaintiffs James Edward Cupp, Lawrence "Wolf" Haven and Defendant Rob Bonta (in his official capacity as Attorney General of the State of California), through their respective counsel of record, hereby stipulate and jointly move the Court to extend the time for the parties to complete fact discovery, file their initial expert witness and supplemental disclosures, and to complete expert discovery, for good cause shown, as follows:

## STIPULATION/JOINT MOTION

WHEREAS,

1. Plaintiffs filed this action and the initial Complaint against Defendant Attorney General Kamala Harris on March 11, 2016 [ECF No. 1];

2. Plaintiffs filed the Complaint at issue, the Sixth Amended Complaint, on October 25, 2023 [ECF No. 119].

3. Plaintiffs allege that California's Law Enforcement Release process and accompanying fees, and California Penal Code section 22210 violate the Second Amendment.

4. Defendant Attorney General Rob Bonta contends that the challenged statutory provisions are constitutional and duly enacted;

5. Defendant Attorney General Rob Bonta filed his answer to the Sixth Amended Complaint on November 15, 2023 [ECF No. 120];

6. The parties have exchanged written requests for discovery but require more time to complete discovery. On October 14, 2024, Plaintiffs served Defendant with 500 requests for admission, and 540 requests for production of documents, and 50 interrogatories. Defendant served Plaintiffs with 14 requests for production of documents and 43 interrogatories. Defendant is in the process of preparing responses to the discovery requests and searching for potentially responsive records. While the Federal Rules of Civil Procedure ordinarily requires responses within 30 days of service, the parties hereby jointly stipulate to extend that deadline and the fact discovery deadline by 30 days.

7. Parties in the case have each previously filed stipulations for extension of case deadlines. The most recent stipulation to extend case deadlines was filed on September 20, 2022

by Defendant to extend the deadline to file supplemental briefing following the Ninth Circuit's remand of the case [ECF 103].

8. Plaintiffs' constitutional challenge to the aforementioned statutory provisions is governed by the text-and-history analytical framework set forth by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Defendant alleges this requires the parties' expert witnesses to conduct extensive, original historical research on novel issues.

9. Under the Court's November 21, 2023 Scheduling Order [ECF No. 121], the parties are required to complete fact discovery by November 14, 2024, to make the expert disclosures and reports required by Federal Rule of Civil Procedure 26(a)(2)(A)-(C) by January 13, 2025, to make any supplemental and rebuttal expert disclosures by February 12, 2025.

10. Good cause exists to extend the deadlines set forth in the paragraph above because the parties agree that extending these deadlines will benefit all parties and the Court by allowing Defendant and its expert witnesses sufficient time to fully develop the factual and historical record pertinent to the Court's adjudication of Plaintiffs' claims;

11. The extensions of time requested by the parties herein will NOT require the continuance of the current dispositive motions or trial deadlines.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undesigned counsel that: (1) the time for parties to respond to the current written fact discovery propounded by each party shall be extended by 30 days from November 14, 2024 to **December 14, 2024 with no new discovery requests to be propounded or served;**; (2) the time for the parties to make the expert disclosures and reports required by Federal Rule of Civil Procedure 26(a)(2)(A)-(C) be extended by 30 days from January 13, 2025 to **February 12, 2025**; (3) the time for parties to make any supplemental and rebuttal expert disclosures shall be extended by 30 days from February 12, 2025 to **March 14, 2025**; and (4) the time for the parties to bring any discovery motion shall be extended by 151 days from November 14, 2024 to **Monday, April 14, 2025.**

| | | |
|---|---|---|
| 1 | Dated:  November 12, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | JOHN D. ECHEVERRIA |
| | | Supervising Deputy Attorney General |
| 4 | | |

*/s/ Katrina Uyehara*
KATRINA UYEHARA
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

Dated:  November 12, 2024                    Respectfully submitted,

Black Wolf Law

*/s/ Gary W. Gorski*
GARY W. GORSKI
*Attorneys for Plaintiffs James Edward Cupp and Lawrence "Wolf" Haven*