ROB BONTA, State Bar No. 202668
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
KATRINA UYEHARA, State Bar No. 349378
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7867
 Fax: (916) 324-8835
 E-mail: Katrina.Uyehara@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES EDWARD CUPP,** | 2:16-cv-00523-TLN-KJN |
| Plaintiff, | **MOTION TO STRIKE PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT AS UNTIMELY** |
| v. | |
| **KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only,** | Date: October 30, 2025<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2, 15th Floor<br>Judge: The Honorable Troy L. Nunley<br>Trial Date: None set. |
| Defendant. | Action Filed: March 11, 2016 |

Defendant Rob Bonta respectfully requests that this Court strike Plaintiff's dipositive motion for summary judgment as untimely because it was filed two weeks after the dispositive motion deadline set pursuant to the Court's Pretrial Scheduling Order and Federal Rule of Civil Procedure 16(b).

I. **DEFENDANT'S COUNTER-MOTION FOR SUMMARY JUDGMENT IS UNTIMELY AND MUST BE STRICKEN**

Pursuant to Federal Rule of Civil Procedure 16(b), the Court's Pretrial Scheduling Order set the dispositive motion deadline for 180 days after the close of fact discovery, which was originally set for May 14, 2025. ECF No. 121 at 4. In November 2024, the parties jointly

1  stipulated, and this Court granted an extension of the fact and expert discovery deadlines.  ECF
2  No. 127.  Fact discovery closed on December 14, 2024, resulting in a dispositive motion deadline
3  180-days later of June 15, 2025.  On May 12, 2025, pursuant to the parties' stipulation, the Court
4  extended the deadline for filing dispositive motions by sixty days to August 11, 2025.  ECF No.
5  129.  Defendant filed his motion for summary judgment on August 11th.  ECF No. 130.
6  Plaintiff's purported counter-motion for summary judgment was filed two weeks after that date
7  on August 25, 2025, and therefore is untimely.  ECF No. 133.

8      **A.    A Scheduling Order Is Binding Absent Good Cause**

9      Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only
10 for good cause and with the judge's consent."  The Ninth Circuit has repeatedly emphasized that
11 "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the
12 agreed-upon course of litigation, and reward the indolent and the cavalier."  *Johnson v. Mammoth*
13 *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).
14     "For purposes of determining whether good cause exists to modify a scheduling order, a
15 court 'primarily considers the diligence of the party seeking the amendment."  *Garces v. Gamboa*,
16 No. 1:21-cv-00392-JLT-EPG, 2024 WL 1886620, at *2 (E.D. Cal. Apr. 30, 2024) (quoting
17 *Johnson*, 975 F.2d at 609).  Where a party fails to diligently pursue relief before the deadline, an
18 untimely motion must be denied.  *Johnson*, 975 F.2d at 609–10.  This Court routinely rejects
19 attempts to file dispositive motions after the deadline for dispositive motions has passed.  *See*
20 *Garces*, 2024 WL 1886620 (holding that "Plaintiff's motion for summary judgment is untimely
21 and that Plaintiff has not demonstrated good cause for the Court to modify the dispositive motion
22 deadline); *CSPC Dophen Corporation v. Hu*, No. 2:17-cv-1895, 2022 WL 2835124, at 3* (E.D.
23 Jul. 20, 2022) (striking plaintiff's motion for summary judgment as untimely); *Perrotte v.*
24 *Johnson*, No. 1:15-cv-00026-NONE-SAB, 2021 WL 800112 (E.D. Cal. Jan. 20, 2021) (adopting
25 magistrate judge's findings that defendant's motion was "untimely since the [dispositive] motions
26 deadline had passed by the time the motion as filed."); *Johnson v. Sandy*, No. 2:12-cv-02922,
27 2015 WL 1894400, at *1 ( E.D. Cal. Apr. 24, 2015) (striking pro se prisoner plaintiff's
28 dispositive motion as untimely); *Haney v. Adams*, No. 1:07-cv-01104-AWI-SMS, 2012 WL

6097102, at *1 (E.D. Cal. Dec. 7, 2012) (granting defendants' motion to strike cross-motion for summary judgment); *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA-PC, 2010 WL 2219398, at *1-3 (E.D. Cal. June 2, 2010) (same).

In addition, the Honorable Judge Troy L. Nunley's Civil Standing Orders explain that "[a]ll purely legal issues must be resolved by *timely* pretrial motions. Nunley, Civil Standing Order 4A. (E.D. Cal. September 4, 2025), available at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50201/tln-civil-standing-order/. The Civil Standing Orders further state that "parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue." *Id*. at 4A(b) (citing *Shewbridge v. El Dorado Irrigation Dist.*, No. 05-0740, 2007 WL 1294392, at 3* (E.D. Cal. Apr. 30, 2007) and *North Pacifica, LLC v. City of Pacifica*, 366 F.Supp.2d 927, 930 (N.D. Cal. 2005).). Here, Plaintiff failed to file his dispositive motion prior to the dispositive motion cut-off date, and such failure constitutes a waiver of those issues.

**B.    Local Rule 230(e) Does Not Excuse Untimely Dispositive Motions**

Local Rule 230(e), which permits a "counter-motion" to be filed on the date an opposition is due, does not authorize this late filing. By its plain terms, Rule 230(e) governs only the manner and timing for filing and service of such a motion; it does not create an exception to Rule 16(b) scheduling order's dispositive-motion deadline. Were it otherwise, the Rule 16(b) scheduling order would serve no purpose, as a party could always avoid its deadlines by filing a "related" motion after the deadline. This Court has rejected untimely counter-motions for summary judgment brought under Local Rule 230. *Haney*, 2012 WL 6097102, at *1 (striking pro se plaintiff's cross-motion for summary judgment because it was filed after the dispositive motions deadline); *see also Doe ex rel. Doe v. State of Hawaii Dept. of Ed.*, 351 F.Supp.2d 998, 1007 (D. Haw. 2004) (dismissing "counter-motion for summary judgment," and recognizing that the plaintiffs "make no explanation for its untimely filing" and that "counter-motions are still subject to the Rule 16 deadline.").

Ultimately, "[w]hether to consider a late-filed summary judgment motion is left to the Court's discretion." *Saroyan Lumber Co., Inc v. El & El Wood Prods. Corp.*, 126 F.App'x 371, 372-74 (9th Cir. 2015).  However, in the instant case, where both parties jointly stipulated to extend the dispositive motion deadline by 60 days (ECF No. 128), this Court should exercise its discretion to deny Plaintiff's untimely dispositive counter-motion.  Of course, striking Plaintiff's untimely counter-motion does not preclude the Court's consideration of his arguments in opposition to Defendant's timely motion.

**II.     IN THE ALTERNATIVE, THE COUNTER-MOTION SHOULD BE SUMMARILY DENIED**

Because Defendant filed his counter-motion for summary judgment after the dispositive motion deadline, without even requesting leave to modify the scheduling order let alone demonstrating good cause for modification, the motion is procedurally improper.  Accordingly, this Court should strike the counter-motion for summary judgment as untimely without reaching the merits.

In the alternative, if this Court deems the counter-motion properly submitted, this Court should issue an order directing Defendant to respond and to give all parties "reasonable opportunity to serve and file oppositions and replies to all pending motions," L.R. 230(e), and as discussed below respond to Plaintiff's Responses to Defendant's Statement of Undisputed Facts (ECF No. 133-2) and Plaintiff's Additional Material Facts (ECF No. 133-3)

If the court determines good cause exists to consider Plaintiff's untimely counter-motion, Defendant urges this Court to require Plaintiff to resubmit his Responses to Defendant's Statement of Undisputed Facts (ECF No. 133-2) and Plaintiff's Additional Material Facts (ECF No. 133-3) to ensure they comply with Local Rule 230(b) in that they are "concise" and "admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular . . . document relied upon in support of that denial."  In their present form, many of Plaintiff's Responses to Defendant's Statement of Undisputed Facts are argumentative and do not respond to or fail to provide relevant evidence to dispute Defendant's Material Facts.  Similarly, Plaintiff's Additional Material Facts, for which Plaintiffs incorrectly rely on Local Rule 230(c) to submit, includes 105 facts, many of which are not at all "specific

material facts." L.R. 260(a).

For the above reasons, the Court should strike, or summarily deny, Plaintiff's untimely counter-motion for summary judgment.

Dated: September 4, 2025                              Respectfully submitted,

                                                      ROB BONTA
                                                      Attorney General of California
                                                      BENJAMIN M. GLICKMAN
                                                      Supervising Deputy Attorney General


                                                      /s/ Katrina Uyehara
                                                      KATRINA UYEHARA
                                                      Deputy Attorney General
                                                      *Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*