**Gary W. Gorski (CBN: 166526)**
**Attorney at Law**
25025 Blue Ravine Road, # 112-113
Folsom, CA  95630
(406) 266-1000
CivilRightsAttorney@BlackWolfLaw.com
Attorney for Plaintiff JAMES EDWARD CUPP;

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD CUPP, an individual; et al.<br><br>Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS Attorney General of the State of California, in her official capacity only.<br><br>Defendants. | CASE NO.: 2:16-CV-00523-TLN-KJN<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COUNTER-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 30, 2025<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2, 15th Floor<br>Judge: The Honorable Troy L. Nunley<br>Trial Date: None set.<br>Action Filed: March 11, 2016 |

**I. INTRODUCTION**

Defendant Rob Bonta moves to strike Plaintiff's Counter-Motion for Summary Judgment as untimely under Federal Rule of Civil Procedure 16(b) and the Court's scheduling order. That motion should be denied. Plaintiff's Counter-Motion was filed in full conformity with Eastern District of California Local Rule 230(e), which expressly permits a counter-motion to be filed on the same date as an opposition. Plaintiff's filing was not an attempt to evade the dispositive-motion deadline, but rather a procedurally authorized vehicle to adjudicate overlapping issues of law raised in Defendant's own motion.

1

This Court retains broad discretion to consider Plaintiff's counter-motion. Denying it solely on scheduling grounds would elevate form over substance, impair judicial economy, and prejudice Plaintiff's constitutional claims, which have been fully briefed and are ripe for decision.

## II. LOCAL RULE 230(e) EXPRESSLY PERMITS COUNTER-MOTIONS

Local Rule 230(e) provides that "[a]ny counter-motion … related to the general subject matter of the original motion shall be served and filed in the manner and on the date prescribed for the filing of opposition." Plaintiff complied with this rule by filing his counter-motion concurrently with his opposition to Defendant's motion for summary judgment.

By its terms, Rule 230(e) contemplates that counter-motions may be noticed for the same hearing as the original motion, or that the Court may continue the hearing to allow full briefing. This built-in mechanism exists precisely to promote efficiency and avoid piecemeal litigation. Defendant's view—that Rule 230(e) cannot operate in the face of a dispositive-motion deadline—would render the rule meaningless. If Local Rule 230(e) were subordinate to the dispositive-motion cut-off in every instance, it would never apply to summary-judgment motions, defeating its purpose. Courts in this District have recognized that Rule 230(e) provides an appropriate vehicle to present cross-motions on overlapping legal issues without duplicative proceedings.

## III.  GOOD CAUSE AND THE COURT'S DISCRETION SUPPORT CONSIDERATION OF THE COUNTER-MOTION

Even assuming Rule 16(b) applies, "good cause" exists to consider Plaintiff's counter-motion. The Ninth Circuit emphasizes that the primary inquiry is the moving party's diligence. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff diligently prepared and filed his counter-motion simultaneously with his opposition, well before the scheduled hearing and without seeking to delay the proceedings. Defendant identifies no prejudice from considering it on the existing briefing schedule.

Moreover, this Court has discretion to consider a late-filed summary-judgment motion

2

where doing so serves judicial economy. See *Saroyan Lumber Co., Inc. v. El & El Wood Prods. Corp.*, 126 F. App'x 371, 372–74 (9th Cir. 2005). Plaintiff's counter-motion addresses purely legal issues based on the undisputed record—namely, whether California's Law Enforcement Release (LER/LEGR) scheme violates the Second Amendment by conditioning the return of lawfully owned firearms on fees, a new application, and a time-limited clearance letter following dismissal/no conviction.

Deciding these issues now will streamline this case and conserve judicial resources.

### IV.   THE COUNTER-MOTION SERVES JUDICIAL ECONOMY BECAUSE DEFENDANT'S MOTION RAISES PURELY LEGAL QUESTIONS ON A COMPLETE RECORD

Defendant's motion for summary judgment presents <u>pure questions of law</u>, not disputed facts. The parties do not contest the material facts: Plaintiff's charges were dismissed with prejudice; his knives were immediately returned in court; and his lawfully owned firearms have been withheld unless he pays fees, completes a new eligibility application, and beats a 30-day expiration clock despite California Department of Justice's concession that he is not a prohibited person. The dispositive question is whether those undisputed facts establish that the LER/LEGR regime violates the Second Amendment under *New York State Rifle & Pistol Association v. Bruen* and *United States v. Rahimi*.

Logically, if Defendant's motion is denied on these purely legal grounds, it necessarily follows that Plaintiff's constitutional claim must be granted on the same record. Plaintiff's Counter-Motion simply allows the Court to enter judgment now, avoiding a needless trial on issues already fully briefed and entirely legal in nature. No additional discovery or evidence could alter the outcome; the Court would be deciding the same legal issue on the same record. Requiring a trial would therefore contravene Federal Rule of Civil Procedure 1's mandate to secure the "just, speedy, and inexpensive determination" of every action.

3

In addition, Defendant "opened the door" to the Counter-Motion by introducing factual assertions and evidentiary material that could not have been anticipated until the filing of Defendant's motion. Plaintiff could not have moved earlier without speculating about the State's evidentiary theories. Rule 230(e) exists for precisely this circumstance: to allow a responding party to present a counter-motion based on the same record and legal issues raised in an opposing party's dispositive motion, without wasting judicial resources on duplicative proceedings.

Here, Plaintiff's Counter-Motion raises the **identical record and legal questions** already before the Court. Considering it now promotes efficiency and judicial economy—the very goals Rule 230(e) was designed to advance. If the Court harbors any concern about the timing of Plaintiff's Counter-Motion, the appropriate remedy is not to strike it but to continue the hearing to allow any additional briefing under Local Rule 230(e). Plaintiff specifically requested that relief in his notice. Striking the motion outright would needlessly prolong this case and frustrate efficient resolution of the parties' cross-motions.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike. Because the dispositive issues are purely legal, the evidentiary record is complete, and there is not a single fact in dispute, Plaintiff's Counter-Motion for Summary Judgment—properly filed under Local Rule 230(e)—should be considered on the merits alongside Defendant's motion. There is nothing to be gained by forcing this matter to trial on the exact same record, which would only waste judicial resources without benefiting either party.

Dated: September 11, 2025

**LAW OFFICES OF GARY W. GORSKI**

By: /s/*Gary W. Gorski*
Gary W. Gorski
Attorney for Plaintiff

# DECLARATION OF SERVICE BY E-MAIL

Case Name: *Cupp, James Edward v. Kamala D. Harris, et al.*
Case No.: 2:16-cv-00523-TLN-KJN

I, Gary W. Gorski, declare:

I am a citizen of the United States. My office is in the County of Sacramento, where this e-mailing occurs. I am over the age of 18 years and not a party to the within cause. On the date set forth below, I served the attached document on the following person(s):

ROB BONTA, State Bar No. 202668
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
KATRINA UYEHARA, State Bar No. 349378
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7867
Fax: (916) 324-8835
E-mail: Katrina.Uyehara@doj.ca.gov

Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California

I caused said document to be transmitted by Electronic Mail to the following Attorneys who have agreed to accept Electronic Service of documents to the following email addresses:

Valerie Thompson <Valerie.Thompson@doj.ca.gov>; Katrina Uyehara <Katrina.Uyehara@doj.ca.gov>

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on Thursday, September 11, 2025, County of Sacramento, California.

*/s/ Gary W. Gorski*
Gary W. Gorski